# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WI-LAN INC., | **10-CV-432 (LAK)(AJP)** |
| Plaintiff, | |
| -v- | **REPLY AND ANSWER TO DEFENDANT LG ELECTRONICS, INC.'S COUNTERCLAIMS TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |
| LG ELECTRONICS, INC. and LG ELECTRONICS U.S.A., INC., | |
| Defendants. | **JURY TRIAL DEMANDED** |

Plaintiff and Counterclaim-Defendant Wi-LAN Inc. ("Wi-LAN" or "Plaintiff") by and through its attorneys, for its Reply and Answer to Defendant and Counterclaim-Plaintiff LG Electronics, Inc.'s ("LGE") Answer to Plaintiff Wi-LAN Inc.'s Second Amended Complaint and Counterclaims, states as follows:

LGE's "Preliminary Statement" does not require a response.  However, Wi-LAN generally denies the allegations in LGE's "Preliminary Statement" and states the following in reply:

LGE's defense appears to rest upon the incredible allegation that neither LGE, nor any of Wi-LAN's numerous U.S. licensees who have been paying Wi-LAN royalties for years, infringe U.S. Patent No. 5,828,402 ("the '402 patent") despite the fact that they all practice the same standardized V-Chip technology as LGE.

Wi-LAN's termination of the License Agreement was proper, as communicated to LGE simultaneously with the filing of the initial Complaint on January 19, 2010, because LGE breached the License Agreement and became an infringer by marketing in the U.S. television

receivers, which infringe, or the use of which infringes, the '402 patent, without paying any royalties. Moreover, the License Agreement was void *ab initio* due to Defendants' fraudulent inducement.

Wi-LAN dropped its action for Breach of Contract as part of its election of remedies in this litigation as prompted by the Court's guidance during the March 17, 2010 conference, and following meet-and-confer discussions with LGE's counsel, to avoid unnecessary motion practice. Damages for breach of contract are subsumed within patent infringement damages.

LGE's Counterclaims have no merit because Wi-LAN has corrected its website to reflect the fact that LGE is not a licensee to the '402 patent. Moreover, LGE's trademark-related Counterclaims are inconsistent with LGE's allegations regarding the License Agreement.

Paragraphs 1-25 of LGE's Affirmative Defenses in its Answer set forth affirmative defenses to which no response is required. Wi-LAN responds to the allegations in Paragraphs 1-25 to the extent they are incorporated into LGE's Counterclaims.

## LGE'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
**(Non-Infringement)**

1.      The allegations in Paragraph 1 contain conclusions of law to which no response is required. To the extent a response is required, Wi-LAN denies the allegations in Paragraph 1.

### SECOND AFFIRMATIVE DEFENSE
**(License)**

2.      The allegations in Paragraph 2 contain conclusions of law to which no response is required. To the extent a response is required, Wi-LAN denies the allegations in Paragraph 2, and further states that this purported Affirmative Defense is invalid due to LGE's failure to pay any royalties under the License Agreement prior to its termination.

3.      Wi-LAN states that Exhibit 1 to LGE's Answer is marketing material that speaks for itself.  Wi-LAN states that upon receiving notice from LGE of the allegations in Paragraph 3, Wi-LAN removed the purported reference to LGE from Wi-LAN's website.  Except as expressly admitted, Wi-LAN denies the allegations in Paragraph 3.

4.      The allegations in Paragraph 4 contain conclusions of law to which no response is required.  To the extent a response is required, Wi-LAN denies the allegations in Paragraph 4.

## THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

5.      The allegations in Paragraph 5 contain conclusions of law to which no response is required.  To the extent a response is required, Wi-LAN denies the allegations in Paragraph 5.

## FOURTH AFFIRMATIVE DEFENSE
### (Lack of Notice)

6.      The allegations in Paragraph 6 contain conclusions of law to which no response is required.  To the extent a response is required, Wi-LAN denies the allegations in Paragraph 6.

