USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 12/3/10

# townsend.

Richard S. Meyer
(202) 481-9911
rmeyer@townsend.com

December 3, 2010

**RECEIVED DEC 03 2010 CHAMBERS OF ANDREW J. PECK**

**VIA FAX**

The Honorable Andrew J. Peck
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312
Fax: (212) 805-7933

**MEMO ENDORSED** 12/3/10

APPROVED [handwritten notations]

SO ORDERED:

Hon. Andrew Jay Peck
United States Magistrate Judge

**BY ECF**

Re: *Wi-LAN Inc. v. LG Electronics, Inc. et al.*, Case No. 10-CV-432 (LAK)(AJP)

Dear Magistrate Judge Peck:

Plaintiff Wi-LAN Inc. ("Plaintiff" or "Wi-LAN") respectfully requests that the Court issue a Protective Order confirming the Court's prior rulings concerning the scope of the further deposition of Timothy Collings. Specifically, Plaintiff seeks an order confirming that the subject matter of Professor Collings' further deposition shall be limited to: (1) topics 17, 18, 19, 38, 48, 56, 60, and 62 from Defendants' Rule 30(b)(6) deposition notice; (2) documents produced by Plaintiff since Professor Collings' first deposition; and (3) issues concerning Toshinori Ikebe that are specifically identified by Defendants.

At the October 29, 2010 Status Conference, the Court ordered that Professor Collings be produced for further deposition, and that the subject matter of the further deposition would be topics 17, 18, 19, 38, 48, 56, 60, and 62 from Defendants' Rule 30(b)(6) deposition notice. October 29, 2010 Hearing Transcript at 56:2-57:19. At the November 16 Status Conference, the Court further held that Professor Collings should be prepared to testify concerning documents recently produced by Plaintiff, as well issues related to Toshinori Ikebe, a foreign witness whom Defendants had previously sought to depose. November 16, 2010 Hearing Transcript at 8:12-9:4, 13:10-12.

The parties subsequently scheduled Professor Collings' deposition for December 7-8, 2010. On November 22, 2010, Plaintiff sent Defendants a letter confirming the scope of Professor Collings' deposition consistent with the Court's rulings. A true and correct copy of the letter is attached hereto as Exhibit A. The letter further requested that Defendants identify the specific issues and documents related to Mr. Ikebe on which they intended to depose Professor Collings, to ensure that Professor Collings would be adequately prepared.

Defendants responded by letter dated December 1, 2010 (more than a week after Plaintiff sent their letter and less than one week before Professor Collings' deposition), a true and correct copy of which is attached hereto as Exhibit B. Contrary to the Court's prior rulings, Defendants demanded that Professor Collings be prepared to testify "on all topics for which he was

# townsend.

previously designated as a 30(b)(6) witness." Plaintiff responded by letter the following day, a true and correct copy of which is attached hereto as Exhibit C. In this letter, Plaintiff cited the Court's prior rulings concerning the scope of Professor Collings' further deposition, and reiterated its request that Defendants identify the issues and documents concerning Mr. Ikebe on which they intend to depose Professor Collings. However, as of this morning, Defendants have not agreed to limit the scope of their questioning to the subject matter ordered by the Court.

In light of Defendants' refusal to abide by the Court's rulings, and to avoid the potential need for Court intervention during Professor Collings' deposition, a Protective Order confirming the Court's prior rulings regarding the scope of Professor Collings' deposition is necessary. Accordingly, Plaintiff respectfully requests that the Court enter an Order confirming that the subject matter of Professor Collings' further deposition shall be limited to: (1) topics 17, 18, 19, 38, 48, 56, 60, and 62 from Defendants' Rule 30(b)(6) deposition notice; (2) documents produced by Plaintiff since Professor Collings' first deposition; and (3) issues concerning Toshinori Ikebe that are specifically and reasonably identified by Defendants.

Plaintiff is available during the afternoon of December 3, or Monday, December 6, for a telephonic hearing with the Court if necessary. Plaintiff requested Defendants' availability for such a telephonic hearing. Defendants have not responded to Plaintiff's request.

Respectfully submitted,

TOWNSEND AND TOWNSEND AND CREW LLP

_/s/ Richard S. Meyer_

Richard S. Meyer
1301 K Street N.W.
Ninth Floor, East Tower
Washington, DC 20005
Telephone: (202) 481-9911
Facsimile: (202) 481-3972

Attorneys for Plaintiff
WI-LAN INC.

