UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

| | |
|---|---|
| WI-LAN INC., | 10 CV 432 (LAK) (AJP) |
| Plaintiff, | |
| v. | **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO AMEND THEIR PLEADINGS PURSUANT TO FED. R. CIV. P. 15(a)** |
| LG ELECTRONICS, INC. and LG ELECTRONICS U.S.A., INC., | |
| Defendants. | |

-------------------------------------------------------------x

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Defendants LG Electronics Inc. ("LGE") and LG Electronics U.S.A., Inc. ("LGEUS") (collectively, "Defendants" or "LG"), respectfully move this Court (the "Motion") to grant them leave to amend their Answer and Counterclaims to Plaintiff's Second Amended Complaint (Dkt. 72) based on a substantial amount of new evidence and information discovered by LG after Plaintiff Wi-LAN Inc. ("Wi-LAN") produced tens of thousands of pages of documents after the close of the Court's initially scheduled fact discovery cut-off and after the deadline to amend pleadings passed. Defendants' First Amended Answer and Counterclaims to Plaintiff's Second Amended Complaint are attached to this Motion as Exhibits 1 and 2.

**I.      Background**

Less than two weeks ago, Wi-LAN dumped over one hundred thousand pages of documents--totaling approximately one third of its entire document production in this case--that it had improperly withheld under an inappropriate claim of privilege. These documents are highly relevant and form the basis of LG's amended counterclaims. Importantly, Wi-LAN has known about these documents for several years, and at least since it filed its lawsuit against LG

in January 2010, yet it improperly withheld these documents through unfounded privilege claims.

Wi-LAN served its initial 2,513 page privilege log on September 1, 2010, shortly after the August 21, 2010 cut-off date for amended pleadings.[1]  Despite the fact that many of these documents were clearly not privileged, Wi-LAN repeatedly refused to produce these documents, forcing LG to seek court intervention.  LG's attempts to discover these documents culminated in the Court's October 29, 2010 Hearing where LG was prepared to show the Court examples of Wi-LAN's improper privilege claims.  Based on LG's evidence, Wi-LAN admitted it had improperly failed to produce many documents to LG.  Accordingly, Wi-LAN was ordered to review its entire privilege log and produce any documents it was improperly withholding from LG. (Dkt. 82).

Between November 1 and November 24, 2010 Wi-LAN produced 128,591 pages of documents to LG.  These newly-produced documents provide new insights into Wi-LAN's unlawful activities and form the bases for LG's amended counterclaims.[2]  In particular, these new documents show that Wi-LAN, a Canadian company, lobbied the FCC and other parts of the United States federal government through seemingly-independent lobbyists without Wi-LAN or its lobbyists disclosing the significant financial interest Wi-LAN had in certain FCC regulations and proposed regulations and their respective relationship.  Wi-LAN's illegal deception of the federal government coupled with the claims it made to the U.S. DTV receiver market regarding the Patent-in-Suit and the FCC's regulations, with knowledge that the patent was not infringed,

---

[1] In its initial scheduling order, the Court stated that pleadings could be amended without good cause or a court order until July 16, 2010. (Dkt. 14).  With the agreement of both parties, that deadline was later extended to August 21, 2010 at Wi-LAN's request.  In addition, the Court extended the close of fact discovery until December 3, 2010 based on Wi-LAN's failure to produce the improperly withheld documents.  (Dkt. 82).
[2] At the Court's November 16, 2010 Hearing, LG notified the Court and Wi-LAN that LG intended to ask for leave to amend its Answer and Counterclaims.  (Dkt. 83 at 14-15).

and was both invalid and unenforceable, demonstrate clear and unequivocal violations of the Sherman Antitrust Act, 15 U.S.C. §§ 1 and 2.  Indeed, Wi-LAN attempted to monopolize and, according to Wi-LAN, did  monopolize the entire U.S. DTV receiver market through its illegal schemes.

## II.     Argument

Rule 15(a) of the Federal Rules of Civil Procedure demands that leave to amend be "freely given" whenever justice so demands.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).  In fact, the party opposing the amendment ordinarily bears the burden of demonstrating that it would be substantially and unfairly prejudiced by the amendment.  *See*, *e.g.*, *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n. 6 (2d Cir. 1987).

This Circuit routinely allows amendments in circumstances such as these where new information has recently surfaced.  *See*, *e.g.*, *Golden Trade v. Jordache*, 143 F.3d 504, 506 (S.D.N.Y. 1992).  In *Golden Trade*, the court allowed defendants to amend their counterclaims *three months* after the new information was discovered.  *Id.*  The court found that the timing of the amendments was not unreasonable and would not prejudice the plaintiffs.  *Id.*

In this case, it should be clear that LG seeks this amendment in good faith, and without undue delay.  In fact, LG acted even more swiftly than the movant in *Golden Trade*.  This Motion comes less than one month after Wi-LAN produced tens of thousands of pages of improperly withheld documents and two weeks after LG indicated to the Court on November 16, 2010 that it intended to add these new counterclaims.  (Dkt. 83 at 14-15).

Further, Wi-LAN would not be unduly prejudiced by these proposed amendments.  First and foremost, these proposed amended counterclaims should come as no surprise to Wi-LAN.  Wi-LAN has been aware of these documents for several years, but systematically refused to

produced the documents despite LG's repeated requests. Thus, any prejudice that Wi-LAN claims to suffer is the result of its own intentional subterfuge and delay.

Further, the proposed amended counterclaims essentially deal with the same underlying factual issues as the previous pleadings. The proposed amended counterclaims do not necessitate any additional discovery on LG's or Wi-LAN's part. It appears that all relevant third-party witnesses have already been subpoenaed in this case.

## RELIEF REQUESTED

For the reasons stated herein, Defendants respectfully requests that this Court grant the Motion and allow Defendants to amend their Answer and Counterclaims to Plaintiff's Second Amended Complaint.

Dated: December 6, 2010

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

*/s/ James J. Lukas, Jr.*
Richard A. Edlin (RE 1998)
Daniel I.A. Smulian (DS 4746)
200 Park Avenue
New York, New York 10166
(212) 801-6528 (*telephone*)
(212) 801-5528 (*facsimile*)
edlinr@gtlaw.com
smuliand@gtlaw.com

Richard D. Harris (*pro hac vice*)
Jeffrey G. Mote (*pro hac vice*)
James J. Lukas, Jr. (*pro hac vice*)
Eric J. Maiers (*pro hac vice*)
Matthew J. Levinstein (*pro hac vice*)
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
(312) 456-8400 (*telephone*)
harrisr@gtlaw.com
motej@gtlaw.com
lukasj@gtlaw.com

maierse@gtlaw.com
levinsteinm@gtlaw.com

Attorneys for Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 6, 2010, the foregoing **Defendants' Memorandum Of Law In Support Of Their Motion To Amend Their Pleadings** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel that have appeared for any party in this matter.

*/s/ James J. Lukas, Jr.*
James J. Lukas, Jr.