**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WI-LAN INC., | ) |
| Plaintiff, | ) )  )  ) |
| v. | 10 Civ. 432 (LAK) (AJP) |
| LG ELECTRONICS, INC. and LG ELECTRONICS U.S.A., INC., | ) )  )  ) |
| Defendants. | ) )  ) ) |

WI-LAN INC.,

    Plaintiff,

v.

LG ELECTRONICS, INC. and LG
ELECTRONICS U.S.A., INC.,

    Defendants.

10 Civ. 432 (LAK) (AJP)

## <u>DECLARATION OF MATTHEW C. HOLOHAN</u>

I, Matthew C. Holohan, declare as follows:

1.      I am an associate at Townsend & Townsend & Crew LLP.  The following facts are within my personal knowledge and if called as a witness by the Court, I would be competent to testify to the matters set forth below.

2.      Attached hereto as Exhibit 1 is a true and correct copy of Defendants' Second Set of Requests For Production of Documents and Things to Plaintiff (Nos. 109-142).

3.      Attached hereto as Exhibit 2 is a true and correct copy of a document Bates labeled WL0191157-WL0191159, which was produced by Plaintiff on July 27, 2010.

4.      Attached hereto as Exhibit 3 is a true and correct copy of a document Bates labeled WL0189405-WL0189406, which was produced by Plaintiff on July 27, 2010.

5.      Attached hereto as Exhibit 4 is a true and correct copy of a document Bates labeled WL0154011-WL0154013, which was produced by Plaintiff on July 27, 2010.

6.      Attached hereto as Exhibit 5 is a true and correct copy of a document Bates

labeled WL0286008-WL0286018, which was produced by Plaintiff on October 7, 2010.

7.    Attached hereto as Exhibit 6 is a true and correct copy of a document Bates labeled WL0287762, which was produced by Plaintiff on October 7, 2010.

8.    Attached hereto as Exhibit 7 is a true and correct copy of a document Bates labeled WL0284345-WL0284346, which was produced by Plaintiff on October 7, 2010.

9.    Attached hereto as Exhibit 8 is a true and correct copy of a document Bates labeled WL0286403, which was produced by Plaintiff on October 7, 2010.

10.    Attached hereto as Exhibit 9 is a true and correct copy of excerpts from the deposition of Timothy Collings taken on October 14-15, 2010.

11.    Attached hereto as Exhibit 10 is a true and correct copy of excerpts from the deposition of Michael Fortkort taken on October 27, 2010.

12.    Attached hereto as Exhibit 11 is a true and correct copy of an email from James J. Lukas, Jr. to Plaintiff's Counsel dated December 2, 2010.

13.    Attached hereto as Exhibit 12 is a true and correct copy of a subpoena served by Defendants on the Advanced Television Systems Committee on August 31, 2010.

14.    As of August 1, 2010, Plaintiff had produced more than 47,000 documents totaling nearly 220,000 pages.  This constitutes about 50% of pages produced to date by Plaintiff.

15.    Between August 1, 2010 and mid-October 2010, Plaintiff produced more than 16,000 additional documents totaling nearly 85,000 pages.  This constitutes about 20 % of pages produced to date by Plaintiff.  Thus, by mid-October about 70% of Plaintiff's document production was completed.

16.    Between mid-October and November 8, 2010, Plaintiff produced approximately 26,800 documents totaling approximately 127,500 pages.  Many of these documents were

duplicative or cumulative of the documents produced Plaintiff's previous productions and many have been clawed back under Federal Rule of Evidence 502(d) as being privileged.

17.     Of the documents produced by August 1, 2010, more than 1,500 documents (totaling more than 4,500 pages) contain references to the alleged lobbying organizations that form the basis for Defendants' Motion to Amend Pleadings.

18.     Of the documents produced between August 1, 2010 and mid-October 2010, more than 800 documents (totaling more than 3,000 pages) contain references to the alleged lobbying organizations that form the basis for Defendants' Motion to Amend Pleadings.

19.     Of the documents produced between mid-October 2010 and November 8, 2010, approximately 900 documents (totaling approximately 3,000 pages) contain references to the alleged lobbying organizations that form the basis for Defendants' Motion to Amend Pleadings.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on this 20th day of December, 2010.

