UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

| | |
|---|---|
| **WI-LAN INC.**, | 10 CV 432 (LAK) (AJP) |
| Plaintiff, | |
| v. | **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO PRECLUDE PLAINTIFF FROM PURSUING A CLAIM OF PATENT INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS** |
| **LG ELECTRONICS, INC. and LG ELECTRONICS U.S.A., INC.**, | |
| Defendants. | |

-------------------------------------------------------------x

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Rule 16 of the Federal Rules of Civil Procedure, and the Court's inherent power to sanction litigants and to control its docket, Defendants LG Electronics Inc. ("LGE") and LG Electronics U.S.A., Inc. ("LGEUS") (collectively, "Defendants" or "LG"), respectfully move this Court (the "Motion") to preclude Plaintiff Wi-LAN, Inc. ("Plaintiff") from pursuing a claim of patent infringement under the "doctrine of equivalents."

### I.    Background

Plaintiff first brought its patent infringement claim on January 19, 2010 (Dkt. 1.) In its original Complaint and its subsequent amended complaints, Plaintiff generally alleged infringement of U.S. Patent No. 5,828,402 ("the '402 Patent"), but did not specifically refer to any claim of infringement under the doctrine of equivalents. (*See, e.g.*, Dkts. 1, 20, and 67.) On May 14, 2010, Defendants served their First Set of Interrogatories. Included in Defendants' First Set of Interrogatories was Interrogatory No. 1, which required Plaintiff to provide Defendants with its detailed infringement contentions. Interrogatory No. 1 specifically requested the following information:

NY 240,884,958v1

> Identify each claim of the Patent-in-Suit that Wi-LAN asserts Defendants infringe, either directly or indirectly, and for each such asserted claim state whether Wi-LAN contends that Defendants literally infringe, ***infringe under the doctrine of equivalents***, contributorily infringe, and/or induce others to infringe such claim, and provide a complete description of the manner, method, and reasons therefore, including a limitation-by-limitation application of each asserted claim to any product, process, or system that Wi-LAN alleges infringe such claim. For all claims of indirect infringement, identify the direct infringer(s) for any claim of inducement, and the parties to any claim for contributory infringement.
>
> (Defendants' First Set of Interrogatories, at Interrogatory No. 1 (emphasis added).)

On June 15, 2010, Plaintiff served its responses to Defendants' First Set of Interrogatories but failed to fully respond to Defendants' Interrogatory No. 1. (**Exhibit 1**, Plaintiff's Responses to Defendant LG Electronic, Inc.'s First Set of Interrogatories (Nos. 1-8), at Response to Interrogatory No. 1.) Instead, Plaintiff offered a host of objections. Plaintiff objected that Defendants' Interrogatory No. 1 was premature, that it called for expert testimony, that Plaintiff would "provide a more detailed response through its expert report(s)," that it was an improper contention interrogatory, and that it required Plaintiff to disclose information protected by privilege. (*Id*.) Plaintiff did offer one sentence of arguable substance which stated that "Wi-LAN currently believes that at least all of Defendants' products incorporating digital television receivers made since at least about February 2004 and certainly by September 14, 2007 or otherwise including the V-Chip capability described in LGE's press release attached hereto as Exhibit 1 infringe at least Claim 7 of the Patent-in-Suit, literally and under the doctrine of equivalents, directly, contributorily, and through inducement." (Ex. 1, Plaintiff's Responses to Defendant LG Electronics, Inc.'s First Set of Interrogatories (Nos. 1-8), at Response to Interrogatory No. 1.)

NY 240,884,958v1

-3-

Plaintiff's response to Defendants' request for Plaintiff's infringement contentions was, obviously, woefully deficient and failed to provide Defendants with any notice whatsoever of Plaintiff's infringement claims such that Defendants could prepare a noninfringement defense. For that reason, Defendants brought the issue to the attention of the Court. At a hearing held on August 23, 2010, Defendants requested that Plaintiff supplement its response to Interrogatory No. 1 to provide limitation-by-limitation claim infringement contentions so as to create a record sufficient to enable Defendants to mount a noninfringement defense. (**Exhibit 2**, 8/23/10 Hearing Transcript, Dkt. 74, at 3.)[1] The Court agreed and ordered Plaintiff to supplement its response to Interrogatory No. 1, commenting that "[o]bviously, if all you are going to say is their TVs use your V chip, we are not making much progress." (*Id.* at 3.)

