UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

WI-LAN INC.,

            Plaintiff,

     v.

LG ELECTRONICS, INC. and LG
ELECTRONICS U.S.A., INC.,

         Defendants.

**No. 10-CV-432 (LAK)(AJP)**

**PLAINTIFF WI-LAN INC.'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION TO PRECLUDE PLAINTIFF FROM PURSUING A
CLAIM OF PATENT INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS**

David A. Koenigsberg
MENZ BONNER & KOMAR LLP
444 Madison Ave., 39th Floor
New York, New York 10022
(212) 223-2100
dkoenigsberg@mbklawyers.com

David E. Sipiora
Matthew C. Holohan (admitted *pro hac vice*)
KILPATRICK TOWNSEND AND STOCKTON LLP
1400 Wewatta Street, Suite 600
Denver, CO 80202
(303) 571-4000
dsipiora@kilpatricktownsend.com
mholohan@kilpatricktownsend.com

Richard S. Meyer (admitted *pro hac vice*)
KILPATRICK TOWNSEND AND STOCKTON LLP
607 14th Street, NW, Suite 900
Washington, DC 20005-2018
(202) 508-5800
rmeyer@kilpatricktownsend.com

ATTORNEYS FOR PLAINTIFF
WI-LAN INC.

**TABLE OF CONTENTS**

I.    BACKGROUND ............................................................................................. 1

   A.   Plaintiff Complied with the Court's Discovery Orders. ................................. 1

   B.   Defendants Improperly Withheld Key Evidence. ........................................... 5

   C.   Plaintiff's Expert Reports Addressed the Doctrine of Equivalents. ................ 7

II.   LEGAL STANDARD ................................................................................... 7

III.  ARGUMENT ................................................................................................. 8

   A.   Plaintiff Did Not Violate Discovery Orders. ................................................. 8

   B.   Defendants Misstate the Applicable Law. ..................................................... 10

   C.   Defendants' Motion is Procedurally Improper .............................................. 12

IV.   CONCLUSION ............................................................................................ 13

# TABLE OF AUTHORITIES

**CASES**

*Advanced Cardiovascular Systems, Inc. v. Medtronic, Inc.*,
  265 F.3d 1294 (Fed. Cir. 2001)..........................................................................................11, 12

*Convolve, Inc. v. Compaq Computer Corp.*,
  223 F.R.D. 162 (S.D.N.Y. 2004) ...............................................................................................9

*Genentech, Inc. v. Amgen, Inc.*,
  289 F.3d 761 (Fed. Cir. 2002)..................................................................................................11

*In re Veeco Instruments, Inc. Security Litig.*,
  No. 05MD1695 CM GAY, 2007 WL 274800 (S.D.N.Y. Jan. 29, 2007) ...................................9

*Jimenez v. Sullivan*,
  No. 03 Civ.7293 JCF, 2004 WL 3019490 (S.D.N.Y. Dec. 30, 2004) .......................................8

*Nike Inc. v. Wolverine World Wide, Inc.*,
  43 F.3d 644 (Fed. Cir. 1994)..............................................................................................11, 12

*Nimkoff v. Dollhausen*,
  262 F.R.D. 191 (E.D.N.Y. 2009) ...............................................................................................8

*O2 Micro Int'l Ltd. v. Monolithic Power Systems, Inc.*,
  467 F.3d 1355 (Fed. Cir. 2006)................................................................................................10

*Outley v. City of New York*,
  837 F.2d 587 (2d Cir. 1988)......................................................................................................8

*Rambus, Inc. v. Infineon Techs. AG*,
  145 F. Supp. 2d 721 (E.D. Va. 2001) ................................................................................11, 12

*SanDisk Corp. v. Memorex Products, Inc.*,
  415 F.3d 1278 (Fed. Cir. 2005).................................................................................................11

*Sicurelli v. Jeneric/Pentron, Inc.*,
  No. 03CV4934 SLT KAM, 2006 WL 681212 (E.D.N.Y. Mar. 14, 2006) ...............................9

*Trilegiant Corp. v. Sitel Corp.*,
  ___ F.R.D. ____, 2010 WL 4668950 (S.D.N.Y. 2010)............................................................8

**OTHER AUTHORITIES**

Fed. R. Civ. P. 16..........................................................................................................................12

