# GT GreenbergTraurig

Richard D. Harris
Tel 312.456.6810
Fax 312.456.8435
harrisr@gtlaw.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 2/22/11

RECEIVED FEB 18 2011 CHAMBERS OF ANDREW J. PECK

**MEMO ENDORSED**

February 18, 2011

**VIA FACSIMILE**
Hon. Andrew J. Peck
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom: 20D
New York, NY 10007-1312
Fax: 212-805-7933

    Re:   *Wi-LAN Inc. v. LG Electronics, Inc. and LG Electronics U.S.A., Inc.*
          Civil Action No. 10 Civ. 432 (LAK) (AJP)

Dear Magistrate Judge Peck:

### The Bereskin & Parr Deposition Regarding the Two Sets of 03/21/2006 Handwritten Attorney Notes

Defendants respectfully request that they be permitted to inform Judge Kaplan that Plaintiff continues to cling to its untenable position that there is absolutely no deposable witness that can read the primary Bereskin & Parr handwritten attorney notes. Defendants' request arises out of Plaintiff's failure to comply with the Court's instructions given during the parties' February 10, 2011, status hearing. In particular, the Court required Plaintiff to send a confirmatory fax to the Court by no later than noon of Monday, February 14, 2011, indicating that Plaintiff will provide a knowledgeable witness to testify to the handwritten attorney notes. (02/10/2011 Hearing Tr. at 56:17-21, attached as **Exhibit A**.) According to the Court:

> If you cannot by noon on Monday figure this out, or they don't know whether or not ***one of the authors is too sick and the other refuses to guesstimate what was in his notes or any of that nonsense***, then my order stands and Mr. Harris is certainly free to supplement the record before Judge Kaplan with this discussion and the fact that there is nobody in Canada able or willing on behalf of Wi-Lan to explain what those notes are, they came out of a lawyer's file, and he will make whatever argument he wants to make before Judge Kaplan.

(*Id.* at 57:5-13 (emphasis added).) Given Plaintiff's failure to comply with the Court's instructions, for the very reason the Court exemplified in bold above, Defendants request that the Court permit them to convey Plaintiff's reluctance,

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BERLIN--
BOSTON
BRUSSELS--
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON-
LOS ANGELES
MIAMI
MILAN--
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PALM BEACH COUNTY
PHILADELPHIA
PHOENIX
ROME--
SACRAMENTO
SAN FRANCISCO
SHANGHAI
SILICON VALLEY
TALLAHASSEE
TAMPA
TYSONS CORNER
WASHINGTON, D.
WHITE PLAINS
ZURICH--

--OPERATES AS GREENBERG TRAURIG MAHER LLP
--STRATEGIC ALLIANCE

GREENBERG TRAURIG, LLP ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM
77 West Wacker Drive, Suite 3100 ■ Chicago, Illinois ■ Tel 312.456.8400 ■ Fax 312.456.8435
NY 240,942,842v2

Hon. Andrew J. Peck
February 18, 2011
Page 2

---

refusal, and/or inability to provide a knowledgeable witness to testify on both of the handwritten attorney notes, to Judge Kaplan's attention.

## The Chronology of Events

Just one day after the Court's order, assuming that Plaintiff intended to comply with the Court's instructions, Defendants sent a letter to Plaintiff requesting a deposition on either February 17 or 18 in Toronto. (02/11/2011 Harris Letter to Sipiora, attached as **Exhibit B**.) On Monday, February 14, 2011, Plaintiff faxed a letter to the Court indicating that Mr. Victor Krichker "*might* be able to make himself available." (02/14/2011 Sipiora Letter to Judge Peck, attached as **Exhibit C** (emphasis added).) Apparently, Mr. Krichker "has requested details concerning the proposed arrangements for the deposition, and clarification regarding the topics on which he would be deposed to see if he has any relevant non-privileged information." (*Id.*) Monday, Tuesday, and Wednesday passed with Plaintiff's continued silence—and Plaintiff's non-compliance with the Court's order. On Thursday, February 17, 2011 (yesterday morning), a full week *after* the order, Defendants sent an email to Plaintiff explaining that Plaintiff's February 11 letter failed to discharge Plaintiff's obligations to comply with the Court's instructions. (02/17/2011 Maiers Email to Holohan, attached as **Exhibit D**.)

Shortly thereafter, Plaintiff submitted a second letter to the Court stating that it *cannot* provide a witness to testify to one of the two documents, the primary one, WL0426961-63.[1] (02/17/2011 Sipiora Letter to Judge Peck, attached as **Exhibit E**; 03/21/2006 handwritten attorney notes, attached as **Exhibit F** (emphasis added).) This leaves no one to testify on the more detailed letter that the Court itself read into the record on December 30, 2010. (12/30/2010 Hearing Tr. at 9:2-19 ("'We need 0 [zero] -' something crossed out 'report. LG doesn't want to report if not using our tech. Mr. Kang --;'" "Will make template for 'no sales.'").)

