UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
WI-LAN INC.,

        Plaintiff,

v.

LG ELECTRONICS, INC. and LG
ELECTRONICS U.S.A., INC.,

        Defendants.
------------------------------------------------------------ x

Case No. 10 CV 432 (LAK) (AJP)

**DEFENDANTS' SUPPLEMENTATION OF THE RECORD REGARDING PLAINTIFF'S OBJECTIONS TO THE ADMISSIBILITY OF TWO (2) KEY DOCUMENTS OF PLAINTIFF, UNDER FEDERAL RULE OF CIVIL PROCEDURE 72(a)**

Richard A. Edlin (RE 1998)
Daniel I.A. Smulian (DS 4746)
GREENBERG TRAURIG, LLP
200 Park Avenue
New York, New York 10166
(212) 801-6528 (*telephone*)
(212) 801-5528 (*facsimile*)
edlinr@gtlaw.com
smuliand@gtlaw.com

Richard D. Harris (*pro hac vice*)
Jeffrey G. Mote (*pro hac vice*)
James J. Lukas, Jr. (*pro hac vice*)
Eric J. Maiers (*pro hac vice*)
Matthew J. Levinstein (*pro hac vice*)
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
(312) 456-8400 (*telephone*)
harrisr@gtlaw.com
motej@gtlaw.com
lukasj@gtlaw.com
maierse@gtlaw.com
levinsteinm@gtlaw.com

Attorneys for Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc.

i

Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc. (collectively "Defendants" or "LG") respectfully supplement the record regarding Plaintiff Wi-LAN Inc.'s ("Plaintiff" or "Wi-LAN") objections to the admissibility of two (2) key documents of Plaintiff, under Federal Rule of Civil Procedure 72(a).

This supplement arises out of the hearing of February 10, 2011, where Magistrate Judge Peck decided to give Plaintiff one last opportunity to provide a knowledgeable Bereskin & Parr witness to testify to the handwritten attorney notes from a meeting of March 21, 2006. (WL0426961–63, attached as **Exhibit 1** (emphasis added) and WL0426964–65, attached as **Exhibit 2** (emphasis added).)  The Court extended this opportunity in order to obviate this Court's need to rule on Magistrate Judge Peck's decision on the authenticity and admissibility of those notes.  After Plaintiff's most recent refusal to provide such a witness, in which Plaintiff pretends that a witness (who attended that meeting) purportedly not only cannot read his colleague's notes but also cannot offer any testimony on those notes, Magistrate Judge Peck (who was able to read those notes) ordered that "[t]he parties may supplement their papers before Judge Kaplan as to the Bereskin & Parr issue."  (02/22/2011 Memo Endorsed Order, Dkt. 133, attached as **Exhibit 3**.)

I.   **THE FACTS LEADING UP TO THE FEBRUARY 10, 2011, STATUS HEARING BEFORE MAGISTRATE JUDGE PECK**

Defendants herewith incorporate by reference the "Facts Relating To The Ruling On The Admissibility Of The Meeting Notes" as set forth in Defendants' Memorandum of Law in Opposition to Plaintiff's Objection Pursuant to Fed. R. Civ. P. 72(a). (Dkt. 108 at pp. 11–15.)

During the December 30, 2010, status hearing, Magistrate Judge Peck read into the record the clearly readable, relevant portions of the primary handwritten attorney notes—text that is highly detrimental, if not fatal, to Wi-LAN's fraudulent inducement claim.  (12/30/2010

1

Hearing Tr. at 9:2–19 (reading from WL0426961: "'We need 0 [zero] -' something crossed out 'report.  LG doesn't want to report if not using our tech.  Mr. Kang --;'" reading from WL0426964: "'Will make template for 'no sales.'").)  Although Plaintiff stipulated to the authenticity of the notes during the December 30 status hearing (*id.* at 8:21–23,) it nonetheless filed its Objection to Magistrate Judge Peck's ruling on January 12, 2011.  The next day, Defendants sent a letter to Plaintiff summarizing Defendants' timely and proper course of action in seeking Bereskin & Parr's deposition and requesting that Plaintiff, yet again, advise as to the availability of a knowledgeable Bereskin & Parr witness.  (01/13/2011 Maiers Letter to Holohan, attached as **Exhibit 4**.)  Plaintiff responded to Defendants' January 13 letter, stating that it would "provide no further assistance in seeking deposition testimony from Bereskin & Parr" in view of Defendants' purported "inaction."  (01/19/2011 Holohan Letter to Maiers, attached as **Exhibit 5**.)

In anticipation of appearing before Magistrate Judge Peck on February 10, Defendants sent another letter to Plaintiff requesting a meet and confer on, *inter alia*, the unresolved Bereskin & Parr issue.  (02/07/2011 Levinstein Letter to Holohan, attached as **Exhibit 6**.)  Plaintiff responded via email that it would be available for a meet and confer on Thursday, February 10, 2011, *after the status hearing before Magistrate Judge Peck*.  (02/08/2011 Holohan Email to Levinstein, attached as **Exhibit 7**.)  In response to Plaintiff's position, Defendants requested a meet and confer *prior* to the status hearing.  (02/09/2011 Levinstein Email to Holohan, attached as **Exhibit 7**.)  Plaintiff never responded to Defendants' email.

