UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
WI-LAN INC.,

                Plaintiff,

      -against-                                   10 Civ. 0432 (LAK)

LG ELECTRONICS, INC., et ano.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED #: 2/25/11

## ORDER

LEWIS A. KAPLAN, *District Judge.*

        The matter is before me on plaintiff's objection, pursuant to Fed. R. Civ. P. 72(b), to Magistrate Judge Andrew J. Peck's (a) January 3, 2011 order barring Richard Meyer, Esq., from access to material designated for attorneys' eyes only ("AEO Material"), and (b) December 30, 2010 bench ruling that handwritten notes appearing in Bates stamped documents WL0426961 through WL 0426963 and WL 0426965 (the "Documents") are authentic and admissible. I have carefully considered the parties' voluminous submissions and reached the following conclusions.

        1.     Mr. Meyer was involved in the patent reexamination proceeding on plaintiff's behalf. Plaintiff at a later point decided that he would not participate further in the patent reexamination, would involve himself in this litigation, and would have access to AEO Material to which Mr. Meyer helped himself without first seeking court approval. Judge Peck considered this to violate at least the spirt and, although it is not clear, perhaps the letter of the protective order he entered in this case and barred Mr. Meyer from access to AEO Material in this litigation, at least until trial.

        The relevant part of the protective order (¶ 4(b)) provides:

        "Absent the written consent of the Producing Party, any person that has the right to [AEO Material] shall not be involved in the prosecution of patents or patent applications (including those involved in reexamination . . . proceedings) relating to the subject matter of such information or of the lawsuit or Patents-in-Suit . . . ."

Thus, it forecloses attorneys or others who gain access to AEO Material, which by definition is

2

discovery material in this lawsuit, from participating in the patent reexamination. It does not, in so many words, address the precise factual situation here – an attorney involved in the patent reexamination purporting to back out of that proceeding and then gaining access to AEO Material by coming into this case. Thus, plaintiff's contention that there was no violation of the literal terms of paragraph 4(b) is not entirely irresponsible. But defendants contend, with considerable justification, that the order must be read in light of the circumstances in which it was entered and applied.

In the argument that led to the signing of the protective order, plaintiff's counsel contended that a narrower prosecution bar should be adopted because Mr. Meyer was involved in both the reexamination and the lawsuit. Tr., July 22, 2010, at 10-11. Judge Peck made clear that plaintiff's firm would have to "keep him away from this case if you want him to be involved with the patent re-examination." *Id.* at 11. Moments later, he added:

> "As of now I will allow the patent prosecution bar with respect to the re-examination. * * * Chinese wall those two partners [Mr. Meyer and another] from seeing any of the defendants' confidential material . . . [o]r alternatively keep them out of the patent re-examination, whichever suits you." *Id.* at 13.

In the circumstances, the July 26, 2010 protective order was at least ambiguous as to whether it foreclosed Mr. Meyer, having been involved in the reexamination, from pulling out of that proceeding and then getting access to AEO Material through this litigation. Judge Peck was entitled to resolve that ambiguity as he did. Alternatively, his decision may be sustained on the ground that his quoted direction on July 22, 2010 was not modified by the perhaps imperfect terms of the July 26 protective order. In any case, I see no error of law or fact. The ruling as to Mr. Meyer is affirmed.

2. I see no error with respect to Judge Peck's ruling with respect to the authenticity of the Documents. The Court, however, will decide the admissibility question in the event the Documents are offered at trial. Accordingly, there is no need to review that aspect of his ruling now.

The motion for review of these orders [DI 103] is decided as set forth above.

SO ORDERED.

Dated:       February 25, 2011

_____
Lewis A. Kaplan
United States District Judge