UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

| | |
|---|---|
| WI-LAN INC., | 10 CV 432 (LAK) (AJP) |
| Plaintiff, | |
| v. | **DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR MOTION TO PRECLUDE PLAINTIFF FROM PURSUING A CLAIM OF PATENT INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS AND MOTION TO STRIKE** |
| LG ELECTRONICS, INC. and LG ELECTRONICS U.S.A., INC., | |
| Defendants. | |

-------------------------------------------------------------x

Defendants LG Electronics Inc. ("LGE") and LG Electronics U.S.A., Inc. ("LGEUS") (collectively, "Defendants" or "LG"), respectfully submit this short supplemental brief and motion to strike in further support of their Motion to Preclude Plaintiff Wi-LAN, Inc. ("Plaintiff" or "Wi-LAN") from Pursuing a Claim of Patent Infringement Under the Doctrine of Equivalents at Summary Judgment and Trial (the "Motion"). Defendants supplement the record in view of a new development pertaining to LG's pending Motion. Specifically, Defendants ask the Court to strike the improper and untimely report of Plaintiff's opinion witness Craig K. Tanner on alleged infringement under the Doctrine of Equivalents ("Tanner DOE Report") which was recently served on *February 24, 2011—four (4) weeks after the final due date for Plaintiff's expert rebuttal reports and six (6) weeks after opening expert reports were due—when this report would have been due.* As discussed in Defendants' Motion to Preclude, Plaintiff should be precluded from presenting a claim for patent infringement under the Doctrine of Equivalents because it failed to assert or present any evidence relating to a Doctrine of Equivalents infringement claim prior to the close of fact discovery, in direct contravention of several

1

expressed discovery orders requiring it to submit its full infringement contentions and the Court's Scheduling Order.

Now—*after the formal close of expert discovery*, after Plaintiff failed to present any Doctrine of Equivalents infringement theory during fact discovery, and after Plaintiff's opinion witnesses failed to offer any opinions on infringement under the Doctrine of Equivalents in accordance with the Court's expert discovery schedule—Plaintiff seeks to offer a ***brand new Doctrine of Equivalents infringement theory*** which should have been disclosed during fact discovery and, at the very least, when opening expert reports for the party with the burden of proof were due (six (6) weeks ago), but were not disclosed.  Plaintiff's service of the Tanner DOE Report only further accentuates Plaintiff's complete failure to raise any Doctrine of Equivalents theory of infringement during fact and expert discovery, together with Plaintiff's blatant disregard of the Court's discovery and scheduling orders.  For this additional reason, Plaintiff should be precluded from pursuing a claim for infringement under the Doctrine of Equivalents and the improper and untimely Tanner DOE Report should be stricken.

**I.     BACKGROUND**

As set forth more fully in Defendants' Motion to Preclude (Dkt. 117) and Reply (Dkt. 131), which are  incorporated herein by reference, Plaintiff never offered a Doctrine of Equivalents infringement claim or any supporting evidence during fact discovery, despite several discovery orders requiring Plaintiff to disclose all of its infringement contentions.  Pursuant to Magistrate Judge Peck's bench orders of October 29, 2010 and December 30, 2010, fact discovery closed on December 3, 2010, opening expert reports for the party with the burden of proof were due on January 14, 2011, and rebuttal reports for Plaintiff on January 28, 2011.  *See*

October 29, 2010 and December 20, 2010 Minute Entries.[1] None of Plaintiff's experts opined on infringement under the Doctrine of Equivalents in their opening expert reports, notwithstanding the fact that Plaintiff carries the burden of proof for infringement.[2]  Plaintiff's opening and rebuttal report deadlines passed long ago and expert discovery officially closed on February 22, 2011.[3]

