Feb-28-11 02:36pm From-GREENBERG TRAURIG 312 456 8435 T-098 P.002/003 F-308






Richard D. Harris
Tel 312.456.8610
Fax 312.456.8435
harrisr@gtlaw.com

February 28, 2011

**MEMO ENDORSED**

***VIA FACSIMILE***
Hon. Andrew J. Peck
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom: 20D
New York, NY 10007-1312
Fax: 212-805-7933

*Re: Wi-LAN Inc. v. LG Electronics, Inc. and LG Electronics U.S.A., Inc. Civil Action No. 10 Civ. 432 (LAK) (AJP)*

Dear Magistrate Judge Peck:

While the parties have agreed in principal on a protocol for summary judgment briefing, Defendants write separately to seek the Court's guidance relative to that deadline, in view of several recent events.

**Coalition/Perri Subpoena**

Defendants served subpoenas on the Coalition for Independent Ratings ("Coalition") and Dominic Perri ("Perri") back in October. After a month of stalling, the Coalition and Perri filed a Motion to Quash in the Northern District of Illinois. As Defendants recently advised the Court, Judge Zagel denied that motion on January 18, 2011, and ordered the Coalition and Perri to produce documents and appear for a deposition. Despite Judge Zagel's Order, the Coalition and Perri continued to stall, refusing to confirm availability for deposition or provide a date, in writing, by which they would produce documents. Consequently, Defendants were forced to file a motion with the Northern District of Illinois on February 18, 2011, for the Coalition and Perri to appear and show cause as to why they should not be held in contempt. That same day, the Coalition's and Perri's attorney finally confirmed that the only day that Perri and Plaintiff's attorneys were available for the Coalition's and Perri's depositions is March 15, 2011—only three days before the dispositive motion deadline.

The discovery that Defendants are seeking from the Coalition and Perri is highly relevant to Defendants' unenforceability and unclean hands defenses and counterclaims. As the Court can appreciate, three days is simply not enough time to fully digest the information obtained from a deposition and then properly incorporate it into a summary judgment motion.



ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BERLIN**
BOSTON
BRUSSELS**
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MIAMI
MILAN**
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PALM BEACH COUNTY
PHILADELPHIA
PHOENIX
ROME**
SACRAMENTO
SAN FRANCISCO
SHANGHAI
SILICON VALLEY
TALLAHASSEE
TAMPA
TYSONS CORNER
WASHINGTON, D.C.
WHITE PLAINS
ZURICH**
*OPERATES AS GREENBERG TRAURIG MAHER LLP
**STRATEGIC ALLIANCE

MEMO ENDORSED 2/28/11



**Townsend Subpoena**

As the Court is also aware, Defendants' subpoena to Townsend and Townsend and Crew ("Townsend"), originally served back in September, was the subject of a Motion to Quash before Magistrate Judge Grewal in the Northern District of California. Magistrate Judge Grewal likewise ordered Townsend to produce documents and a witness for deposition. Townsend recently produced some documents and provided a date on which a witness would be available for deposition. Townsend's document production, however, did not fully comply with Magistrate Judge Grewal's. The parties were unable to resolve the issue through the meet and confer process, and Defendants were again forced to file a motion for Townsend to appear and show cause as to why it should not be held in contempt.[1] Although Defendants have requested expedited relief for their motion, it is unclear when Magistrate Judge Grewal will address Defendants' motion.

The discovery that Defendants are seeking from Townsend is highly relevant to the fraudulent inducement and patent claims in this case, but at this point it is uncertain whether Magistrate Judge Grewal will rule on Defendants' pending motion and whether Defendants will subsequently obtain this discovery by March 18, 2011.

Defendants are cognizant of the Court's desire to maintain the current March 18 deadline for dispositive motions. However, in view of the foregoing issues, Defendants respectfully request that the Court clarify whether it would consider briefly extending the dispositive motion deadline or, alternatively, whether it will permit Defendants to supplement the summary judgment record, as appropriate.

Respectfully submitted,

/ Richard D. Harris

Richard D. Harris

cc: Counsel of record (via e-mail)

SO ORDERED:

Hon. Andrew Jay Peck
United States Magistrate Judge

BY ECF

[1] Townsend also filed a Rule 72 objection to Magistrate Judge Grewal's Order—notably on the last possible day for filing such an objection.

# ECF TRANSCRIPTION SHEET



**ANDREW J. PECK**
**UNITED STATES MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**
**Southern District of New York**
**United States Courthouse**
**500 Pearl Street, Room 1370**
**New York, N.Y. 10007-1312**

**Fax No.: (212) 805-7933**
**Telephone No.: (212) 805-0036**

**Dated: February 28, 2011** **Total Number of Pages: 3**

## TRANSCRIPTION OF MEMO ENDORSED ORDER

1. SJ motion extended to 4/1/11.

2. If Wi-Lan does not want to see further slippage in the motion schedule, it should use its influence (esp. with Perri) to insure compliance with the subpoenas.

3. Does it make sense to have claim construction briefing before other issues because of the above problems with non-party discovery? Counsel should discuss whether that makes sense and advise the Court, preferably jointly, by 3/4.

Copy by ECF to: All Counsel
Judge Lewis A. Kaplan