UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

| | |
|---|---|
| **WI-LAN INC.,** | 10 CV 432 (LAK) (AJP) |
| Plaintiff, | **DEFENDANTS' SURREPLY IN SUPPORT OF THEIR MOTIONS TO PRECLUDE PLAINTIFF FROM PURSUING A CLAIM OF PATENT INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS AND TO STRIKE THE TANNER DOE REPORT** |
| v. | |
| **LG ELECTRONICS, INC. and LG ELECTRONICS U.S.A., INC.,** | |
| Defendants. | |

-------------------------------------------------------------x

Defendants LG Electronics Inc. ("LGE") and LG Electronics U.S.A., Inc. ("LGEUS") (collectively, "Defendants" or "LG"), respectfully submit this short surreply in support of their motions to preclude Plaintiff Wi-LAN, Inc. ("Plaintiff" or "Wi-LAN") from pursuing a claim of patent infringement under the doctrine of equivalents and to strike the Tanner DOE Report. Defendants wish to briefly address several inaccuracies in Plaintiff's opposition to Defendants' supplemental brief. At their core, Defendants' motions seek to preclude Plaintiff from asserting any patent infringement claim under the Doctrine of Equivalents--for either summary judgment or at trial.

Defendants' original motion to preclude was filed after Plaintiff failed to identify, or produce *any* evidence supporting, *any* infringement claim based on the Doctrine of Equivalents, prior to the close of fact discovery. Defendants' more recent and related motion to strike is based on Plaintiff's attempt to belatedly introduce a Doctrine of Equivalents infringement theory now, after the formal close of expert discovery. As outlined in Defendants' previous motion papers, Plaintiff's introduction of a brand new Doctrine of Equivalents infringement theory is improper and in direct violation of this Court's several expressed discovery orders requiring

1

Plaintiff to fully disclose all of its infringement contentions, and thus violates those orders and the Court's scheduling order.

As Plaintiff failed to provide any Doctrine of Equivalents infringement theory during fact discovery, the Court does not need to reach whether Mr. Tanner's improper and untimely DOE Report should be permitted at this late stage in the litigation, after the expert discovery phase of the case. Nonetheless, as discussed below, Plaintiff's last ditch arguments fail because they are founded on mischaracterizations of the record and a misunderstanding of the law:

- **Plaintiff carries the burden of proof for infringement, whether literal or under the Doctrine of Equivalents**.[1]  Plaintiff's primary infringement expert, Mr. Tanner failed to offer any infringement opinion under the Doctrine of Equivalents and only offered a literal infringement opinion in his infringement report. (Wi-LAN's Response, Holohan Decl., Ex. L at ¶¶ 1, 191 ("LG Accused Products…literally infringes and has literally infringed").  At most, the paragraphs cited by Plaintiff disclose Mr. Tanner's mere "reservation of rights" to opine at some later time on certain limitations under the Doctrine of Equivalents.  (*Id.* at ¶¶ 193-195.)  In fact, Mr. Tanner confirmed that those paragraphs only included a reservation of rights and conceded that he did not provide any doctrine of equivalents analysis in his recent deposition.

- **Defendants do not have the burden to demonstrate secondary considerations of nonobviousness.**  Defendant served a rebuttal report, as opposed to an opening report, on the commercial success secondary consideration of nonobviousness because, as Defendants pointed out to Plaintiff, Supreme Court precedent makes clear that it is ***Plaintiff's burden*** to show secondary considerations of nonobviousness together with any nexus between alleged commercial success and the asserted claims.  Thus, it is Plaintiff's burden to raise secondary considerations of nonobviousness--not Defendants--and Defendants' report was and remains proper under the Court's scheduling order.[2]

- **The Court set the close of expert discovery for February 22, 2011**.  The parties informally agreed to allow depositions, ***and depositions only***, to proceed ***after*** that date.  (*See* October 29, 2010 and December 20, 2010 Minute Entries.)

---

[1] *Perkin-Elmer Corp. v. Westinghouse Elec. Corp.*, 822 F.2d 1528, 1532-33 (Fed. Cir. 1987).

[2] *K.S.R. Int'l, Co. v. Teleflex, Inc.*, 550 U.S. 398, 426 (2007) (stating "we conclude [patentee] has shown no secondary factors to dislodge the determination that claim 4 is obvious"); *In re Huang*, 100 F.3d 135, 139 (Fed. Cir. 1996) (holding that it is patentee's burden to come forward with evidence of nonobviousness); *See also In re GPAC*, 57 F.3d 1573, 1580 (Fed. Cir. 1995) (holding that patentee failed to meet its burden of demonstrating that the commercial success of the invention resulted directly from the subject matter claimed in the claims); *In re Paulsen*, 30 F.3d 1475, 1482 (Fed. Cir. 1994) ("the burden of proof as to this connection or nexus resides with the patentee")

- **Allowing Plaintiff to pursue a Doctrine of Equivalents theory of infringement at this late stage would require a significant extension of the schedule.** Plaintiffs new theory of infringement significantly broadens the scope of the asserted claims to read on yet additional prior art that was not previously disclosed by Defendants. Accordingly, Defendants would need additional time to search for prior art and to have their expert supplement his invalidity report. Moreover, Defendants' experts would need to supplement their noninfringement reports based on Plaintiff's new Doctrine of Equivalents theory. Finally, every expert witness, including Mr. Tanner would need to be redeposed based on Plaintiff's new infringement theory.

## IV. CONCLUSION

For the reasons stated herein, Defendants respectfully requests that this Court grant the pending Motion to preclude Plaintiff from pursuing a claim for patent infringement under the doctrine of equivalents at summary judgment and trial and, in accordance therewith, strike the Tanner DOE Report. Furthermore, Defendants request an order barring Plaintiff from submitting any additional expert reports.

Dated: March 4, 2011                                      Respectfully submitted,

                                                          **GREENBERG TRAURIG, LLP**

                                                          */s/ James J. Lukas, Jr.*
                                                          Richard A. Edlin (RE 1998)
                                                          Daniel I.A. Smulian (DS 4746)
                                                          200 Park Avenue
                                                          New York, New York 10166
                                                          (212) 801-6528 (*telephone*)
                                                          (212) 801-5528 (*facsimile*)
                                                          edlinr@gtlaw.com
                                                          smuliand@gtlaw.com

                                                          Richard D. Harris (*pro hac vice*)
                                                          Jeffrey G. Mote (*pro hac vice*)
                                                          James J. Lukas, Jr. (*pro hac vice*)
                                                          Eric J. Maiers (*pro hac vice*)
                                                          Matthew J. Levinstein (*pro hac vice*)
                                                          Greenberg Traurig, LLP
                                                          77 West Wacker Drive, Suite 3100
                                                          Chicago, Illinois 60601

       (312) 456-8400 (*telephone*)
       harrisr@gtlaw.com
       motej@gtlaw.com
       lukasj@gtlaw.com
       maierse@gtlaw.com
       levinsteinm@gtlaw.com

       Attorneys for Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc.

*NY 240,994,135v1*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 4, 2011, the foregoing **Defendants' Surreply in Support of Their Motion to Preclude Plaintiff from Pursuing a Claim of Patent Infringement Under the Doctrine of Equivalents and Motion to Strike** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel that have appeared for any party in this matter.

*/s/ James J. Lukas, Jr.*
James J. Lukas, Jr.