UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WI-LAN INC., <br><br> Plaintiff, <br><br> v. <br><br> LG ELECTRONICS, INC. and LG ELECTRONICS U.S.A., INC., <br><br> Defendants. | No. 10-CV-432 (LAK)(AJP) |

**PLAINTIFF WI-LAN INC.'S RESPONSE TO DEFENDANTS' SURREPLY IN SUPPORT OF THEIR MOTIONS TO PRECLUDE PLAINTIFF FROM PURSUING A CLAIM OF PATENT INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS AND TO STRIKE THE TANNER DOE REPORT**

David A. Koenigsberg
MENZ BONNER & KOMAR LLP
444 Madison Ave., 39th Floor
New York, New York 10022
(212) 223-2100
dkoenigsberg@mbklawyers.com

David E. Sipiora
Matthew C. Holohan (admitted *pro hac vice*)
KILPATRICK TOWNSEND AND STOCKTON LLP
1400 Wewatta Street, Suite 600
Denver, CO 80202
(303) 571-4000
dsipiora@kilpatricktownsend.com
mholohan@kilpatricktownsend.com

Richard S. Meyer (admitted *pro hac vice*)
KILPATRICK TOWNSEND AND STOCKTON LLP
607 14th Street, NW, Suite 900
Washington, DC 20005-2018
(202) 508-5800
rmeyer@kilpatricktownsend.com

ATTORNEYS FOR PLAINTIFF
WI-LAN INC.

Plaintiff Wi-LAN Inc. ("Wi-LAN" or "Plaintiff") submits this Response to Defendants' Surreply in Support of their Motions to Preclude Plaintiff From Pursuing a Claim of Patent Infringement Under the Doctrine of Equivalents and to Strike the Tanner DOE Report ("Defendants' Surreply").  Defendants continue to rely on falsehoods and misrepresentations in support of their request for the extreme sanction of preclusion, a remedy to which they have not shown they are entitled.

I.   ARGUMENT

As an initial matter, Defendants' Surreply is procedurally improper and should be disregarded.  Defendants' Surreply is Defendants' fourth brief in support of their motion, and was filed without prior notice and without seeking leave of Court.  For this reason alone, the Court should strike Defendants' Surreply and ignore its contents.

However, in the event the Court entertains Defendants' Surreply, Plaintiff respectfully requests that the Court consider this brief response, which shows that the arguments set forth in Defendants' fourth brief should be rejected in any event.  Even with four briefs, Defendants have failed to show that Plaintiff should be precluded from pursuing a claim of infringement as to which Defendants have been on notice since early in the case, and as to which Plaintiff's expert timely expressed opinions.  Wi-LAN responds to Defendants' specific arguments as follows:

(1)   Defendants continue to claim that "Plaintiff's primary infringement expert, Mr. Tanner failed to offer any infringement opinion under the Doctrine of Equivalents and only offered a literal infringement opinion in his infringement report."  As discussed earlier, this assertion is plainly false.  The fact that certain of Mr. Tanner's statements were phrased in the conditional tense does not reduce his opinions to a mere "reservation of rights," but rather is consistent with the purpose of an expert disclosure, which is to disclose the

expert's anticipated trial testimony.  Furthermore, Defendants provide no support for their false assertion that "Mr. Tanner confirmed that those paragraphs only included a reservation of rights and conceded that he did not provide any doctrine of equivalents analysis in his recent deposition."  Mr. Tanner's Opening Report clearly sets forth doctrine of equivalents arguments and he confirmed this fact in his deposition.

(2)   Only after Plaintiff revealed to the Court that Defendants are taking inconsistent positions concerning the propriety of rebuttal expert reports do Defendants now belatedly offer justification for the Rebuttal Goldberg Report.  Defendants' rationale still falls short.  It is undeniable that Defendants bear the ultimate burden of proof to show invalidity for obviousness by clear and convincing evidence.  The "secondary considerations" that form the subject matter of the Rebuttal Goldberg Report are part of the overall obviousness inquiry on which Defendants bear the burden of proof.  *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 399 (2007).  Accordingly, for Mr. Goldberg to have deferred this topic to his rebuttal report was improper.  Further, the case schedule did not call for additional expert reports due to purported burden shifting.  Rather, Defendants unilaterally decided to serve a separate expert report to address issues on which they bear the burden of proof.  Plaintiff has done nothing more with the Tanner Rebuttal Report.

(3)   Defendants' continued focus on the date of the original close of expert discovery remains irrelevant.  The parties agreed to extend depositions well beyond the original cutoff and Mr. Tanner's Rebuttal Report was served

within ample time for Defendants to depose Mr. Tanner on its contents. Defendants can claim no prejudice or other harm from the service of the Tanner Rebuttal Report within the extended expert discovery period.

(4) Defendants' "parade of horrors" that would purportedly arise from allowing the nineteen-page Tanner Rebuttal Report to stand are wholly speculative, unsupported, and consistent with their efforts throughout this case to delay and call for extensions at every turn. Defendants do not state any specific reasons why additional reports would be required, or why "every expert witness" (including witnesses that have not testified at all concerning the subject matter of the Tanner Rebuttal Report) would have to be re-deposed. Furthermore, the parties have been in negotiations concerning the patent-in-suit since at least November 2004 and in this litigation for over a year. Defendants have had more than enough time to research prior art. Defendants' claim that they need to produce to Wi-LAN "additional prior art that was not previously disclosed by Defendants" rings hollow in light of the fact that Defendants indiscriminately have dumped nearly 100 alleged prior art references on Wi-LAN, without analysis or explanation. *See* Holohan Decl., Ex. I at 4-8. Finally, Defendants had the opportunity to question Mr. Tanner concerning his Rebuttal Report in his deposition. They chose not to do so and should be required to live with the consequences of their tactical decision.

## II.   CONCLUSION

For the foregoing reasons, Wi-LAN respectfully requests that the Court DENY Defendants' Motion to Preclude Plaintiff from Pursuing a Claim of Patent Infringement Under the Doctrine of Equivalents, and DENY Defendants' Motion to Strike the Rebuttal Tanner

3

Report.

DATED:  March 7, 2011

Respectfully submitted,

David A. Koenigsberg
MENZ BONNER & KOMAR LLP
444 Madison Ave., 39th Floor
New York, New York 10022
(212) 223-2100


   /s/ Matthew C. Holohan
David E. Sipiora
Matthew C. Holohan (admitted *pro hac vice*)
KILPATRICK TOWNSEND & STOCKTON LLP
1400 Wewatta Street, Suite 600
Denver, CO 80202
(303) 571-4000

Richard S. Meyer (admitted *pro hac vice*)
KILPATRICK TOWNSEND & STOCKTON LLP
607 14th Street, NW, Suite 900
Washington, DC 20005-2018
(202) 508-5800

ATTORNEYS FOR PLAINTIFF WI-LAN INC.

63192929 v1