## FIFTH AFFIRMATIVE DEFENSE
### (Equitable Relief Unavailable)

7.      The allegations in Paragraph 7 contain conclusions of law to which no response is required.  To the extent a response is required, Wi-LAN denies the allegations in Paragraph 7.

## SIXTH AFFIRMATIVE DEFENSE
### (Laches)

8.      The allegations in Paragraph 8 contain conclusions of law to which no response is required.  To the extent a response is required, Wi-LAN denies the allegations in Paragraph 8.

## SEVENTH AFFIRMATIVE DEFENSE
### (Innocent Intent)

9.      The allegations in Paragraph 9 contain conclusions of law to which no response is required.  To the extent a response is required, Wi-LAN denies the allegations in Paragraph 9.

## EIGHTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

10.     The allegations in Paragraph 10 contain conclusions of law to which no response is required.  To the extent a response is required, Wi-LAN denies the allegations in Paragraph 10.

## NINTH AFFIRMATIVE DEFENSE
### (Unenforceability Due to Inequitable Conduct Before the USPTO)

11.     The allegations in Paragraph 11 contain conclusions of law to which no response is required.  To the extent a response is required, Wi-LAN denies the allegations in Paragraph 11.

12.     Answering the allegations in Paragraph 12, Wi-LAN incorporates by reference its responses to Paragraphs 14-21 of LGE's Counterclaims below as if fully set forth herein.  Except as expressly admitted, Wi-LAN denies the allegations in Paragraph 12.

## TENTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

13.     The allegations in Paragraph 13 contain conclusions of law to which no response is required.  To the extent a response is required, Wi-LAN denies the allegations in Paragraph 13.

14.     The allegations in Paragraph 14 contain conclusions of law to which no response is required.  To the extent a response is required, Wi-LAN denies the allegations in Paragraph 14.

15.     The allegations in Paragraph 15 contain conclusions of law to which no response is required.  To the extent a response is required, Wi-LAN denies the allegations in Paragraph 15.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Patent Misuse)

16.     The allegations in Paragraph 16 contain conclusions of law to which no response is required.  To the extent a response is required, Wi-LAN denies the allegations in Paragraph 16.

17.     Answering the allegations in Paragraph 17, Wi-LAN incorporates by reference its responses to Paragraphs 22-24 of LGE's Counterclaims below as if fully set forth herein.  Except as expressly admitted, Wi-LAN denies the allegations in Paragraph 17.

## TWELFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

18.     The allegations in Paragraph 18 contain conclusions of law to which no response is required.  To the extent a response is required, Wi-LAN denies the allegations in Paragraph 18.

19.     Answering the allegations in Paragraph 19, Wi-LAN incorporates by reference its responses to Paragraph 25 of LGE's Counterclaims below as if fully set forth herein.  Except as expressly admitted, Wi-LAN denies the allegations in Paragraph 19.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

20.     The allegations in Paragraph 20 contain conclusions of law to which no response is required.  To the extent a response is required, Wi-LAN denies the allegations in Paragraph 20.

21.     Wi-LAN admits the allegations in Paragraph 21.

22.     The allegations in Paragraph 22 contain conclusions of law to which no response is required.  To the extent a response is required, Wi-LAN denies the allegations in Paragraph 22.

23.     Wi-LAN admits that License Agreement was void *ab initio* due to Defendants' fraudulent inducement.  Except as expressly admitted, Wi-LAN denies the allegations in Paragraph 23.

24.     Wi-LAN admits that it does not intend to demand money backwards from its over one hundred licensees due to LGE's fraudulent conduct.  Except as expressly admitted, Wi-LAN denies the allegations in Paragraph 24.

### FOURTEENTH AFFIRMATIVE DEFENSE
**(Unenforceability Based on Waiver, Estoppel, Implied License, Implied Waiver, and/or Unclean Hands for Failure to Disclose)**

25.     Answering the allegations in Paragraph 25, Wi-LAN incorporates by reference its responses to Paragraphs 22-41 of LGE's Counterclaims below as if fully set forth herein. Except as expressly admitted, Wi-LAN denies the allegations in Paragraph 25.