Attachments:
    Exhibits A, B and C

cc: Counsel of Record
63028961 v1

# Exhibit A

# townsend.

Patrick M. Lafferty
(202) 481-9924
pmlafferty@townsend.com

November 22, 2010

**VIA FEDERAL EXPRESS AND EMAIL**

Jeffrey G. Mote
Greenberg Traurig, LLP
77 West Wacker Drive
Suite 3100
Chicago, IL 60601
motej@gtlaw.com

Re: *Wi-LAN Inc. v. LG Electronics, Inc. et al.*, Case No. 10-CV-432 (LAK)(AJP)

Dear Mr. Mote:

Plaintiff recently became aware that certain privileged information was produced in conjunction with Plaintiff's recent Court-ordered production subject to Rule 502(d). Specifically, documents labeled with bates numbers WL0345939 - WL0345944; WL0328443 - WL0328444; and WL0359196 - WL0359197; (all of which relate to legal advice obtained from Attorneys Meagher and Fortkort regarding potential prior art); WL0423983 - WL0423984; (which includes a paragraph that reflects Meagher's and Fortkort's mental impressions and/or legal advice concerning infringement); WL0307501-503 (Attorney Parr's analysis of prior art); WL0306705 and WL0306698 (correspondence from Attorney Parr to his client Collings regarding information needed for legal advice on FCC submission); WL0306650 (correspondence between Attorneys Parr and Fortkort concerning legal advice regarding FCC submissions and infringement); WL0429835 - WL0429850 (email chain from Middleton to Townsend attorneys regarding legal advice regarding LGE negotiations); and WL0429464 - WL0929466 (email chain from Meyer to Middleton concerning documents for discussion with client after filing of lawsuit) should be withheld as privileged and/or redacted, as they reflect information protected by the attorney-client privilege and/or the work product immunity. We do not expect that you will use any of these documents in the upcoming depositions. Furthermore, if you intend to use any other documents in the upcoming depositions that are potentially privileged, we ask that you identify those documents to us in advance so that we may determine whether to redesignate the documents or permit their use. We believe that this will greatly facilitate the upcoming depositions.

A replacement production CD is enclosed, which includes a corrected version of the documents that we have redacted to remove privileged information. Pursuant to Paragraph 14 of the Protective Order, Plaintiff requests that, within five (5) days, you return the CD-ROMs and/or DVDs in which these privileged information were electronically produced, as well as

Townsend and Townsend and Crew LLP · 1301 K Street, N.W. Ninth Floor, East Tower, Washington, DC 20005 · tel 202.481.9900 · fax 202.481.3972
San Francisco · Palo Alto · Walnut Creek · San Diego · Denver · Seattle · Washington, DC · Tokyo · www.townsend.com

Jeffrey G. Mote, Esq.
November 22, 2010
Page 2

# townsend.

confirm in writing that all data relating to these documents, including but not limited to document images and corresponding OCR data, has been permanently deleted from any and all databases and other storage media to which it was copied. Plaintiff reserves the right to seasonably supplement its production in accordance with the Federal Rules.

Finally, we would like to clarify several issues pertaining to Professor Collings' deposition. With respect to Professor Collings' 30(b)(6) deposition, we would like to confirm that it is confined to the following topics:

> 17. Wi-LAN's first use, manufacture, offer for sale, and sale of any apparatus, system, or method embodying any element or claim of the Patent-in-Suit and/or any other V-Chip Technology, including, but not limited to, the sale or use of prototypes that Wi-LAN asserts were for purposes of experimentation.
>
> 18. The preparation, filing, and prosecution of the application(s) that issued as the '402 patent and/or any foreign counterparts thereto.
>
> 19. Any and all prior art known to Wi-LAN, the attorneys prosecuting the Patent-in-Suit or any foreign counterpart thereof, and the inventors of the Patent-in-Suit at any point in time.
>
> 38. Any and all negotiations with any person or entity relating to the Patent-in-Suit and all license agreements, technology agreements, sublicenses, assignments, settlement agreements, covenants not to sue, or other agreements relating to the Patent-in-Suit regardless of whether such negotiations concluded with an executed agreement.
>
> 48. Wi-LAN's communications with the Federal Communications Commission ("FCC") concerning: the implementation of V-Chip technology; the rule making process leading to the FCC's adoption of 47 C.F.R. § 15.120; and any and all complaints by Wi-LAN to the FCC regarding any person's or entity's alleged failure to comply with 47 C.F.R. § 15.120.
>
> 56. All communications with any Regulatory Agency and/or Standard Setting Body related to the '402 patent, V-Chip Technology, selective blocking of television programming, and/or the ability to respond to changes in the rating region table or a new rating region table, and/or Defendants.
>
> 60. Any and all communications by Wi-LAN with any licensee of the '402 patent, other than the Defendants, relating to the Defendants, the May 2006 License Agreement, or the "most favored nations" provision in such licensee's license agreement with Wi-LAN.