_____/s/ Matthew C. Holohan_____
Matthew C. Holohan

63061086 v1

EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
                                              :
**WI-LAN INC.,**                              :
                                              :
                         Plaintiff,           :          **10 Civ. 432 (LAK) (AJP)**
                                              :
v.                                            :
                                              :
**LG ELECTRONICS, INC. and LG**               :
**ELECTRONICS U.S.A., INC.,**                 :
                                              :
                         Defendants.          :
                                              :
---------------------------------------------------------x

**DEFENDANTS' SECOND SET OF REQUESTS FOR**
**PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFF (NOS. 109-142)**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants LG Electronics, Inc. ("LGE") and LG Electronics U.S.A., Inc. ("LGE U.S.A.") (collectively "LG"), by and through its attorneys, request that Plaintiff Wi-LAN Inc. ("Wi-LAN") produce the documents hereinafter described, at the offices of Greenberg Traurig, LLP, 77 West Wacker Drive, Suite 3100, Chicago, IL 60601, within thirty (30) days from the date of service, and in accordance with Rule 34 of the Federal Rules of Civil Procedure and the following Definitions and Instructions.

**DEFINITIONS AND INSTRUCTIONS**

Defendants incorporate by reference the Definitions and Instructions set forth in their First Set of Requests for Production of Documents and Things as if fully set forth herein and include the following additional definitions:

"Defendants' Trademarks" means the marks identified in Count VI of Defendants' Counterclaims, including Reg. No. 2339441, Reg. No. 3661175, Reg. No. 3392769, and any other "LG" mark.

"FCC" means the United States Federal Communications Commission.

NY 240,544,611_1

## DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 109:**

All Documents reflecting communications between Wi-LAN and any of its licensees relating to the "most favored nations" term in such licensee's  license and/or the effect on such licensee's royalty rate following the execution of the May 2006 License Agreement.

**DOCUMENT REQUEST NO. 110:**

All Documents reflecting or discussing the reasons why the Defendants and Wi-LAN did not execute the Advertising Agreement that the parties were negotiating contemporaneously with the May 2006 License Agreement.

**DOCUMENT REQUEST NO. 111:**

All Documents reflecting or relating to Your "royalty compliance examination policy and associate procedures" as reflected in the March 2, 2007 letter from David Garland to Albert Kang (see document bates labeled LG073916).

**DOCUMENT REQUEST NO. 112:**

All Documents reflecting Your decision to select any licensee under the '402 patent for examination pursuant to Your "royalty compliance examination policy and associate procedures" and regardless of whether such licensee's selection for examination was random or otherwise.

**DOCUMENT REQUEST NO. 113:**

All  summaries, including, but not limited to, those in any chart, spreadsheet or database, in which You summarized the royalty rate provided to, and royalty payments received from, each licensee under the '402 patent prior to May 17, 2006.

**DOCUMENT REQUEST NO. 114:**

All  summaries, including, but not limited to, those in any chart, spreadsheet or database, in which You summarized the royalty rate provided to, and royalty payments received from, each licensee under the '402 patent during the period running from May 17, 2006 until the present.

**DOCUMENT REQUEST NO. 115:**

All Documents reflecting communications between You and the Coalition for Independent Ratings Services, Patricia Paoletta, Eloise Gore, Alan Stillwell, Mike Lance, Kim Matthews or Dominic Perry concerning Section 15.120(d)(2) of the FCC's regulations or downloadable RRT.

**DOCUMENT REQUEST NO. 116:**

All Documents reflecting any complaint, whether formal or informal, by You to the FCC regarding any consumer electronics manufacturer's failure to comply with Section 15.120(d)(2) of the FCC's regulations.

**DOCUMENT REQUEST NO. 117:**

All documents reflecting, discussing or relating to Your IP proffers to the Consumer Electronics Association, Advanced Television Systems Committee and the FCC as reflected in the letter from Najumul H. Siddiqui and Bill Middleton to Jeffrey Cho on July 8, 2007 (see document bates labeled LG049158-LG049159).

**DOCUMENT REQUEST NO. 118:**

All documents reflecting or discussing Wi-LAN's policy of "charging a fair and reasonable royalty" as reflected in the letter from Najumul H. Siddiqui and Bill Middleton to Jeffrey Cho on July 8, 2007 (see document bates labeled LG049158-LG049159).