On September 10, 2010, four months after Defendants served their discovery requests, Plaintiff served its first supplemental response to Interrogatory No. 1 pursuant to the Court's August 23, 2010 Order.[2] In Plaintiff's first supplemental response, Plaintiff attached a claim chart as Exhibit A, which Plaintiff referred to as a "preliminary, representative claim chart for Defendants' digital TV receivers having V-Chip capability." (*See* **Exhibit 3**, Plaintiff's Second Supplemental Responses to Defendant LG Electronics, Inc.'s First Set of Interrogatories (Nos. 1-8), at First Supplemental Response to Interrogatory No. 1; at Ex. A.) Notably, the infringement contentions attached as Exhibit A *failed to include any infringement claim under the doctrine of equivalents.* Plaintiff's supplemental response merely recited the claim language and cited to certain standards but once again failed to provide any application of the claim limitations to

---

[1] On August 23, 2010, Plaintiff also filed its Second Amended Complaint, which is the current complaint at issue in the case. (Dkt. 67.)

[2] Plaintiff did not supplement its response to Interrogatory No. 1 in its First Supplemental responses, so Plaintiff's first supplemental response to Interrogatory No. 1 was provided in its Second Supplemental responses.

Defendants' accused products or processes. (*Id*.) Thus, Plaintiff's response to Interrogatory No. 1 remained insufficient and Defendants were forced to *again* raise the issue with the Court.

At a September 13, 2010 Hearing, Defendants requested that the Court order Plaintiff to provide adequate infringement contentions. As shown below, the Court gave Plaintiff one last chance and ordered Plaintiff to provide its detailed infringement contentions to Defendants by September 20, 2010:

> **With respect to Wi-LAN's response to LG's interrogatory, now that you know that there is one functionality for DTVs and one for nonDTVs, you are to supplement your claims element chart first by specifying that only claim 7 is being asserted, not that 'including but not limited to' or whatever somewhat fuzzy language you had used previously; and secondly, you are to state for a DTV and a nonDTV product how it is that you claim that the product, the chip, the source code, whatever is exactly, satisfies the element of Wi-LAN's claim**

(**Exhibit 4**, 9/13/10 Hearing Transcript, Dkts. 75-76 at 15.)[3]

On September 20, 2010, Plaintiff served another "supplemental response" to Defendants' Interrogatory No. 1. (**Exhibit 5**, Plaintiff's Third Supplemental Responses to Defendant LG Electronics, Inc.'s First Set of Interrogatories, at Second Supplemental Response to Interrogatory No. 1.) In Plaintiff's second supplemental response, Plaintiff included an updated Exhibit A, which, according to Plaintiff, was a "representative claim chart for a representative DTV product and a representative non-DTV product, showing that each product infringes Claims 7, 8, 9, 10, and 11." *Notably absent from Plaintiff's updated infringement contentions was any infringement claim under the doctrine of equivalents*--including any related application of the claim terms to the accused products or processes and supporting evidence. (*Id*. at Ex. A.)

---

[3] When the Court issued its Order requiring Plaintiff to supplement the infringement contentions requested by Defendants' Interrogatory No. 1, the fact discovery cut-off was set for November 5, 2010. (*See* Dkt. 14.) On October 29, 2010, the Court extended the discovery cutoff to December 3, 2010. (Dkt. 82.)

Approximately two weeks later, on October 6, 2010, Plaintiff served its objections to Defendants' 30(b)(6) Notice of Deposition to Plaintiff.  According to Plaintiff's objections, Plaintiff refused to provide a 30(b)(6) witness to testify regarding Topic No. 31 in Defendants' 30(b)(6) Notice of Deposition, which generally requested a 30(b)(6) deponent on Plaintiff's infringement contentions.  Topic No. 31 specifically requested a 30(b)(6) deponent on "[t]he step-by-step operation(s) of the V-Chip parental control or other program blocking functionality in Defendant's accused DTV or non-DTV products that Wi-LAN contends satisfies each and every limitation of Claim 7 of the '402 Patent."  Plaintiff refused to provide a 30(b)(6) witness to testify on the subject of Plaintiff's infringement contentions based on privilege, as calling for a legal conclusion, as requiring expert testimony, and as being premature.  (*See* **Exhibit 6**, Plaintiff's Objections to Defendants' Notice of Deposition Pursuant to Fed.R.Civ.P. 30(b)(6), at Topic No. 31 (pp. 15-16); **Exhibit 7**, 9/30/10 Ltr. from M. Holohan to E. Maiers.)

Plaintiff has never further supplemented its infringement contentions--and has therefore failed to assert infringement under the doctrine of equivalents before fact discovery closed on December 3, 2010.  Consistent with Plaintiff's decision not to advance a patent infringement claim under the doctrine of equivalents, none of Plaintiff's five experts offered any infringement opinions under the doctrine of equivalents when Plaintiff served its opening expert reports on the subject of patent infringement on January 14, 2011.[4]  In addition, none of Plaintiff's expert offered any opinions on the doctrine of equivalents when responding to Defendants' opening expert report on invalidity and claim construction on January 28, 2011.