Fed. R. Civ. P. 16(f).........................................................................................................................7

Fed. R. Civ. P. 16(f)(1)(C) ............................................................................................8

Fed. R. Civ. P. 26(a)(2)(B) ...........................................................................................7

Fed. R. Civ. P. 30(b)(6) ...........................................................................................4-6

Fed. R. Civ. P. 37 ..........................................................................................7, 11, 12

Fed. R. Civ. P. 37(b)(2) ...........................................................................................7, 8

S.D.N.Y. L.R. 33.3(c) ...............................................................................................2, 8

S.D.N.Y. L.R. 37.2 ........................................................................................................2

Plaintiff Wi-LAN Inc. ("Wi-LAN" or "Plaintiff") submits this Opposition to Defendants' Motion to Preclude Plaintiff from Pursuing a Claim of Patent Infringement Under the Doctrine of Equivalents ("Defendants' Motion").  Seeking cover for their own failure to comply with Court orders to produce source code that proved infringement or to respond to interrogatories that sought disclosure of their non-infringement theories, Defendants have filed a procedurally improper and substantively baseless motion to preclude Plaintiff from asserting infringement under the doctrine of equivalents.  Defendants bring their motion despite the fact that Wi-LAN's intent to rely upon such theories was stated at the outset of the litigation and maintained throughout, and despite Wi-LAN's articulation of theories of infringement in its expert report. Inexplicably, Defendants seek this relief as a "sanction" for an imagined violation of the Court's discovery orders.  However, Defendants can point to no order that Wi-LAN failed to obey, nor any other basis to prevent Wi-LAN from asserting infringement arguments under the doctrine of equivalents.  Defendants' Motion should be rejected out of hand, and Wi-LAN should be awarded costs for responding to this baseless motion, which the Court would not have permitted Defendants to bring had Defendants followed the required informal discovery conference procedures.

## I.   BACKGROUND

### A.   Plaintiff Complied with the Court's Discovery Orders.

Defendants yet again resort to misrepresentations and outright falsehoods in seeking relief to which they are not entitled.  By selectively parsing quotes from hearing transcripts and other documents in this case, Defendants falsely accuse Plaintiff of failing to comply with the Court's discovery orders concerning Defendants' premature contention interrogatories.  An accurate account of the relevant facts demonstrates that Plaintiff has complied with all discovery orders identified by Defendants.

1

First, Defendants served contention interrogatories early in the case in direct contravention of this Court's Local Rules, which provide as follows:

> *At the conclusion of other discovery*, and at least 30 days prior to the discovery cut-off date, interrogatories seeking the claims and contentions of the opposing party may be served  unless the court has ordered otherwise.

S.D.N.Y. L.R. 33.3(c) (emphasis added).  Despite the premature nature of Defendants' Interrogatory No. 1, which sought Plaintiff's infringement contentions, Plaintiff explained in its initial response that (1) Defendants' Accused Products "infringe at least Claim 7 of the Patent-in-Suit, literally *and under the doctrine of equivalents*, directly, contributorily, and through inducement"; and (2) it would "provide a more detailed response through its expert report(s)." Defendants' Ex. 1 at 5 (emphasis added).  Accordingly, from Plaintiff's ***very first response*** to Defendants' first interrogatory, Defendants were on notice that Plaintiff was asserting infringement under the doctrine of equivalents and that the details of such assertions would be fully set forth through expert discovery consistent with the Local Rules, which is perfectly logical as the *sine qua non* of a doctrine of equivalents position is an articulation by the accused infringer as to which claim limitations it alleges are not literally present.

Notwithstanding this response, Defendants repeatedly insisted that Plaintiff supplement its answer to Interrogatory No. 1.  As early as July 22, 2010, Defendants demanded a comprehensive response to its contention interrogatory.  July 22, 2010 Hearing Transcript at 17:6-10.  (Declaration of Matthew C. Holohan, dated February 10, 2011, Ex. A ("Holohan Decl.")).  The Court rejected Defendants' request, holding that "It's still relatively early" and thus Defendants' demands were premature.  *Id.* at 17:11.