Plaintiff's letter expressly states that Mr. Krichker of Bereskin & Parr will not testify at all on the primary document:

> [Mr. Krichker] could not read the handwriting in WL0426961 or provide any other testimony concerning this document.

---

[1] Defendants note that Plaintiff's 2/17/2011 letter comes not only a full week after the 2/10/2011 status hearing, but also nearly three days after the deadline by which the Court required Plaintiff to confirm that a Bereskin & Parr witness is available to offer competent testimony.

10:45am    From-GREENBERG TRAURIG CHICAGO           312 456 8435 T           T-862   P.004/024   F-384

Hon. Andrew J. Peck
February 18, 2011
Page 3

(02/17/2011 Sipiora Letter to Judge Peck, **Ex. E**.) Clearly, Plaintiff confirms that "one of the authors is too sick and the other refuses to guesstimate what was in [the first author's] notes"—exactly what the Court thought would happen. (02/10/2011 Hearing Tr. at 57:5-13, **Ex. A**.)

Defendants had little trouble reading this document. The Court had little trouble reading this document. Yet Mr. Krichker, who attended the meeting at which these notes were taken, cannot read it or provide *any* testimony on it. Mr. Krichker knows that the notes are those of Mr. Parr, but now can't even read them—much less illuminate the circumstances under which they were taken.

Plaintiff has drawn out this cat and mouse game for far too long. There is no Bereskin & Parr witness available to offer competent testimony on the primary handwritten attorney notes. Plaintiff's actions amount to nothing more than additional stalling tactics intended to thwart Defendants' ability to use the handwritten attorney notes in this litigation, while Plaintiff stalls for Judge Kaplan's ruling. Judge Kaplan should be made aware of Plaintiff's latest actions, and this Court's relevant transcript portion from the February 10, 2011, status hearing—as previously ordered by the Court on February 10—in order to make a fully-informed ruling on Plaintiff's pending objection.

In accordance with the Court's instructions, Defendants respectfully request that they be permitted to supplement the record before Judge Kaplan to apprise him of Plaintiff's latest dilatory tactic—preventing Defendants from meaningfully procuring evidence that directly contradicts Plaintiff's fraudulent inducement claim.

### The Michael Fortkort Deposition

Defendants further write regarding Plaintiff's latest attempt to limit the scope of Mr. Michael Fortkort's upcoming deposition. During the February 10, 2011, status hearing, the Court ordered Mr. Fortkort to appear for deposition, partly in response to Plaintiff's late production of documents after the completion of Plaintiff's 30(b)(6) depositions. (*See* 2/10/2011 Hearing Tr. at 33:6-13, 52:19, **Ex. A**.) As a result, Defendants offered Plaintiff the option to suggest an alternative witness to testify should Mr. Fortkort be unknowledgeable regarding the documents specified in Defendants' February 7, 2011, letter. (2/16/2011 Lukas Email to Holohan, attached as **Exhibit G**.) In response, Plaintiff expressed its viewpoint that Mr. Fortkort is under no obligation to be knowledgeable regarding any of the documents on which Defendants will soon depose him—a position that vitiates the Court's order to present him for deposition to cover the documents on which Defendants have not had the

Hon. Andrew J. Peck
February 18, 2011
Page 4

opportunity to obtain any 30(b)(6) testimony. (2/17/2011 Holohan Email to Lukas, **Ex. G.**)

Accordingly, Defendants request that the Court clarify its ruling by requiring Plaintiff to educate Mr. Fortkort on the documents specified in Defendants' February 7, 2011, letter and/or suggest an alternative, knowledgeable witness to testify to these documents—for his brief, two-hour, deposition.

Respectfully submitted,

/s/ Richard D. Harris
Richard D. Harris

cc: Counsel of record (via e-mail)

**MEMO ENDORSED** 2/22/11

1. [handwritten notation, illegible]

2. [handwritten notation, illegible] — DENIED.

SO ORDERED:

Hon. Andrew Jay Peck
United States Magistrate Judge

[additional handwritten notations]

BY ECF

# ECF TRANSCRIPTION SHEET



**ANDREW J. PECK**
**UNITED STATES MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1370
New York, N.Y. 10007-1312

Fax No.:        (212) 805-7933
Telephone No.:  (212) 805-0036

Dated:  February 22, 2011                                Total Number of Pages:  5

## TRANSCRIPTION OF MEMO ENDORSED ORDER

1. The parties may supplement their papers before Judge Kaplan as to the Bereskin & Parr issue.

2. The request re Mr. Fortkort is <u>DENIED</u>.

Copies <u>by ECF</u> to: All Counsel
                      Judge Lewis A. Kaplan