**II.  THE FEBRUARY 10, 2011, STATUS HEARING BEFORE MAGISTRATE JUDGE PECK**

At the February 10, 2011, status hearing, Magistrate Judge Peck offered Plaintiff one final chance to provide a knowledgeable Bereskin & Parr witness to obviate this Court's need to

rule on Magistrate Judge Peck's order of December 30, 2010, on the authenticity and admissibility of the notes.  He gave Plaintiff until February 14, 2011, to send a confirmatory fax to the Court indicating that Plaintiff would provide a knowledgeable witness to testify to both sets of the handwritten attorney notes.  (02/10/2011 Hearing Tr. at 56:17–21.)  According to Magistrate Judge Peck:

> If you cannot by noon on Monday figure this out, or they don't know whether or not **one of the authors is too sick and the other refuses to guesstimate what was in his notes or any of that nonsense**, then my order stands <u>and Mr. Harris is certainly free to supplement the record before Judge Kaplan with this discussion and the fact that there is nobody in Canada able or willing on behalf of Wi-LAN to explain what those notes are</u>, they came out of a lawyer's file, and he will make whatever argument he wants to make before Judge Kaplan.

(*Id.* at 57:5–13 (emphasis added).)  As noted below, Plaintiff failed to comply with the Court's instructions for the very reason that the Court exemplified in **bold** above.

### III. PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S FEBRUARY 10, 2011, INSTRUCTIONS

Defendants direct the Court's attention to their February 18, 2011, letter to Magistrate Judge Peck (attached as **Exhibit 8**).  The February 18 letter sets forth, in detail, Plaintiff's failure to comply with Magistrate Judge Peck's instructions, culminating in Magistrate Judge Peck's recent order allowing the parties to supplement the record on this issue currently pending before this Court.

Following the February 10, 2011, status hearing "opportunity," Plaintiff continues to refuse to provide a knowledgeable witness to testify on both sets of the handwritten attorney notes.  One day after that status hearing, Defendants sent Plaintiff a letter requesting a deposition of a knowledgeable witness on either February 17 or 18 in Toronto.  (attached as **Exhibit B** of **Exhibit 8**.)  On February 14, the deadline by which the Court required Plaintiff to confirm that it would make a knowledgeable witness available, Plaintiff faxed a letter to the Court indicating

3

only that Mr. Victor Krichker of Bereskin & Parr "might be able to make himself available" for deposition. (attached as **Exhibit C** of **Exhibit 8**.)  Three days later, Defendants informed Plaintiff that its February 14 letter did not comply with Magistrate Judge Peck's clear instructions. (attached as **Exhibit D** of **Exhibit 8**.)  That same day, Plaintiff submitted a second letter to the Court stating that it could not provide a knowledgeable witness to testify on the primary set of notes (**Exhibit 1**)—purportedly because the author (Richard Parr) was too sick to testify and Mr. Krichker, the author of the other set of notes (**Exhibit 2**), "*could not read the handwriting in the notes*"—nor could he "*provide any other testimony concerning the notes*"— precisely what the Court predicted Plaintiff would do. (attached as **Exhibit E** of **Exhibit 8**.)

Defendants, and more importantly, the Court had no trouble at all reading the primary (and secondary) sets of notes.  Yet, Mr. Krichker and several other Wi-LAN representatives, including those who actually attended the March 21, 2006, meeting at which the notes were taken, feigned "difficulty" with their contents.

Plaintiff's games must stop.  In consideration of their Memorandum of Law in Opposition to Plaintiff's Objection Pursuant to Fed. R. Civ. P. 72(a) and the present Supplementation, Defendants respectfully request that the Court deny Plaintiff's objection and affirm Magistrate Judge Peck's ruling, regarding both the authenticity and admissibility of the Bereskin & Parr handwritten attorney notes.

Dated: February 24, 2011                               Respectfully submitted,

                                                                         **GREENBERG TAURIG, LLP**

                                                                         */s/ Richard D. Harris*

Richard A. Edlin (RE 1998)
Daniel I.A. Smulian (DS 4746)
200 Park Avenue
New York, New York 10166
(212) 801-6528 (*telephone*)
(212) 801-5528 (*facsimile*)
edlinr@gtlaw.com
smuliand@gtlaw.com

Richard D. Harris (*pro hac vice*)
Jeffrey G. Mote (*pro hac vice*)
James J. Lukas, Jr. (*pro hac vice*)
Eric J. Maiers (*pro hac vice*)
Matthew J. Levinstein (*pro hac vice*)
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
(312) 456-8400 (*telephone*)
harrisr@gtlaw.com
motej@gtlaw.com
lukasj@gtlaw.com
maierse@gtlaw.com
levinsteinm@gtlaw.com

Attorneys for Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc.

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on February 24, 2011, the foregoing Defendants' Supplementation of the Record Regarding Plaintiff's Objections to the Admissibility of Two (2) Key Documents of Plaintiff, Under Federal Rule of Civil Procedure 72(a) was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel that have appeared for any party in this matter.

                                              */s/ Richard D. Harris*
                                               Richard D. Harris