On February 24, 2011, *after the formal close of expert discovery* and *one business day before Mr. Tanner's scheduled deposition*, Plaintiff served the Tanner DOE Report. (Declaration of James J. Lukas, dated February 27 2011 ("Lukas Decl."), Rebuttal of Craig K. Tanner to the Expert Report on Non-Infringement by Adam Goldberg, **Exhibit A**.) Notwithstanding Plaintiff's failure to assert any Doctrine of Equivalents claim during fact and expert discovery, Mr. Tanner's DOE Report contains brand new opinions on the alleged infringement of Defendants' Accused Products under the Doctrine of Equivalents—opinions which have never been offered before by any of Plaintiff's experts. (*Id.* at ¶ 6.)[4]  The next day, Defendants sent a letter to Plaintiff explaining that the Tanner DOE Report was both untimely and improper, requesting that the report be withdrawn, and reserving the right to re-call Mr. Tanner for deposition should the Court deny the currently pending Motion—to permit Defendants adequate time to prepare for deposition on these new infringement contentions. (02/25/11 Levinstein Letter to Holohan.)  Plaintiff declined to comply with Defendants' request

---

[1] Magistrate Judge Peck had extended Defendants' deadline for serving their rebuttal expert reports for two weeks from the date on which Plaintiff finally produced all documents and materials considered and/or relied upon by its experts.  Consequently, Defendants' rebuttal reports were due on February 8, 2011.
[2] Plaintiff's primary infringement expert, Mr, Tanner only offered a literal infringement opinion in his infringement report.  (Wi-LAN's Response, Holohan Decl ., Ex. L at ¶¶ 1, 191 ("LG Accused Products…literally infringes and has literally infringed").
[3] The parties informally agreed to allow expert depositions to take place into the next week.
[4] According to Mr. Tanner, he submitted his "Rebuttal" Report "because of the new argument and positions [in Defendants' experts' non-infringement reports], which were not present in Defendants' answers to Plaintiff's interrogatories regarding Defendants' non-infringement contentions."  (*Id.* at ¶ 3.)

3

which required Defendants to submit this supplemental brief.  (02/25/11 Holohan Letter to Levinstein, Lukas Decl.)

## II.   ARGUMENT

As set forth below, the Tanner DOE Report is not only untimely, but it improperly raises a new, never-before-disclosed theory of infringement—after Defendants already timely served their rebuttal reports on non-infringement—leveled by Plaintiff long after the close of both fact and expert discovery.[5]  The Court may strike, and indeed this Court has previously struck, an expert's report when it was untimely or otherwise procedurally improper.  *Revlon Consumer Products Corp. v. The Estee Lauder Companies, Inc.*, Case No. 00 Civ. 5960 (RMB) (AJP), 2003 U.S. Dist. Lexis 13004, at *4-5 (S.D.N.Y. July 30, 2003) (Motion, Ex. 8; *See also* Reply at 5-6) (discussing prior preclusion of expert opinions on the subject of doctrine of equivalents infringement); *United States v. Vulcan Society, Inc.*, 637 F.Supp.2d 77, 107 (E.D.N.Y.2009) ("Pursuant to Rule 26 of the Federal Rules of Civil Procedure, courts will not admit supplemental expert evidence following the close of discovery when it 'expound[s] a wholly new and complex approach designed to fill a significant and logical gap in the first report,' as doing so 'would eviscerate the purpose of the expert disclosure rules.'")

### A.   The Tanner DOE Report Impermissibly Attempts to Inject a New Infringement Theory into this Litigation That Was Never Introduced During Fact and Expert Discovery and Should Be Stricken.

The Court should not entertain Plaintiff's improper attempt to enlarge its infringement claim.[6]  The Court, long ago, required Plaintiff to present, in detail, its infringement contentions. Plaintiff never presented a Doctrine of Equivalents infringement theory, and, in failing to do so,

---

[5] In a patent infringement case, the patentee bears the burden to prove infringement, be it literal or under the doctrine of equivalents.  *Perkin-Elmer Corp. v. Westinghouse Elec. Corp.*, 822 F.2d 1528, 1532-33 (Fed. Cir. 1987). It therefore follows that the alleged infringer has no burden of proving non-infringement.