### COUNTERCLAIMS

1.     Wi-LAN admits the allegations in Paragraph 1, but denies that LGE is entitled to any of the requested relief.

### THE PARTIES

2.     On information and belief, Wi-LAN admits that Counterclaim-Plaintiff LGE is a Korean company with its principal place of business at LG Twin Towers, 20, Yeouido-dong, Yeongdeungpo-gu, Seoul 150-721, Korea.  Except as expressly admitted, Wi-LAN denies the allegations in Paragraph 2.

3.     Wi-LAN admits the allegations in Paragraph 3.

### JURISDICTION AND VENUE

4.     Answering the allegations in Paragraph 4, Wi-LAN admits that this Court has subject matter jurisdiction over LGE's Counterclaims.

5.      Answering the allegations in Paragraph 5, Wi-LAN admits that venue for LGE's Counterclaims is proper in this District.

6.      Answering the allegations in Paragraph 6, Wi-LAN admits that this Court has subject matter jurisdiction over LGE's Counterclaims.

## COUNT I
### Declaratory Judgment of Noninfringement

7.      Answering the allegations in Paragraph 7, Wi-LAN incorporates by reference its responses to Paragraphs 1-6, its response to LGE's affirmative defenses, and the allegations in the Second Amended Complaint as if fully set forth herein.

8.      The allegations in Paragraph 8 contain conclusions of law to which no response is required.  To the extent a response is required, Wi-LAN denies the allegations in Paragraph 8.

9.      The allegations in Paragraph 9 contain conclusions of law to which no response is required.  To the extent a response is required, Wi-LAN denies the allegations in Paragraph 9.

10.     Wi-LAN admits that this case presents exceptional circumstances warranting an award of treble damages and attorneys' fees to Wi-LAN pursuant to 35 U.S.C. §§ 284 and 285. LGE is not entitled to an award of treble damages or attorneys' fees in this case.  Except as expressly admitted, Wi-LAN denies the allegations in Paragraph 10.

## COUNT II
### Declaratory Judgment of Invalidity

11.     Answering the allegations in Paragraph 11, Wi-LAN incorporates by reference its responses to Paragraphs 1-10, its responses to LGE's affirmative defenses, and the allegations in the Second Amended Complaint as if fully set forth herein.

12.     The allegations in Paragraph 12 contain conclusions of law to which no response is required.  To the extent a response is required, Wi-LAN denies the allegations in Paragraph 12.

13.     Wi-LAN admits that this case presents exceptional circumstances warranting an award of treble damages and attorneys' fees to Wi-LAN pursuant to 35 U.S.C. §§ 284 and 285. LGE is not entitled to an award of treble damages or attorneys' fees in this case.  Except as expressly admitted, Wi-LAN denies the allegations in Paragraph 13.

## COUNT III
### Declaratory Judgment of Unenforceability Based on Inequitable Conduct

14.     Answering the allegations in Paragraph 14, Wi-LAN incorporates by reference its responses to Paragraphs 1-13, its responses to LGE's affirmative defenses, and the allegations in the Second Amended Complaint as if fully set forth herein.

15.     The allegations in Paragraph 15 contain conclusions of law to which no response is required.  To the extent a response is required, Wi-LAN denies the allegations in Paragraph 15.

16.     The allegations in Paragraph 16 contain conclusions of law to which no response is required.  To the extent a response is required, Wi-LAN denies the allegations in Paragraph 16.

17.     Wi-LAN admits that Timothy Collings wrote an article titled "Violence and Television: The Canadian Example" (the "Collings Article").  Wi-LAN states that the Collings Article speaks for itself.  Except as expressly admitted, Wi-LAN denies the allegations in Paragraph 17.

18.   The allegations in Paragraph 18 contain conclusions of law to which no response is required.  To the extent a response is required, Wi-LAN denies the allegations in Paragraph 18.

19.   Wi-LAN states that the Collings Article speaks for itself.  Except as expressly admitted, Wi-LAN denies the allegations in Paragraph 19.