# townsend.

Jeffrey G. Mote, Esq.
November 22, 2010
Page 3

62. All facts relating to the Advertising Agreement that Wi-LAN and Defendant LGE were negotiating contemporaneously with the negotiations leading to the execution of the May 2006 License Agreement, including but not limited to any and all communications between Wi-LAN and the Defendants relating to the Advertising Agreement, the terms proposed for such Advertising Agreement, the reasons why Wi-LAN sought to enter into the Advertising Agreement and the reasons why the Advertising Agreement was never executed by the parties.

With regard to Professor Collings' personal deposition, we would like to confirm that the deposition will be limited to documents newly produced since his last deposition, as well as issues concerning Mr. Ikebe. With regards to the issues concerning Mr. Ikebe, we ask that you please identify the topics and documents you wish to cover with Professor Collings so that he can be adequately prepared to address your questions.

Sincerely,

Patrick M. Lafferty
Associate

cc: Richard D. Harris
Matthew J. Levinstein
James J. Lukas
Eric J. Maiers
Sun-Young Park

63011821 v1

# Exhibit B

12/03/2010 Case 1:10-cv-00433-LAK-AJP   Document 84   Filed 12/03/10   Page 7 of 15   ☒008/015



# GT GreenbergTraurig

Jeffrey G. Mote
Tel 312.456.8401
Fax 312.899.0416
motej@gtlaw.com

December 1, 2010

**VIA E-MAIL**

Matthew C. Holohan
Townsend and Townsend and Crew, LLP
1400 Wewatta Street
Suite 600
Denver, CO 80202
mcholohan@townsend.com

Re: *Wi-Lan Inc. v. LG Electronics, Inc. and LG Electronics U.S.A., Inc.*
    Civil Action No. 10 Civ. 432 (LAK) (AJP)

Dear Patrick:

This responds to your letter dated November 22, 2010. We do not agree to any of Plaintiff's attempts to limit the scope of 2-day deposition of Mr. Collings ordered by the Court. The relevant portions of the previous two hearing transcripts are set forth below:

During the October 29, 2010 hearing relating to Mr. Collings deposition misconduct, the Court ordered Mr. Collings produced for a full day of testimony to cover all 30(b)(6) deposition topics for which he had been designated. The relevant portion of the transcript states:

```
THE COURT:  One day, seven hours, all the categories,
      17     unless you tell me that on one of these categories,
      18     Mr. Sipiora, he was not your 30(b)(6) witness and that somebody
      19     else is the witness on that category.
      20             MR. SIPIORA:  I don't know that's the case. I believe
      21     if they are listed here, I'm assuming Mr. Harris represented
      22     they were on the notice.
      23             MR. HARRIS:  They are his designations, your Honor,
      24     and the reason they are not --
      25             THE COURT:  Stop, stop, stop.  One day, seven hours, a
       1     little bit of reasonableness on both sides.  If you can get it
       2     done in five or six, great.  If you need seven and a half, come
```

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BERLIN··
BOSTON
BRUSSELS··
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON·
LOS ANGELES
MIAMI
MILAN··
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PALM BEACH COUNTY
PHILADELPHIA
PHOENIX
ROME··
SACRAMENTO
SAN FRANCISCO
SHANGHAI
SILICON VALLEY
TALLAHASSEE
TAMPA
TOKYO··
TYSONS CORNER
WASHINGTON, D.C.
WHITE PLAINS
ZURICH··
·OPERATES AS GREENBERG TRAURIG MAHER LLP
··STRATEGIC ALLIANCE

GREENBERG TRAURIG, LLP · ATTORNEYS AT LAW · WWW.GTLAW.COM
77 West Wacker Drive, Suite 3100 · Chicago, Illinois · Tel 312.456.8400 · Fax 312.456.8435
NY 240,756,138v1

Matthew C. Holohan
December 1, 2010
Page 2

```
    3     on.  Don't keep a stopwatch or do keep a stopwatch, but
    4     cooperate with each other.
```

See pp. 57 at lines 16:25 and 58 at lines 1:4 (emphasis provided).