**DOCUMENT REQUEST NO. 119:**

All documents reflecting the royalty rate offered by Wi-LAN to any licensee under the '402 patent pursuant to Wi-LAN's stated policy of "charging a fair and reasonable royalty" as

reflected in the letter from Najumul H. Siddiqui and Bill Middleton to Jeffrey Cho on July 8, 2007 (see document bates labeled LG049158-LG049159).

**DOCUMENT REQUEST NO. 120:**

All documents reflecting any communications between You and Best Buy regarding Best Buy's or the Defendants' compliance with Section 15.120(d)(2) of the FCC's regulations or downloadable RRT.

**DOCUMENT REQUEST NO. 121:**

All Documents relating to Wi-LAN's purported rights in and to Defendants' Trademarks at any point in time, including but not limited to all Documents relating to Defendant's beliefs or opinions regarding the existence and extent of its rights in and to the Defendants' Trademarks.

**DOCUMENT REQUEST NO. 122:**

All Documents relating to any communications or correspondence between Wi-LAN and any other person regarding the Defendants' Trademarks.

**DOCUMENT REQUEST NO. 123:**

All Documents relating to any actual or proposed agreement between Wi-LAN and any other person involving any license, assignment or other grant of rights in Defendants' Trademarks.

**DOCUMENT REQUEST NO. 124:**

All Documents in which you represented to any potential licensee under the '402 patent that Defendants' were licensed under the '402 patent or any foreign counterpart thereto.

**DOCUMENT REQUEST NO. 125:**

Documents sufficient to identify, for each and every product and/or service sold, distributed or transferred by Wi-LAN at any time in association with Defendants' Trademarks,

the net profit or income earned by Wi-LAN from the sale, distribution or transfer of each such product or service, per month and year.

**DOCUMENT REQUEST NO. 126:**

All Documents relating to the advertising, marketing, promotion, offering for sale, sale, distribution and/or transfer of any of Your products and/or services in which you used Defendants' Trademarks or business name, including but not limited to correspondence, trade show materials, promotional videos, catalogs, brochures, fliers, print advertisements, radio and/or television advertisements, web sites, specification sheets, promotional literature, point-of-purchase displays, banners, and/or billboards.

**DOCUMENT REQUEST NO. 127:**

All Documents relating to Defendants' Trademarks.

**DOCUMENT REQUEST NO. 128:**

All Documents not specifically requested elsewhere herein, which are identified in, or otherwise refer or relate to, Wi-LAN's responses and supplemental responses to Defendants' interrogatories.

**DOCUMENT REQUEST NO. 129:**

All license agreements, technology agreements, sublicenses, assignments, settlement agreements, covenants not to sue, or other agreements involving the '402 Patent between You and any third party that was provided to Defendants during negotiations leading to the execution of the License Agreement.

**DOCUMENT REQUEST NO. 130:**

All documents that You provided to Defendants during the negotiations leading to the execution of the License Agreement reflecting the revenues, profitability, royalties, licensing

fees, income or other benefits that Wi-LAN expected to obtain by entering into the License Agreement with Defendants.

**DOCUMENT REQUEST NO. 131:**

All documents that You provided to Defendants during the negotiations leading to the execution of the License Agreement discussing the most favored nations clauses of other licensees to the '402 Patent that would be affected by entering into the License Agreement with Defendants.

**DOCUMENT REQUEST NO. 132:**

Organizational chart(s) that describe the organization of Wi-LAN and its personnel in the areas of management, marketing, manufacturing, engineering, research and development, and patent preparation and prosecution.

**DOCUMENT REQUEST NO. 133:**

All documents, correspondence, pleadings, motions, memoranda, exhibits to pleadings, motions, and memoranda, discovery, hearing and deposition transcripts, affidavits or declarations, exhibits, or other papers filed, served, submitted, or created in the Related Cases.

**DOCUMENT REQUEST NO. 134:**

Documents sufficient to identify the date of first use of Defendants' Trademarks in connection with sales of, or offers to sell, any of Wi-LAN's goods and/or services.

**DOCUMENT REQUEST NO. 135:**

Documents sufficient to identify the annual volume of sales of Wi-LAN's goods and/or services.

**DOCUMENT REQUEST NO. 136:**

Documents sufficient to identify the annual profits due to the sale or licensing of Wi-LAN's goods and/or services.