---

[4] Plaintiff's primary patent infringement expert Craig Tanner stated the following in his opening expert report on the subject of patent infringement:  "Accordingly, in the event that LG attempts to avoid infringement by identifying purported differences between its Accused Products and the elements of Claims 7,8,9,10, and/or 11 that are not substantially different, I reserve the right to demonstrate that the Accused Products nonetheless infringe one or more of these Claims under the doctrine of equivalents."  (Opening Expert Report of Craig K. Tanner, at ¶ 193.)

Contrary to Plaintiff's prior objections, Plaintiff's position on the issue of purported infringement under the doctrine of equivalents is not privileged, not the subject of a legal conclusion or expert testimony, nor premature at all. Plaintiff failed to offer a position on the doctrine of equivalents and Plaintiff's failure is fatal.

**II.     Argument**

   **A.     Legal Principles**

Rule 37(b)(2) of the Federal Rules of Civil Procedure authorizes sanctions against a party who "fails to obey an order to provide or permit discovery." One potential sanction is an order refusing to allow the disobedient party to support designated claim or prohibiting that party from introducing designated matters into evidence. *See* Fed. R. Civ. P. 37(b)(2)(B). An oral discovery order requiring a plaintiff to disclose its infringement contentions will provide the requisite basis for a Rule 37 sanction. *Nike Inc. v. Wolverwine World Wide, Inc.*, 43 F.3d 644, 648 (Fed. Cir. 1994) (affirming district court's order precluding plaintiff from pursuing a claim for infringement under the doctrine of equivalents after plaintiff failed to disclose the basis for asserting the doctrine of equivalents in violation of an oral discovery order requiring plaintiff to disclose its infringement contentions); *Genetech, Inc. v. Amgen, Inc.*, 289 F.3d 761, 773-74 (Fed. Cir. 2002) (affirming district court's decision to bar plaintiff from asserting infringement under the doctrine of equivalents because plaintiff failed to include that infringement theory and the factual support in its infringement contentions).[5]

---

[5] *See also O2 Micro Int'l. Ltd. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1366-68 (Fed. Cir. 2006) (affirming district court's denial of leave to amend infringement contentions and rejection of supplemental expert reports to add untimely new infringement theories); *SanDisk Corp. v. Memorex Prods., Inc*., 415 F.3d 1278, 1292 (Fed. Cir. 2005) (affirming exclusion of evidence pertaining to theories of claim construction and infringement not disclosed according to the court's scheduling order); *Advanced Cardiovascular Systems v. Medtronic, Inc.,* 265 F.3d 1294, 1303 (Fed. Cir. 2001) (affirming district court's denial of leave to amend invalidity contentions to add new statutory basis for invalidity).

-6-

Rule 16(f) also provides that a Court may impose Rule 37 sanctions if a party fails to obey a scheduling or pretrial order. Rule 16(f) states that if a party or party's attorney fails to obey a scheduling or pretrial order, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). Fed. R. Civ. P. 16(f); *Rambus, Inc. v. Infineon Techs. AG*, 145 F.Supp.2d 721, 736 (E.D.Va. 2001) (precluding plaintiff from presenting testimony on infringement under the doctrine of equivalents under Rules 16 and 37 because plaintiff failed to disclose expert opinions in accordance with the scheduling order); *Revlon Consumer Products Corp. v. The Estee Lauder Companies, Inc.*, Case No. 00 Civ. 5960 (RMB)(AJP), 2003 U.S. Dist. Lexis 13004, at *4-5 (S.D.N.Y. July 30, 2003) (striking portions of defendant's expert affidavit on claim construction and invalidity because it was submitted after expert disclosures were due in direct contradiction to a discovery order previously entered by the court) (**Exhibit 8**).

### B. Plaintiff Should Be Precluded From Pursuing A Claim For Patent Infringement Under The Doctrine Of Equivalents.

On March 24, 2010, the Court issued a Scheduling Order which set the close of fact discovery on November 5, 2010. (Dkt. 14.) Subsequently, on August 23, 2010 and September 13, 2010 the Court issued separate discovery orders requiring Plaintiff to provide its infringement contentions. (Dkts. 74-76.) Most importantly, in the September 13, 2010 Order, the Court made it clear that Plaintiff was required to provide Defendants its complete infringement contentions by September 20, 2010. Dkt. 75-76 at 15 ("you are to state for a DTV and a nonDTV product how it is that you claim that the product, the chip, the source code, whatever is exactly, satisfies the element of Wi-LAN's claim"). A week later Plaintiff provided

NY 240,884,958v1

its supplemental infringement contentions but did not assert a claim of infringement under the doctrine of equivalents--nor provided any factual support for such a claim.