Defendants renewed their demand at the August 23 Status Conference.  At that hearing, Plaintiff stated that the basis for Plaintiff's infringement assertions at that time had been

extensively laid out in years worth of prior correspondence between the parties, including a detailed letter from Wi-LAN's outside counsel to Defendants.  August 23, 2010 Hearing Transcript at 2:25-3:4 (Holohan Decl., Ex. B).  The Court considered this background and declined to order Plaintiff to list every possible theory of infringement in response to Interrogatory No. 1.  Instead, the Court ordered Plaintiff to adapt the prior correspondence into an interrogatory answer.  *Id.* at 3:5-12.  Defendants acknowledged in open court that such a response would suffice.  *Id.* at 3:14-19.

Plaintiff served a detailed claim chart on September 10, 2010.  Defendants' Ex. 3.  Still purportedly unsatisfied, Defendants pressed Plaintiff and the Court for further supplementation, raising the issue again at a telephone conference with the Court on September 13, 2010.  Importantly, Defendants did not press for a delineation of every possible theory of infringement at that time.  Instead, Defendants' complaints at the September 13 conference were limited to the allegation that Plaintiff had failed to identify any specific products in its otherwise detailed claim chart.  September 13, 2010 Hearing Transcript at 7:17-25 (Holohan Decl., Ex. C).  In response, Plaintiff stated that Plaintiff had identified numerous Accused Products and that Defendants had only recently provided information concerning the different functionalities in their Accused Products that may have assisted Plaintiff in providing more detail.  *Id.* at 9:2-10, 10:25-11:8.  Wi-LAN further explained that Defendants' ongoing improper failure to provide additional substantive information concerning the functionality of their Accused Products prevented Plaintiff from completely answering the Interrogatory at that stage.  *Id.* at 10:25-12:2.  In particular, Plaintiff cited the fact that Defendants had (1) delayed in providing a list of the different types of V-Chip functionalities in their Accused Products after being ordered to do so

3

by the Court (*id.* at 10:25-11:8); and (2) failed to provide an identification of products corresponding to each functionality, despite being ordered to do so by the Court (*id.* at 11:10-18).

In light of these facts, the Court made a specific order directing Plaintiff to provide one claim chart for each of the two categories of products that Defendants had belatedly identified. *Id.* at 15:7-16.  Plaintiff fully complied with this order by providing supplemental claim charts on September 20, 2010.  Defendants' Ex. 5.  Defendants never raised the issue again until they filed this motion.

In sum, Wi-LAN fully complied with the specific orders of the Court concerning Defendants' Interrogatory No. 1.  Defendants have at all times been on notice of the general substance of Plaintiff's infringement theory and of the fact that Plaintiff intends to argue the doctrine of equivalents, as necessary, in response to Defendants' non-infringement positions. Importantly, despite Defendants' numerous challenges to Plaintiff's response to Interrogatory No. 1, Defendants never demanded a more definite articulation of Plaintiff's doctrine of equivalents theories.  Instead, Defendants accepted Wi-LAN's representations that it would provide a more detailed analysis through expert discovery.[1]  Furthermore, Plaintiff supplemented its response to Interrogatory No. 1 at the close of fact discovery, reaffirming its prior representations and identifying additional documents on which it would rely.  Plaintiff's Fourth Supplemental Response to Defendant LG Electronics, Inc.'s First Set of Interrogatories (Nos. 1-8) at 7 (Holohan Decl., Ex. D).  Again, Defendants never challenged these responses after the September 20 supplementation.

---

[1]     Defendants also failed to challenge and thereby ***waived*** any concern with Plaintiff's objection to Defendants' Rule 30(b)(6) deposition topic concerning infringement contentions. Again, Defendants' conduct indicates their acceptance of Plaintiff's intent to set forth detailed infringement allegations through expert discovery.

**B.      Defendants Improperly Withheld Key Evidence.**

Plaintiff's responses to Interrogatory No. 1 during the time period of June through September 2010 were fully compliant with the Court's orders, the Local Rules, and the Federal Rules of Civil Procedure.  Furthermore, Plaintiff's responses were as complete as practicable given Defendants' ongoing pattern of withholding key technical evidence and refusing to provide deposition witnesses.