[6] Defendants' argument is outlined in greater detail in their Memorandum of Law in Support of Their Motion to Preclude Plaintiff from Pursuing a Claim of Patent Infringement Under the Doctrine of Equivalents.

violated several Court orders. In view of Plaintiff's violation of several Court orders and Plaintiff's failure to present its Doctrine of Equivalents infringement theory during either fact discovery *or* expert discovery, the Court should strike Mr. Tanner's DOE Report.

As noted above, Plaintiff bears the burden of proving infringement, whether literally or under the doctrine of equivalents. As such, Plaintiff should have disclosed **all** of its experts' opinions on infringement—literal or otherwise—in its opening reports due on January 14th, 2011. Instead, Plaintiff transparently pretends that the Tanner DOE Report rebuts "new" non-infringement arguments offered by Defendants for the first time in their rebuttal expert reports. Plaintiff has it backwards and the Court should not force Defendants to shoulder such an impermissible shift in burden of proof. Plaintiff appears to fault Defendants for not outlining their non-infringement positions in their discovery responses and expert reports—no less on a theory of infringement that Plaintiff *had never disclosed* to Defendants in infringement contentions as required by the Court's discovery orders. Plaintiff's assertion in this regard is nonsensically circular, as Defendants cannot be expected to rebut that which has not been alleged. Given that Plaintiff has the burden of proving infringement, the Tanner DOE Report is untimely and constitutes an improper attempt to raise an entirely new theory of infringement.

**B.  The Tanner DOE Report Was Untimely Served In Violation of the Court's Scheduling Order and Plaintiff Failed to Seek Leave of Court to File Same.**

The Tanner DOE Report should also be stricken because it was untimely served in an arrogant violation of the Court's Scheduling Order. Indeed, Plaintiff's unilateral decision to defy a Court order when it belatedly served the Tanner DOE Report is reason enough for the Court to strike it. Moreover, Plaintiff did not seek leave from the Court to serve the Tanner DOE Report and there can be no question that Plaintiff served the Tanner DOE Report on February 24, 2011—one business day before they depose Plaintiff's primary infringement expert, Mr. Tanner,

the author of this Doctrine of Equivalents Report.  For this additional reason, the Court should strike the Tanner DOE Report.

## IV.   CONCLUSION

For the reasons stated herein, Defendants respectfully requests that this Court grant the pending Motion to preclude Plaintiff for pursuing a claim for patent infringement under the doctrine of equivalents at summary judgment and trial and, in accordance therewith, strike the Tanner DOE Report.

Dated: February 27, 2011                                         Respectfully submitted,

**GREENBERG TRAURIG, LLP**

*/S/James J. Lukas, Jr.*
Richard A. Edlin (RE 1998)
Daniel I.A. Smulian (DS 4746)
200 Park Avenue
New York, New York 10166
(212) 801-6528 (*telephone*)
(212) 801-5528 (*facsimile*)
edlinr@gtlaw.com
smuliand@gtlaw.com

Richard D. Harris (*pro hac vice*)
Jeffrey G. Mote (*pro hac vice*)
James J. Lukas, Jr. (*pro hac vice*)
Eric J. Maiers (*pro hac vice*)
Matthew J. Levinstein (*pro hac vice*)
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
(312) 456-8400 (*telephone*)
harrisr@gtlaw.com
motej@gtlaw.com
lukasj@gtlaw.com
maierse@gtlaw.com
levinsteinm@gtlaw.com

Attorneys for Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc.

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on February 27, 2011, the foregoing **supplemental brief in support of their Motion to Preclude Plaintiff from Pursuing a Claim of Patent Infringement Under the Doctrine of Equivalents and motion to strike** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel that have appeared for any party in this matter.

                                                        */s/James J. Lukas, Jr.*
                                                          James J. Lukas, Jr.

*NY 240,968,288v1*