20.   The allegations in Paragraph 20 contain conclusions of law to which no response is required.  To the extent a response is required, Wi-LAN states that the Collings Article speaks for itself.  Except as expressly admitted, Wi-LAN denies the allegations in Paragraph 20.

21.   The allegations in Paragraph 21 contain conclusions of law to which no response is required.  To the extent a response is required, Wi-LAN denies the allegations in Paragraph 21.

22.   The allegations in Paragraph 22 contain conclusions of law to which no response is required.  To the extent a response is required, Wi-LAN denies the allegations in Paragraph 22.

23.   The allegations in Paragraph 23 contain conclusions of law to which no response is required.  To the extent a response is required, Wi-LAN denies the allegations in Paragraph 23.

24.   Wi-LAN admits that its predecessor Tri-Vision submitted an intellectual property proffer ("IP Proffer") to the Consumer Electronics Association ("CEA"), and that it offers licenses under the '402 patent in a fair and non-discriminatory manner.  Except as expressly admitted, Wi-LAN denies the allegations in Paragraph 24.

25.     The allegations in Paragraph 25 contain conclusions of law to which no response is required.  To the extent a response is required, Wi-LAN denies the allegations in Paragraph 25.

26.     Wi-LAN admits that this case presents exceptional circumstances warranting an award of treble damages and attorneys' fees to Wi-LAN pursuant to 35 U.S.C. §§ 284 and 285. LGE is not entitled to an award of treble damages or attorneys' fees in this case.  Except as expressly admitted, Wi-LAN denies the allegations in Paragraph 26.

**COUNT IV**
**Declaratory Judgment of Unenforceability For Failure to Disclose to**
**Standard Setting Organizations**

27.     Answering the allegations in Paragraph 27, Wi-LAN incorporates by reference its responses to Paragraphs 1-26, its responses to LGE's affirmative defenses, and the allegations in the Second Amended Complaint as if fully set forth herein.

28.     Wi-LAN admits the allegations in Paragraph 28.

29.     Wi-LAN admits that Tri-Vision has been a member of the Advanced Televisions Systems Committee ("ATSC").  Except as expressly admitted, Wi-LAN denies the allegations in Paragraph 29.

30.     Wi-LAN states that the ATSC policies speak for themselves.  Except as expressly admitted, Wi-LAN denies the allegations in Paragraph 30.

31.     Wi-LAN states that the ATSC policies speak for themselves.  Except as expressly admitted, Wi-LAN denies the allegations in Paragraph 31.

32.     Wi-LAN states that the ATSC policies speak for themselves.  Except as expressly admitted, Wi-LAN denies the allegations in Paragraph 32.

33.     Wi-LAN states that the ATSC policies speak for themselves.  Except as expressly admitted, Wi-LAN denies the allegations in Paragraph 33.

34.     Wi-LAN states that the ATSC policies speak for themselves.  Except as expressly admitted, Wi-LAN denies the allegations in Paragraph 34.

35.     Wi-LAN states that the ATSC policies speak for themselves.  Except as expressly admitted, Wi-LAN denies the allegations in Paragraph 35.

36.     Wi-LAN admits that Tri-Vision has been a member of the ATSC.  Wi-LAN states that the ATSC policies speak for themselves.  Except as expressly admitted, Wi-LAN denies the allegations in Paragraph 36.

37.     Wi-LAN admits the allegations in Paragraph 37.

38.     Wi-LAN admits that Tim Collings participated in ATSC committee meetings.  Except as expressly admitted, Wi-LAN denies the allegations in Paragraph 38.

39.     Wi-LAN states that the documents referred to in Paragraph 39 and other pertinent ATSC records speak for themselves.  Except as expressly admitted, Wi-LAN denies the allegations in Paragraph 39.

40.     Wi-LAN admits that Tri-Vision disclosed the '402 Patent to the ATSC.  Wi-LAN states that the disclosure and other pertinent ATSC records speak for themselves.  Except as expressly admitted, Wi-LAN denies the allegations in Paragraph 40.

41.     Wi-LAN denies that Tri-Vision failed to comply with the Patent Disclosure Policy of the ATSC and that Tri-Vision did not disclose the existence of the '402 Patent in a timely manner.