Next, during the hearing on November 16, 2010 relating to Plaintiff's massive privilege log misconduct, the Court ordered Plaintiff to produce Mr. Collings for two full days and without any limitation on the scope of his depositions. Plaintiff's counsel agreed to this on the record. The relevant portion of the transcript states:

```
THE COURT:  As I said, there is a lot in here which
 22    frankly I glossed over as to how terrible Wi-Lan is.  All I
 23    care about is whether from generosity now in withdrawing
 24    privilege designations that arguably are still privileged or
 25    whether as you admitted as to some of them at the October 29
  1    conference that they were mistakenly coded as privileged, you
  2    have now produced a quarter of a million, half of a quarter,
  3    125,000 pages' worth of documents, they are entitled to depose
  4    Mr. Collins about it.
  5            So the only question would seem to be the argument is
  6    should it be one day, two days, one and a half days.  And in
  7    light of this, so I don't have to determine whether there was
  8    misconduct and can just take the high road and say he has now
  9    produced it, let's move on, it seems to me that no more than
 10    two days but as little as possible is appropriate.  So tell me
 11    why it isn't or tell me that you can live with that.
 12            MR. SIPIORA:  The documents are largely cumulative.
 13    Can we live with it; sure we can live with it.  It's two days.
```

See pp. 8 at lines 21:25; 9 at lines 1:13.

Accordingly, Defendants intend to depose Mr. Collings on all topics for which he was previously designated as a 30(b)(6) witness. In addition, Defendants may depose Mr. Collings on subjects relating to any of the more than 125,000 pages of new documents that were produced after Mr. Collings' October depositions and after the close of the original fact discovery cutoff. Defendants do not agree that the two days are subject to any limitations in scope between 30(b)(6) topics and individual testimony. In sum, Mr. Collings should be prepared to cover all topics for which he was previously designated during the entire two-days of depositions ordered by the Court.

Very truly yours,

*Jeffrey Mote*

Jeffrey G. Mote

GREENBERG TRAURIG, LLP

NY 240,756,138v1

Matthew C. Holohan
December 1, 2010
Page 3

cc :   David E. Sipiora (desipiora@townsend.com)
       Richard S. Meyer (rmeyer@townsend.com)
       Richard D. Harris
       James J. Lukas
       Eric J. Maiers
       Matthew Levinstein

GREENBERG TRAURIG, LLP

NY 240,756,138v1

# Exhibit C

12/03/2010 Case 1:10-cv-00482-LAK-AJP Document 84 Filed 12/03/10 Page 11 of 15 012/015

# townsend.

DENVER
1400 Wewatta Street
Suite 600
Denver, CO 80202
Phone: 303 571 4000
Fax: 303 571 4321
Matthew C. Holohan
mcholohan@townsend.com

December 2, 2010

**VIA EMAIL**
Jeffrey G. Mote
Greenberg Traurig, LLP
77 West Wacker Drive
Suite 3100
Chicago, IL 60601
motej@gtlaw.com

      Re:    *Wi-LAN Inc. v. LG Electronics, Inc. et al.*, Case No. 10-CV-432 (LAK)(AJP)

Dear Jeff:

      I write in response to your letter of December 1, 2010, regarding the deposition of Tim Collings. As stated in our letter of November 22, 2010, the further deposition of Professor Collings will be limited to the following topics identified in Defendants' Rule 30(b)(6) notice: 17, 18, 19, 38, 48, 56, 60, and 62, plus recently-produced documents and issues concerning Mr. Ikebe. Your selective and misleading quotations from hearing transcripts does not support your contention that Professor Collings' deposition should be open to all topics. In fact, placing the quotations in context reveals that the Court ordered the deposition to be limited to these eight topics:

> THE COURT: Let's deal with the dispute about the categories first. What categories don't you want him deposed on, Mr. Sipiora? And we can do it by number which you guys all understand or you can do it by some words that I might understand.
>
> MR. HARRIS: The 18, by my recollection, has to do with the filing, prosecution and issuance of the '402 patent, a pretty significant issue; 48, 56, 60 and 62 are other related kinds of things; contacts with standards organizations; contacts with the FCC. These are all very, very important areas that we weren't able to get into with Mr. Collins and which, by the way, a good number of the documents that are on the privilege log are going to deal with. I'm not sure seven hours is going to be enough when we take into account the privilege log production.