**DOCUMENT REQUEST NO. 137:**

All documents relating to the channels of trade through which Wi-LAN's goods and/or services have been sold, licensed, offered, or marketed by Wi-LAN since the date of first use of Defendants' Trademarks.

**DOCUMENT REQUEST NO. 138:**

Documents comprising a representative sample of how Wi-LAN's goods and/or services are sold or offered for sale using Defendants' Trademarks and name.

**DOCUMENT REQUEST NO. 139:**

All advertising and/or promotional materials for Wi-LAN's goods and services using Defendants' Trademarks, including without limitation catalogs, circulars, brochures, flyers, leaflets, direct mail pieces, electronic mail pieces, electronic mail advertisements, newspaper and magazine advertisements, radio and television advertisements, telephone book advertisements, press releases, presentations, podcasts, or demonstrations to purchasers, potential purchasers, potential licensees, investors or potential investors of Wi-LAN's goods and/or services, and any other materials distributed or used in the United States to promote the sale of, license, or investment in Wi-LAN's goods and/or services in connection with Defendants' Trademarks. Please provide all samples in their original form.

**DOCUMENT REQUEST NO. 140:**

All documents relating to any license or agreement between Defendants and Wi-LAN authorizing Wi-LAN to use Defendants' Trademarks or Defendants' name.

**DOCUMENT REQUEST NO. 141:**

All documents evidencing, memorializing, relating to any person's confusion, mistake, or deception or the likelihood of confusion concerning the origin of Wi-LAN's goods and/or services marketed and sold using Defendants' Trademarks and name.

**DOCUMENT REQUEST NO. 142:**

All documents relating to Wi-LAN's effort or attention to prevent, avoid, or mitigate any confusion, mistake, or deception or the likelihood of confusion between Wi-LAN's use of the Defendants' Trademarks and name and Wi-LAN's use of Defendants' Trademarks and name.

Dated:  August 30, 2010                    Respectfully submitted,

*/s/ Jeffrey G. Mote*
GREENBERG TRAURIG, LLP
Richard A. Edlin (RE 1998)
Daniel I.A. Smulian (DS 4746)
200 Park Avenue
New York, NY 10166
(212) 801-6528 (*telephone*)
(212) 805-5528 (*facsimile*)
edlinr@gtlaw.com

Of Counsel:

GREENBERG TRAURIG, LLP
Richard D. Harris (*pro hac vice*)
Jeffrey G. Mote (*pro hac vice*)
Eric J. Maiers (*pro hac vice*)
77 West Wacker Drive, Suite 2500
Chicago, Illinois  60601
(312) 456-8400 (*telephone*)
harrisr@gtlaw.com
motej@gtlaw.com
maierse@gtlaw.com

*Attorney for Defendants LG Electronics Inc.*
*and LG Electronics USA, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney certifies that a true and correct copy of **Defendants' Second Set of Requests for Production of Documents and Things** was served on Plaintiff's counsel of record by email transmission on August 30, 2010.

*/s/ Jeffrey G. Mote*

Jeffrey G. Mote

9

EXHIBIT 2

DOCUMENT REDACTED

EXHIBIT 3

DOCUMENT REDACTED

EXHIBIT 4

DOCUMENT REDACTED

EXHIBIT 5

DOCUMENT REDACTED

EXHIBIT 6

DOCUMENT REDACTED

EXHIBIT 7

DOCUMENT REDACTED

EXHIBIT 8

DOCUMENT REDACTED

EXHIBIT 9

DOCUMENT REDACTED

EXHIBIT 10

DOCUMENT REDACTED

EXHIBIT 11

**Holohan, Matthew C.**

---

| | |
|---|---|
| **From:** | lukasj@gtlaw.com |
| **Sent:** | Thursday, December 02, 2010 7:51 PM |
| **To:** | Sipiora, David E.; Meyer, Richard S.; Holohan, Matthew C. |
| **Cc:** | motej@gtlaw.com; maierse@gtlaw.com; harrisr@gtlaw.com; levinsteinm@gtlaw.com |
| **Subject:** | Wi-LAN v. LG et al. (10cv432) |
| | |
| **Attachments:** | LGE 1st Amended Answer and Counterclaims to Wi-LAN.pdf |


LGE 1st Amended
Answer and Cou...