The Court modified its Scheduling Order on October 29, 2010 to extend the close of fact discovery to December 3, 2010. (Dkt. 82.) Subsequently, the Court extended the due date for burden of proof expert reports to January 14, 2011. (Dkt. 101.) Plaintiff never attempted to supplement its infringement contentions to add a claim for infringement under the doctrine of equivalents. Beyond its failure to claim infringement under the doctrine of equivalents in its infringement contentions *during fact discovery*, Plaintiff did not assert or develop any evidence during discovery to support a claim of infringement under the doctrine of equivalents before the conclusion of fact discovery. Indeed, Plaintiff refused to provide a 30(b)(6) witness on topics concerning Plaintiff's infringement contentions. Consistent with Plaintiff's failure to assert infringement under the doctrine of equivalents even *during expert discovery*, Plaintiff failed to present any expert opinions on the doctrine of equivalents in either its opening expert reports or any rebuttal reports, despite having the burden of proving such infringement. *See, e.g., Ultra-tex Surfaces Inc. v. Hill Bros. Chemical Co.*, 204 F.3d 1360, 1364 (Fed. Cir. 2000).[6]

Plaintiff did not comply with the notice and discovery requirements of the Court's Scheduling Order and its subsequent discovery orders of August 23, 2010 and September 13, 2010. Plaintiff did not present any claim for infringement under the doctrine of equivalents, nor

---

[6] In order for a plaintiff to satisfy its burden of establishing infringement under the doctrine of equivalents, a plaintiff "must …provide particularized testimony and linking arguments as to the 'insubstantiality of the differences' between the claimed invention and the accused device or process, or with respect to the function, way, result test when such evidence is presented to support a finding of infringement under the doctrine of equivalents. Such evidence must be presented on a limitation-by-limitation basis. Though missing here, even "[g]eneralized testimony as to the overall similarity between the claims and the accused infringer's product or process will not suffice." *Texas Instruments Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1567 (Fed. Cir. 1996).

did it provide any factual support for such a claim during discovery.[7] As Plaintiff failed to comply with several Court orders and failed to meet the standards of proof required to demonstrate a claim for infringement under the doctrine of equivalents, the Court should preclude Plaintiff from asserting infringement under the doctrine of equivalents at summary judgment and/or at trial. *Nike,* 43 F.3d at 648; *Revlon*, 2003 U.S. Dist. Lexis 13004, at *4-5. The Court should not permit any eleventh-hour attempts by Plaintiff to broaden its claims now, after the conclusion of fact discovery, and after transmittal of its expert reports, which are devoid of any substance on the subject.[8]

**RELIEF REQUESTED**

For the reasons stated herein, Defendants respectfully request that this Court grant Defendants' Motion to preclude Plaintiff from pursuing a claim for patent infringement under the doctrine of equivalents.

Dated: February 4, 2011                              Respectfully submitted,

**GREENBERG TRAURIG, LLP**

*/s/ James J. Lukas, Jr.*
Richard A. Edlin (RE 1998)
Daniel I.A. Smulian (DS 4746)
200 Park Avenue
New York, New York 10166
(212) 801-6528 (*telephone*)
(212) 801-5528 (*facsimile*)
edlinr@gtlaw.com
smuliand@gtlaw.com

Richard D. Harris (*pro hac vice*)
Jeffrey G. Mote (*pro hac vice*)
James J. Lukas, Jr. (*pro hac vice*)

---

[7] According to Plaintiff's Second Amended Complaint, Plaintiff put Defendants on notice of the '402 Patent since at least 2004. (2nd Amended Complaint, Dkt. 67 at ¶ 22.) Thus, Plaintiff has had at least six years to investigate and develop its claim for infringement under the doctrine of equivalents.

[8] The granting of Defendants' request would be consistent with the Court's recent denial of Defendants' motion to amend its pleadings to add antitrust counterclaims, because fact discovery has closed. (*See* 1/4/11 Minute Order.)

-10-

        Eric J. Maiers (*pro hac vice*)
        Matthew J. Levinstein (*pro hac vice*)
        Greenberg Traurig, LLP
        77 West Wacker Drive, Suite 3100
        Chicago, Illinois 60601
        (312) 456-8400 (*telephone*)
        harrisr@gtlaw.com
        motej@gtlaw.com
        lukasj@gtlaw.com
        maierse@gtlaw.com
        levinsteinm@gtlaw.com

        Attorneys for Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc.

Case 1:10-cv-00432-LAK -AJP   Document 117   Filed 02/04/11   Page 10 of 11

-10-

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 4, 2011, the foregoing **Defendants' Memorandum Of Law In Support Of Their Motion To Preclude Plaintiff From Pursuing A Claim For Patent Infringement Under The Doctrine Of Equivalents** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel that have appeared for any party in this matter.

*/s/ James J. Lukas, Jr.*
James J. Lukas, Jr.