Defendants repeatedly refused to produce highly relevant technical evidence, including source code and documentation concerning their receiver chips, despite repeated orders to do so by the Court.  For example, Defendants initially refused to produce any technical documentation at all, and forced Plaintiff to seek a Court order compelling them to do so.  July 22, 2010 Hearing Transcript at 24:9-26:7.  Even after the Court's order, Defendants continued to withhold key evidence, forcing further letters from Plaintiff and involvement by the Court.  *See, e.g.*, September 24, 2010 Hearing Transcript at 5:5-6:23 (Holohan Decl., Ex. E).

Defendants then engaged in extensive misconduct concerning the production of source code, violating repeated Court orders to make a complete production of source code for review by Plaintiff.  *See, e.g.*, September 24, 2010 Hearing Transcript at 7:18-8:22; October 29, 2010 Hearing Transcript at 2:18-21, 15:24-16:9 (Holohan Decl., Ex. F).  As recently as November, Defendants violated the Court's order to make a complete production of source code, leading the Court to impose sanctions against Defendants.  November 16, 2010 Hearing Transcript at 3:8-4:2 (Holohan Decl., Ex. G).  Indeed, notwithstanding these numerous Court orders, Defendants produced source code as recently as January 10, 2011.  *See* January 18, 2011 Email from M. Holohan to J. Lukas (Holohan Decl., Ex. H).

Defendants additionally produced Rule 30(b)(6) deposition witnesses who lacked knowledge concerning key aspects of Defendants' Accused Products, necessitating further

depositions and discovery practice.  October 29, 2010 Hearing Transcript at 21:19-22:20.

Indeed, Defendants' pattern of delay, obfuscation, and withholding of evidence forced Plaintiff

to seek key discovery from third-party witnesses right up to the week of Christmas, weeks after

the close of fact discovery.[2]

    In addition to withholding this key evidence concerning the operation of their products,

Defendants also failed to timely disclose their non-infringement theories.  Defendants' response

to Plaintiff's Interrogatory No. 21, which sought the bases for Defendants' affirmative defenses

and counterclaims (including non-infringement), set forth only minimal arguments related to

non-infringement.  Defendant LG Electronics, Inc.'s Responses and Objections to Plaintiff's

Fourth Set of Interrogatories at 15 (Holohan Decl., Ex. I).[3]  Subsequently, just prior to the due

dates for expert reports, Defendants belatedly produced over 2,000 pages of previously withheld

opinion of counsel materials that set forth much more detailed non-infringement theories.

Holohan Decl., Exs. J & K.  Because arguments under the doctrine of equivalents are meant to

counter assertions that specific claim elements are missing, Defendants' failure to timely disclose

their non-infringement theories prevented Plaintiff from fully articulating its doctrine of

equivalents arguments in response to Defendants' interrogatories.

    Given these tactics by Defendants, Plaintiff could not possibly have laid out every one of

its infringement theories in September 2010, before Plaintiff had even had an opportunity to

depose all of Defendants' witnesses.[4]  Rather, Plaintiff supplemented its prior responses through

---

[2]     Plaintiff conducted the depositions of two third-party fact witnesses from Broadcom
Corporation on December 21 and December 23, 2010.  Holohan Decl. ¶ 2. Fact discovery closed
on December 3.

[3]     Significantly, Defendants also stated in their response that they would "provide a more
detailed response through [their] expert report(s)," the precise approach for which they now
attack Plaintiff.  *Id.*

[4]     The first Rule 30(b)(6) depositions of Defendant LG Electronics, Inc., which covered the
technical aspects of Defendants' Accused Products, took place during the week of October 6,
2010 in Seoul, Korea.  Holohan Decl. ¶ 3.

its expert reports served on January 14, 2011, as Plaintiff said that it would do all along.