42.     Wi-LAN admits that it disclosed the '402 Patent to the ATSC on May 11, 2005. Wi-LAN states that the disclosure speaks for itself.  Except as expressly admitted, Wi-LAN denies the allegations in Paragraph 42.

43.     Wi-LAN admits that practicing the applicable standards relevant to the transmission and receipt of television signals results in infringement of the '402 by LGE.

44.     Wi-LAN denies the allegations in Paragraph 44.

45.     Wi-LAN denies the allegations in Paragraph 45.

46.     The allegations in Paragraph 46 contain conclusions of law to which no response is required.  To the extent a response is required, Wi-LAN denies the allegations in Paragraph 46.

## COUNT V
### Declaration that the License Agreement is Effective and Not Terminated

47.     Answering the allegations in Paragraph 47, Wi-LAN incorporates by reference its responses to Paragraphs 1-46 and the allegations in the Second Amended Complaint as if fully set forth herein.

48.     Wi-LAN admits that Tri-Vision Electronics Inc. ("Tri-Vision") and LGE executed a License Agreement effective May 17, 2006 ("License Agreement").  The terms of the License Agreement speak for themselves.  Wi-LAN states that the License Agreement was void *ab initio* due to fraudulent inducement as set forth in the Second Amended Complaint.  Except as expressly admitted, Wi-LAN denies the allegations in Paragraph 48.

49.     Wi-LAN admits the allegations in Paragraph 49.

50.     Wi-LAN admits that Wi-LAN and LGE have exchanged correspondence.  Wi-LAN states that the correspondence documents speak for themselves.  Except as expressly admitted, Wi-LAN denies the allegations of Paragraph 50.

51.     Wi-LAN denies the allegations of Paragraph 51.

52.     Wi-LAN admits that it offers licenses under the '402 patent in a fair and non-discriminatory manner. Except as expressly admitted, Wi-LAN denies the allegations in Paragraph 52.

53.     Wi-LAN admits that, after notifying LGE by email on January 19, 2010 that the License Agreement was terminated, Wi-LAN officially gave notice of termination of the License Agreement to LGE in accordance with the notice provisions in the License Agreement by letter dated April 7, 2010. Except as expressly admitted, Wi-LAN denies the allegations in Paragraph 53.

54.     The allegations in Paragraph 54 contain conclusions of law to which no response is required. To the extent a response is required, Wi-LAN states that Exhibit 1 to LGE's Answer is marketing material that speaks for itself. Wi-LAN states that upon receiving notice from LGE of the allegations in Paragraph 54, Wi-LAN removed the purported reference to LGE from Wi-LAN's website. Except as expressly admitted, Wi-LAN denies the allegations in Paragraph 54.

55.     The allegations in Paragraph 55 contain conclusions of law to which no response is required. To the extent a response is required, Wi-LAN denies the allegations in Paragraph 55.

## COUNT VI
## Breach of Contract

56.     Answering Paragraph 56, Wi-LAN incorporates by reference its responses to Paragraphs 1-55 and the allegations in the Second Amended Complaint as if fully set forth herein.

57.     The allegations in Paragraph 57 contain conclusions of law to which no response is required.  To the extent a response is required, Wi-LAN denies the allegations in Paragraph 57.

58.     Wi-LAN denies the allegations in Paragraph 58.

59.     Wi-LAN denies the allegations in Paragraph 59.

60.     Wi-LAN denies the allegations in Paragraph 60.

### COUNT VII
### Unjust Enrichment

61.     Wi-LAN states that the License Agreement was void *ab initio* due to fraudulent inducement as set forth in the Second Amended Complaint.  Except as expressly admitted, Wi-LAN denies the allegations in Paragraph 61.

62.     Wi-LAN states that the License Agreement was void *ab initio* due to fraudulent inducement as set forth in the Second Amended Complaint.  Except as expressly admitted, Wi-LAN denies the allegations in Paragraph 62.