# townsend.

> THE COURT: Mr. Sipiora.
>
> MR. HARRIS: I have the numbers here. You had agreed to 17, 19 and 38. We had asked for 18, 48, 56, 60, and 62, those categories in addition, plus the privilege log documents.
>
> MR. SIPIORA: We put forth in our papers our position with respect to those other categories. They didn't make a case for any of those other categories. In fact, they didn't make a case for any of the categories. But we are prepared to be flexible. He is going to come back. We proposed to make him available for a full day, anything that are in the documents that are subsequently produced, and the categories we identified that we are going to work with were 17, 19 and 38.
>
> THE COURT: Why shouldn't they get the other categories is the question?
>
> MR. SIPIORA: They doesn't make a foundation, and he wasn't prepared to testify in those categories. He was there -- if you look at what they submitted. They really tried to smear this individual. He is a vender [sic, inventor]. They made a lot of accusations, and they didn't back any of those accusations up with any record citations, because he testified fairly and honestly.
>
> THE COURT: Then I assume there will be very little more for him to testify about.
>
> MR. HARRIS: Your Honor --
>
> THE COURT: One day, seven hours, all the categories, unless you tell me that on one of these categories, Mr. Sipiora, he was not your 30(b)(6) witness and that somebody else is the witness on that category.

October 29, 2010 Hearing Transcript at 56:2-57:19 (emphasis added). Accordingly, the Court's reference to "all the categories" was clearly a reference to the eight categories identified by Defendants. Your blatant misrepresentation of the Court's ruling is clear and counterproductive.

Furthermore, the passage you cite from the November 16 transcript dealt entirely with the duration of the deposition, not the subject matter. You point to nothing in the November 16 transcript that contradicts the clear order from the Court on October 29 that Professor Collings' deposition should cover topics 17, 18, 19, 38, 48, 56, 60, and 62.

The Court also stated that Professor Collings should be prepared to testify concerning issues related to Mr. Ikebe, which we have agreed to. However, Defendants have not responded to our request for identification of the topics and documents concerning Mr. Ikebe that you wish to cover with Professor Collings. Please identify these topics and documents by close of business tomorrow, December 3, so that he can be adequately prepared to address your questions.

# townsend.

Jeffrey G. Mote
December 2, 2010
Page 3

In sum, Professor Collings will be prepared to testify as a Rule 30(b)(6) witness on topics 17, 18, 19, 38, 48, 56, 60, and 62. As an individual witness, Professor Collings will be prepared to testify concerning Mr. Ikebe (subject to Defendants' identification of topics and documents related to Mr. Ikebe), and the recently produced documents. We intend to move for a Protective Order from the Court tomorrow to seek a ruling confirming this. We will write to the Court at noon Eastern time tomorrow, December 3, raising these issues and requesting a telephonic hearing tomorrow afternoon. Please advise as to Defendants' availability for such a hearing by 11:00 a.m. Eastern time tomorrow. Please copy Richard Meyer on your response.

Additionally, please state which day you intend to depose Professor Collings as a Rule 30(b)(6) witness and which day you intend to depose Professor Collings as an individual.

Very truly yours,

Matthew C. Holohan

cc (by email): Richard A. Edlin (edlinr@gtlaw.com)
Richard D. Harris (harrisr@gtlaw.com)
James L. Lukas (lukasj@gtlaw.com)
Eric J. Maiers (maierse@gtlaw.com)

63026378 v1

# ECF TRANSCRIPTION SHEET



**ANDREW J. PECK**
**UNITED STATES MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1370
New York, N.Y. 10007-1312

Fax No.:  (212) 805-7933
Telephone No.:  (212) 805-0036

Dated:  December 3, 2010     Total Number of Pages:  15

## TRANSCRIPTION OF MEMO ENDORSED ORDER

APPROVED. Note, however, that defendants can depose Collings re newly produced documents.

Copies to:  All Counsel
            Judge Lewis A. Kaplan