               Counsel,

Attached is a draft of LGE's First Amended Answer and Counterclaims.  Defendants intend to
ask the Court for leave to file their new counterclaims tomorrow.  However, as the Court
requested that Defendants see whether Wi-LAN had any objection to Defendants' filing of
their new counterclaims we are providing a draft copy to Wi-LAN.  If we do not hear from
Wi-LAN prior to 12pm ET tomorrow, Defendants will assume that Wi-LAN plans to oppose
Defendants' motion for leave to amend.  Thank you.


Very truly yours,

James

James J. Lukas, Jr.
Associate
Greenberg Traurig, LLP | 77 West Wacker Drive | Suite 3100 | Chicago, IL 60601
Tel 312.456.1038 | Fax 312.899.0388

lukasj@gtlaw.com | www.gtlaw.com <http://www.gtlaw.com/>


------------------------------------------------------------------------
Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under
Circular 230, we inform you that any U.S. federal tax advice contained in this
communication (including any attachments), unless otherwise specifically stated, was not
intended or written to be used, and cannot be used, for the purpose of (1) avoiding
penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to
another party any matters addressed herein.
The information contained in this transmission may contain privileged and confidential
information. It is intended only for the use of the person(s) named above. If you are not
the intended recipient, you are hereby notified that any review, dissemination,
distribution or duplication of this communication is strictly prohibited. If you are not
the intended recipient, please contact the sender by reply email and destroy all copies of
the original message. To reply to our email administrator directly, please send an email
to mailto:postmaster@gtlaw.com.
------------------------------------------------------------------------

EXHIBIT 12

Issued by the

# UNITED STATES DISTRICT COURT

THE _____  DISTRICT OF  _____ COLUMBIA

**WI-LAN INC.**

v.

**LG ELECTRONICS, INC. and LG
ELECTRONICS
U.S.A., INC.**

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: 10 Civ. 432 (LAK) (AJP)
SOUTHERN DISTRICT OF NEW YORK,

TO:   Advanced Television Systems Committee, Inc. (ATSC)
1776 K Street, NW
Suite 200
Washington, DC 20006

☐   YOU ARE COMMANDED to appear in the United Stated District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
|  |  |

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):
See Schedule A.

| PLACE<br>Greenberg Traurig, LLP<br>2101 L Street, N.W.<br>Suite 1000<br>Washington, D.C. 20037<br><br>(You may elect to produce the requested documents by sending copies of the documents to the law firm of Greenberg Traurig LLP, 77 West Wacker Drive, Suite 3100, Chicago, IL 60601, Attn: James J. Lukas, Jr., via hand delivery, Federal Express or any other form of delivery, on or before September 24 , 2010). | DATE AND TIME<br>September 24, 2010<br><br>10:00 a.m. |
| --- | --- |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE<br>August 31, 2010 |
| --- | --- |
| James J. Lukas, Jr.<br>Attorney for Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc. |  |

*NY 240,575.045v1 8-31-10*

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
James J. Lukas, Jr.
77 West Wacker Drive, Suite 3100, Chicago, IL 60601 (312) 456-1038

## PROOF OF SERVICE

|                | DATE | PLACE |
|----------------|------|-------|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
|                        |                   |
| SERVED BY (PRINT NAME) | TITLE             |
|                        |                   |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ———————————————————
                    DATE                          SIGNATURE OF SERVER

                                                  ADDRESS OF SERVER

————————————————————————

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fees.

(2) (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i)  fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)  subjects a person to undue burden.

(B)  If a subpoena
(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party of an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of December, 2010, a true and correct copy of the foregoing **DECLARATION OF MATTHEW C. HOLOHAN** was served by electronic mail to the following:

> Richard A. Edlin, Esq.
> Greenberg Traurig, LLP
> 200 Park Avenue
> New York, NY 10166
> edlinr@gtlaw.com

> Jeffrey G. Mote
> Richard D. Harris
> James Lukas, Jr.
> Eric J. Maiers
> Greenberg Traurig, LLP
> 77 West Wacker Drive, Suite 3100
> Chicago, IL 60601
> motej@gtlaw.com
> harrisr@gtlaw.com
> lukasj@gtlaw.com
> maierse@gtlaw.com

Attorneys for Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc.

63061084 v1