###### C.      Plaintiff's Expert Reports Addressed the Doctrine of Equivalents.

As stated above, Plaintiff served its opening expert reports on January 14, 2011, which was the date for opening expert reports ordered by the Court.  Consistent with its prior responses to Defendants' interrogatories, Plaintiff's expert reports contained detailed infringement allegations, including allegations under the doctrine of equivalents.  Defendants' assertion that "none of Plaintiff's five experts offered any infringement opinions under the doctrine of equivalents" (Defendants' Motion at 5) is blatantly false.  For example, while the Opening Expert Report and Disclosure of Craig K. Tanner Under Rule 26(a)(2)(B), Fed. R. Civ. P. ("Tanner Report") concludes that Defendants literally infringe the patent-in-suit, the Tanner Report also explicitly finds infringement under the doctrine of equivalents, and reserves "the right to demonstrate that the Accused Products nonetheless infringe . . . under the doctrine of equivalents" in the event that "LG attempts to avoid infringement by identifying purported differences between its Accused Products and the [patent-in-suit] that are not substantially different."  Tanner Report ¶¶ 192-193 (Holohan Decl., Ex. L).  The Tanner Report then offers at least two specific, detailed arguments under the doctrine of equivalents. *Id.* ¶¶ 194-195.[5] Accordingly, Defendants' false assertion that Plaintiff's expert reports do not address the doctrine of equivalents is flat out *false* and warrants sanctions.

## II.    LEGAL STANDARD

Defendants bring their motion for preclusion pursuant to Federal Rule of Civil Procedure 37(b)(2), and Federal Rule of Civil Procedure 16(f) as one basis for imposing Rule 37 sanctions. Defendants' Motion at 6-7.  At the outset, relief under Rule 37(b)(2) or Rule16(f) requires a

---

[5]      In light of Defendants' belated disclosure of their non-infringement theories, Plaintiff may assert additional doctrine of equivalents arguments as necessary to the extent they could not be raised in Plaintiff's opening expert reports.

showing that a Court order has been violated.  Fed. R. Civ. P. 37(b)(2) (allowing sanctions where a party "fails to obey an order to provide or permit discovery"); Fed. R. Civ. P. 16(f)(1)(C) (allowing sanctions where a party "fails to obey a scheduling or other pretrial order"). Defendants cannot make such a showing here.

However, even if Defendants could somehow demonstrate that a Court order has been violated (which they cannot do), "'[b]efore the *extreme sanction* of preclusion may be used by the district court, a judge should inquire more fully into the actual difficulties which the violation causes, and must consider less drastic responses.'"  *Jimenez v. Sullivan*, No. 03 Civ.7293 JCF, 2004 WL 3019490, at *4 (S.D.N.Y. Dec. 30, 2004) (emphasis added) (quoting *Outley v. City of New York*, 837 F.2d 587, 591 (2d Cir. 1988)).  Defendants have not even attempted to show that they have been prejudiced by any purported conduct by Plaintiff, nor demonstrated that lesser sanctions would be inappropriate.[6]  Accordingly, Defendants' Motion should be denied.

## III.   ARGUMENT

### A.   Plaintiff Did Not Violate Discovery Orders.

As discussed above, Plaintiff complied with the Court's discovery orders, as well as the Local Rules and the Federal Rules of Civil Procedure, in responding to Defendants' Interrogatory No. 1.  The applicable Local Rules are clear regarding contention interrogatories. Such interrogatories may be served "*[a]t the conclusion of other discovery*."  S.D.N.Y. L.R. 33.3(c) (emphasis added).  Courts in this District have held that such interrogatories "should not be served until the conclusion of other discovery."  *Trilegiant Corp. v. Sitel Corp.*, ___ F.R.D. ____, 2010 WL 4668950, at *6 (S.D.N.Y. 2010); *see also Nimkoff v. Dollhausen*, 262 F.R.D. 191, 195 (E.D.N.Y. 2009) ("While such [contention] interrogatories are generally permitted, the obligation to respond should be postponed until the end of the discovery period.").  Plaintiff thus

---

[6]     Of course, because Wi-LAN has not violated any order, no sanctions are warranted.

acted properly in declining to articulate every conceivable theory of infringement at the outset.

Furthermore, where a party is ordered to respond to contention interrogatories that implicate subject matter that will be addressed by experts, the party may respond to the interrogatory based on currently available information and "supplement said responses as they deem appropriate after expert discovery." *In re Veeco Instruments, Inc. Security Litig.*, No. 05MD1695 CM GAY, 2007 WL 274800, at *2 (S.D.N.Y. Jan. 29, 2007).  As one court held, "in advance of the exchange of expert reports," the purpose of contention interrogatories such as Defendants' Interrogatory No. 1 "is not to inquire into every specific factual detail that a party will rely on," but rather to identify "the general types of evidence" on which the contentions are grounded.  *See Convolve, Inc. v. Compaq Computer Corp.*, 223 F.R.D. 162, 173 (S.D.N.Y. 2004).[7]  *See also Sicurelli v. Jeneric/Pentron, Inc.*, No. 03CV4934 SLT KAM, 2006 WL 681212, at *2 (E.D.N.Y. Mar. 14, 2006) (affirming order that plaintiffs did not have to respond to contention interrogatories at that time, but that plaintiffs' expert reports were "expected to provide additional information regarding the specific factual bases for plaintiffs' infringement contentions").