63.     Wi-LAN admits that it represented to certain third parties that LGE signed a license agreement under the Collings patent.  Except as expressly admitted, Wi-LAN denies the allegations in Paragraph 63.

64.     Wi-LAN denies the allegations in Paragraph 64.

65.     Wi-LAN denies the allegations in Paragraph 65.

66.     Wi-LAN denies the allegations in Paragraph 66.

## COUNT VIII
## Federal Trademark Infringement (15 U.S.C. § 1114)

67.     Answering Paragraph 67, Wi-LAN incorporates by reference its responses to Paragraphs 1-66 and the allegations in the Second Amended Complaint as if fully set forth herein.

68.     Wi-LAN is without information sufficient to admit or deny the allegations in Paragraph 68 and, accordingly, denies same.

69.     Wi-LAN is without information sufficient to admit or deny the allegations in Paragraph 69 and, accordingly, denies same.

70.     Wi-LAN states that Exhibit 1 to LGE's Answer is marketing material that speaks for itself.  Except as expressly admitted, Wi-LAN denies the allegations in Paragraph 70.

71.     Wi-LAN denies the allegations in Paragraph 71.

72.     Wi-LAN denies the allegations in Paragraph 72.

73.     Wi-LAN denies the allegations in Paragraph 73.

74.     Wi-LAN states that Exhibits 2 and 3 to LGE's Answer are marketing materials that speak for themselves.  Wi-LAN states that upon receiving notice from LGE of the allegations in Paragraph 74, Wi-LAN removed the purported reference to LGE from Wi-LAN's website.  Except as expressly admitted, Wi-LAN denies the allegations in Paragraph 74.

75.     Wi-LAN denies the allegations in Paragraph 75.

76.     Wi-LAN denies the allegations in Paragraph 76.

77.     Wi-LAN denies the allegations in Paragraph 77.

## COUNT IX
### False Designation of Origin and Unfair Competition (15 U.S.C. § 1125)

78.     Answering Paragraph 78, Wi-LAN incorporates by reference its responses to Paragraphs 1-77 and the allegations in the Second Amended Complaint as if fully set forth herein.

79.     Wi-LAN denies the allegations in Paragraph 79.

80.     Wi-LAN denies the allegations in Paragraph 80.

81.     Wi-LAN denies the allegations in Paragraph 81.

82.     Wi-LAN denies the allegations in Paragraph 82.

## COUNT X
### Deceptive Acts and Practices (New York General Business Law § 349)

83.     Answering Paragraph 83, Wi-LAN incorporates by reference its responses to Paragraphs 1-82 and the allegations in the Second Amended Complaint as if fully set forth herein.

84.     Wi-LAN denies the allegations in Paragraph 84.

85.     Wi-LAN denies the allegations in Paragraph 85.

86.     Wi-LAN denies the allegations in Paragraph 86.

87.     Wi-LAN denies the allegations in Paragraph 87.

### LGE'S PRAYER FOR RELIEF

Wi-LAN denies that LGE is entitled to the relief requested in subparagraphs (A)-(J) of the Counterclaim or any other relief.

## JURY DEMAND

This paragraph sets forth LGE's request for a trial by jury to which no response is required.

## WI-LAN'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

88.     Each cause of action set forth in LGE's Counterclaims fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

89.     LGE's Counterclaims do not describe LGE's claims with sufficient particularity to enable Wi-LAN to determine all of its affirmative defenses to the Counterclaims.  Wi-LAN specifically reserves its right to plead additional defenses which may come to light during the course of the litigation, but which are not determinable by Wi-LAN at the time of filing this pleading.

### THIRD AFFIRMATIVE DEFENSE

90.     LGE's Counterclaims are barred, in whole or in part, by the equitable defenses of estoppel, waiver, laches and/or unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

91.     LGE has failed to make reasonable efforts to mitigate its damages, if any.

### FIFTH AFFIRMATIVE DEFENSE

92.     LGE's claims are subject to a set-off based upon LGE's and/or other parties' acts and wrongdoing.

## SIXTH AFFIRMATIVE DEFENSE

93.     LGE's claim for breach of contract fails for lack of occurrence of a condition precedent.

## SEVENTH AFFIRMATIVE DEFENSE

94.     LGE's claim for breach of contract fails due to the occurrence of a condition subsequent.

## EIGHTH AFFIRMATIVE DEFENSE

95.     LGE's claim for breach of contract fails because the purported contract upon which the claim is based was void *ab initio* due to fraudulent inducement as set forth in the Second Amended Complaint.