Given the applicable legal principles in this District, Plaintiff's conduct concerning its infringement contentions were entirely proper and fully consistent with the requirements of this Court.  Plaintiff's responses to Defendants' premature contention interrogatory fairly put Defendants on notice of the "general types" of evidence and arguments that Plaintiff intended to assert concerning Defendants' infringing products, including infringement under the doctrine of equivalents.  Plaintiff was responsive to and compliant with the specific orders of the Court concerning supplementation, which never required Plaintiff to set forth "every specific factual

---

[7]     Although *Convolve* specifically dealt with contention interrogatories related to damages calculations, the principles articulated are generally applicable to contention interrogatories.

detail."  Defendants never challenged Plaintiff's responses after Plaintiff supplemented its

infringement claim chart on September 20, 2010, or its written response on December 3, 2010.

Furthermore, Plaintiff at all times made it clear that its complete infringement

contentions, including specific details related to its arguments under the doctrine of equivalents,

would be set forth through expert discovery.  Consistent with the precedents of this Court,

Plaintiff served an expert report shortly after completing third-party fact discovery that explained

its infringement theories, including arguments under the doctrine of equivalents that could be

raised at the time given Defendants' failure to timely disclose their non-infringement theories.

Defendants can point to no Court order that Plaintiff violated, or any other basis whatsoever to

preclude Plaintiff from pursuing the theories set forth in its expert reports.

**B.      Defendants Misstate the Applicable Law.**

The Local Rules of this Court mandate that contention interrogatories be reserved until

the end of discovery and that responses to such interrogatories may be supplemented via expert

discovery.  Ignoring these principles, Defendants cite a host of cases applying the local rules of

*other courts* that have no applicability here.

Several of the cases cited by Defendants apply the Local Rules of the U.S. District Court

for the Northern District of California, which include stringent requirements for infringement

and invalidity contentions in patent cases that have not been adopted in this litigation.  In *O2*

*Micro Int'l Ltd. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355 (Fed. Cir. 2006), the Court

acknowledged that the usual practice under the Federal Rules of Civil Procedure is to postpone

contention interrogatories until the close of discovery, or to allow amendment "as a matter of

course during the discovery period."  *Id.* at 1365.  The court then acknowledged that the Local

Rules of the Northern District of California run contrary to this practice "by requiring both the

plaintiff and the defendant in patent cases to provide early notice of their infringement and

10

invalidity contentions." *Id.* at 1365-66. Such a requirement has never been imposed in this case. However, Plaintiff nonetheless provided Defendants with more than adequate notice of its infringement theories despite Defendants' improper withholding of evidence.

Similarly, in *Genentech, Inc. v. Amgen, Inc.*, 289 F.3d 761 (Fed. Cir. 2002), another case from the Northern District of California, the Court "defer[red] to the district court" in affirming the "conservative" application of a specific patent local rule of that court. *Id.* at 774. A similar result was reached in *SanDisk Corp. v. Memorex Products, Inc.*, 415 F.3d 1278, 1292 (Fed. Cir. 2005), which cited *Genentech* in addressing the same local rules from the Northern District of California. The specific patent rules of the Northern District of California simply have no applicability to this dispute, and Defendants' reliance on these cases is inapposite and must be disregarded.

Defendants' additional cases present facts that are readily distinguishable, and show that Plaintiff here was diligent in responding to Defendants' discovery requests. In *Nike Inc. v. Wolverine World Wide, Inc.*, 43 F.3d 644 (Fed. Cir. 1994), the District Court imposed "a duty to respond [to discovery requests] with everything that you have that is responsive to a reasonable request." *Id.* at 648. The Federal Circuit, applying Ninth Circuit law, held that the District Court's Rule 37 sanction for failure to comply with the order was not an abuse of discretion. *Id.* at 647-648, 649. Here, the Court made discrete, specific orders to supplement interrogatory responses, and Plaintiff complied with those orders consistent with the Local Rules of this Court.