## NINTH AFFIRMATIVE DEFENSE

96.     LGE's claim for breach of contract fails because of LGE's own prior breaches of the purported contract upon which the claim is based, and breaches of the implied covenant of good faith and fair dealing.

## TENTH AFFIRMATIVE DEFENSE

97.     LGE's claim for beach of contract fails because Wi-LAN has not breached any duty owed to LGE.

## ELEVENTH AFFIRMATIVE DEFENSE

98.     LGE's claims are barred in whole or in part because LGE has not been injured or suffered any damages as a result of any alleged conduct complained of in LGE's Counterclaims. If, however, any such damages are found, LGE's claims are barred to the extent LGE's alleged injury or damage was not factually, legally or proximately caused by Wi-LAN nor was any

conduct by Wi-LAN a substantial factor causing any alleged injury or damage to LGE as alleged in LGE's Counterclaims.

<strong>TWELFTH AFFIRMATIVE DEFENSE</strong>

99.     Any infringement by Wi-LAN of any right claimed by LGE in any mark was innocent and wholly without knowledge by Wi-LAN of such rights.

<strong>THIRTEENTH AFFIRMATIVE DEFENSE</strong>

100.    LGE may not recover on any of its claims because there is no likelihood of confusion.

<strong>FOURTEENTH AFFIRMATIVE DEFENSE</strong>

101.    LGE may not recover on its Eighth, Ninth, and Tenth Counterclaims because these claims are inconsistent with LGE's Fifth and Sixth Counterclaims.

<strong>PRAYER FOR RELIEF</strong>

**WHEREFORE,** Wi-LAN prays that the Court deny any and all relief to LGE and grant Wi-LAN the relief requested in the Second Amended Complaint.

DATED:  October 4, 2010

By: _____

David A. Koenigsberg
MENZ BONNER & KOMAR LLP
444 Madison Ave., 39th Floor
New York, New York 10022
(212) 223-2100

David E. Sipiora
Matthew C. Holohan (admitted *pro hac vice*)
TOWNSEND AND TOWNSEND AND
CREW LLP
1400 Wewatta Street, Suite 600
Denver, CO 80202
(303) 571-4000

Richard S. Meyer (admitted *pro hac vice*)
TOWNSEND AND TOWNSEND AND
CREW LLP
1301 K Street, NW
Ninth Floor, East Tower
Washington, DC 20005
(202) 481-9911

ATTORNEYS FOR PLAINTIFF
WI-LAN INC.

CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2010, I caused a true and correct copy of the attached

REPLY AND ANSWER TO DEFENDANT LG ELECTRONICS, INC.'S COUNTERCLAIMS

to be served via electronic mail addresses listed below and through the Court's Electronic

Notification system, which will be sent to all attorneys of record for Defendants LG Electronics,

Inc. and LG Electronics U.S.A., Inc. upon electronically filing with the Clerk of the United

States Court for the Southern District of New York using the CM/ECF:

> Richard A. Edlin, Esq.
> Greenberg Traurig, LLP
> 200 Park Avenue
> New York, NY 10166
> Facsimile: (212) 801-6400
> edlinr@gtlaw.com
>
> Jeffrey G. Mote
> Richard D. Harris
> James Lukas, Jr.
> Eric J. Maiers
> Greenberg Traurig, LLP
> 77 West Wacker Drive, Suite 3100
> Chicago, IL 60601
> Facsimile: (312) 456-8435
> motej@gtlaw.com
> harrisr@gtlaw.com
> lukasj@gtlaw.com
> maierse@gtlaw.com

Attorneys for Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc.

_Sharon D. Cuoch_

62896003 v1