In *Rambus, Inc. v. Infineon Techs. AG*, 145 F. Supp. 2d 721 (E.D. Va. 2001), the court considered expert reports that had been filed beyond the dates scheduled for the exchange of expert reports. *Id.* at 723. In *Advanced Cardiovascular Systems, Inc. v. Medtronic, Inc.*, 265 F.3d 1294 (Fed. Cir. 2001), the defendant had "provided only the barest allegation of invalidity

under § 112, paragraph 1" more than three years after the complaint had been filed, and was

therefore precluded from pursuing a claim of invalidity under that theory.  *Id.* at 1303-04 .  Here,

Plaintiff's infringement theories have been known throughout (and prior to) the litigation, and

Plaintiff provided detailed allegations under the doctrine of equivalents promptly upon the

completion of fact discovery, abiding by the deadlines set forth in the Court's scheduling order.

Thus, the sanctions imposed in *Nike*, *Rambus*, and *Advanced Cardiovascular Systems*, which

were based upon delay and lack of diligence, are not warranted here.

Defendants' reliance on out-of-district rules and factually inapposite precedents should be

rejected.  Plaintiff has properly and timely disclosed its positions under the doctrine of

equivalents, and should not be precluded from pursuing these theories going forward.

Defendants' Motion should be denied.

## C.   Defendants' Motion is Procedurally Improper

As a separate, independent basis for rejecting Defendants' Motion, Defendants have

failed to comply with the Local Rules of this Court in bringing their motion (in addition to

ignoring the legal principles of this Court in attempting to support it).  Defendants' Motion is a

discovery motion pursuant to Federal Rule of Civil Procedure 37.  Defendants' Motion at 1.[8]

The Local Rules of this Court provide:

> No motion under Rules 26 through 37 inclusive of the Federal
> Rules of Civil Procedure shall be heard unless counsel for the
> moving party has first requested an informal conference with the
> court and such request has either been denied or the discovery
> dispute has not been resolved as a consequence of such a
> conference.

S.D.N.Y. L.R. 37.2.  The Individual Practices of this Court confirm that Local Rule 37.2 must be

---

[8]   Defendants also cite Federal Rule of Civil Procedure 16, but only for the proposition that
a Court may impose Rule 37 sanctions under certain circumstances.  Defendants' Motion at 7.
Defendants further make a nebulous reference to the Court's inherent power to control its docket,
in an apparent attempt to escape the inconvenience of complying with the Local Rules
concerning discovery motions.

followed for discovery motions such as this one.  Individual Practices of Magistrate Judge

Andrew J. Peck. § 2.A.  Defendants have not requested an informal conference regarding this

motion, and Defendants have therefore brought their motion in violation of the Local Rules and

Individual Practices of this Court.  Accordingly, Defendants' Motion should be dismissed out of

hand, and Plaintiff awarded costs for having to respond to such a frivolous motion, on that basis

alone.

## IV.   CONCLUSION

For the foregoing reasons, Wi-LAN respectfully requests that the Court DENY

Defendants' Motion to Preclude Plaintiff from Pursuing a Claim of Patent Infringement Under

the Doctrine of Equivalents.

DATED:  February 11, 2011                    Respectfully submitted,

David A. Koenigsberg
MENZ BONNER & KOMAR LLP
444 Madison Ave., 39th Floor
New York, New York 10022
(212) 223-2100
dkoenigsberg@mbklawyers.com


_____/s/ Matthew C. Holohan_____
David E. Sipiora
Matthew C. Holohan (admitted *pro hac vice*)
KILPATRICK TOWNSEND & STOCKTON LLP
1400 Wewatta Street, Suite 600
Denver, CO 80202
(303) 571-4000
dsipiora@kilpatricktownsend.com
mholohan@kilpatricktownsend.com


Richard S. Meyer (admitted *pro hac vice*)
KILPATRICK TOWNSEND & STOCKTON LLP
607 14th Street, NW, Suite 900
Washington, DC 20005-2018
(202) 508-5800
rmeyer@kilpatricktownsend.com


ATTORNEYS FOR PLAINTIFF WI-LAN INC.