

**GT Greenberg Traurig**

James J. Lukas, Jr.
Tel 312.456.1060
Fax 312.456.8435
lukasj@gtlaw.com

RECEIVED
MAR 10 2011
CHAMBERS OF
ANDREW J. PECK

March 10, 2011

**VIA FACSIMILE**
Hon. Andrew J. Peck
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom: 20D
New York, NY 10007-1312
Fax: 212-805-7933

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 3/10/11

Re: *Wi-LAN Inc. v. LG Electronics, Inc. and LG Electronics U.S.A., Inc.*
Civil Action No. 10 Civ. 432 (LAK) (AJP)

Dear Magistrate Judge Peck:

Defendants write in response to Plaintiff's letter of earlier today, and to request clarification of certain of your rulings during the February 10, 2011 status hearing concerning Defendants' reliance upon advice of counsel as a defense to willful infringement (the "Opinion Defense"). (Relevant excerpts of the transcript of that hearing are attached hereto as Exhibit A.) Since that hearing, Defendants have been working in good faith with Plaintiff to obtain formal deposition notices and to address availability for depositions of both the relevant LG and McKenna Long & Aldridge ("MLA") witnesses. However, it has become apparent during this process that the parties' respective understanding of the Court's rulings differ. As such, Defendants respectfully request clarification on the following issues.

**Production of Translations**

During the February 10, 2011 hearing, Your Honor ordered the parties to split the cost of translation of all Korean language documents produced by Defendants in connection with their assertion of the Opinion Defense. (Ex. A at 26:5-6.) On February 17, 2011, Plaintiff sent Defendants a translation proposal identifying the translation vendor and the parties' respective shares in the cost. (*See* Exhibit B.) Defendants agreed to that proposal, and it was Defendants' reasonable understanding that, given the parties were sharing in the costs of the translations, the parties would both receive copies of the certified translations. However, when Defendants requested copies of those translations, Plaintiff refused to produce them. (*See* Exhibit C.) The Court has already ruled that translations are not work product—regardless of who pays for them. (*See* Ex. A at 25:11.) Accordingly, Plaintiff simply has no basis on which to refuse their

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BERLIN··
BOSTON
BRUSSELS··
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON·
LOS ANGELES
MIAMI
MILAN··
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PALM BEACH COUNTY
PHILADELPHIA
PHOENIX
ROME··
SACRAMENTO
SAN FRANCISCO
SHANGHAI
SILICON VALLEY
TALLAHASSEE
TAMPA
TYSONS CORNER
WASHINGTON, D.C
WHITE PLAINS
ZURICH··

·OPERATES AS GREENBERG TRAURIG MAHER LLP
··STRATEGIC ALLIANCE

GREENBERG TRAURIG, LLP ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM
77 West Wacker Drive, Suite 3100 ■ Chicago, Illinois ■ Tel 312.456.8400 ■ Fax 312.456.8435

production. Defendants respectfully request that the Court order Plaintiff to immediately produce the translations.

### Plaintiff's Demands for a 30(b)(6) Witness from LG

Since the February 10, 2011 hearing, Defendants have continually sought confirmation from Plaintiff of its intention to depose the authors and recipients of the opinion letters, as well as sought corresponding notices of depositions. However, it was <u>not until March 4, 2011</u> that Plaintiff served notices of depositions—after Defendants indicated to Plaintiff that they would assume that Plaintiff did not intend to proceed with the depositions of the LG and MLA witnesses if Defendants did not receive respective notices by that date.

Defendants have already arranged for the two pertinent LG witnesses to travel from Korea to provide individual deposition testimony relevant to the Opinion Defense and have confirmed those March 16 and 17, 2011 deposition dates with Plaintiff. However, it is Defendants' understanding that they are not required to produce a 30(b)(6) witness from LG, in addition to the two recipients of the opinion letters, except in the limited situation where Defendants may elect to present a <u>different 30(b)(6) witness at trial on this issue</u>. Indeed, Your Honor stated:

> "The recipients, whether that is one person or two, are not going to testify at trial but nevertheless they are the recipients, if Mr. Sipiora still wants them he gets them. **If there is <u>somebody else</u> you are going to bring as a 30(b)(6) witness at trial on this subject, you will bring that person as well..."** (emphasis added). (See Ex. A at 24:7-21.)

In accordance with the Court's instructions above, Defendants represent that they do not intend to call a different, 30(b)(6) witness on this issue at trial, and therefore it is Defendants' understanding that they are not required to produce a 30(b)(6) witness at all. However, should the Court order Defendants to produce a 30(b)(6) witness for a third day of testimony, Defendants can make Mr. Jeffrey Cho available on March 16 and 17.[1]

---

[1] Previously Defendants incorrectly indicated that Mr. Jeffrey Cho may be available on March 18, 2011. He is not available on March 18, 2011, because he must return to Korea by March 19, 2011.

Hon. Andrew J. Peck
March 10, 2011
Page 3

### Plaintiff's Demands for a 30(b)(6) Witness from MLA and Dates of Deposition

Plaintiff simply has no basis on which to demand 30(b)(6) witnesses from MLA. Your Honor made it clear—in the very paragraph that Plaintiff cites from the February 10, 2011 hearing—that Defendants "will bring ... the two McKenna Long lawyers who wrote the letter" to New York for a deposition. (Ex. A at 24:17-21.) Indeed, Plaintiff previously admitted that it only gets to depose the attorneys who signed the opinions. (Exhibit D, March 1, 2011 Email from M. Holohan to E. Maiers ("<u>The Court made it clear that Plaintiff is entitled to depose the individual signatories</u>")) (emphasis added). At no point did the Court ever order Defendants to produce a third, 30(b)(6) witness from MLA. Accordingly, Plaintiff's request for a 30(b)(6) witness from MLA should be denied.

In the interest of limiting the burden on the parties and reducing the cost to the parties, Defendants made a good faith proposal to Plaintiff that they would produce a single 30(b)(6) witness from MLA instead of the two individual attorneys and would stipulate that this would be the only MLA witness offered at trial. Plaintiff has since rejected that proposal.

Defendants have now learned that Mr. Kresloff and Mr. Choi, the attorneys who signed the opinions, are traveling extensively, both domestically and internationally, though the end of the month, and therefore will not be available for depositions until April 12, 2011.[2] While Defendants do not believe the issue of reliance upon opinion of counsel has any relevance to any possible dispositive motion[3], Defendants nevertheless are willing—with the Court's approval—to permit Plaintiff a reasonable amount of time after deposing the MLA attorneys to supplement any relevant summary judgment filings they may have. Defendants accordingly respectfully request that the Court approve Defendants' offer to permit Plaintiff to supplement its summary judgment filings.

### Conclusion

Defendants respectfully request the Court's earliest consideration and guidance on the above-referenced issues and order the following:

---

[2] Should the Court require, LG can obtain a signed declaration from MLA regarding Mssrs. Kresloff's and Choi's unavailability due to travel.

[3] Unlike certain liability issues, such as patent infringement and invalidity, willfulness is a damages issue, and the issue of the awarding of treble damages is usually reserved for the Court, as opposed to the jury. *See Slater Electric, Inc. v. Indian Head, Inc.* 223 U.S.P.Q. 729, 730 (S.D.N.Y. 1983).

Hon. Andrew J. Peck
March 10, 2011
Page 4

1. Order that Plaintiff must produce all translations to Defendants by close of business on Friday, March 11, 2011;

2. Confirm its Order that Plaintiff is only entitled to depose, for one day each, the two LG employees who received the opinions, based on LG's representation that no other LG witness will be offered at trial on the Opinion Defense;

3. Confirm its Order that Plaintiff is only entitled to depose, for one day each, the two MLA attorneys who signed the opinions, and that it is not entitled to a separate 30(b)(6) deposition; and

4. Order that Plaintiff is entitled to supplement its briefing on the issue of willfulness within two weeks of the depositions of the MLA attorneys.

Respectfully submitted,

James J. Lukas, Jr.

cc: Counsel of record (via e-mail)
NY 241,017,319v1

**MEMO ENDORSED** 3/10/11

1. If As pay 100% of its translation cost it can have copies, otherwise 50% & need not provide copies to As.

2. Only dep 2 LG witnesses, not an addl 30(b)(6) witness (from plus 2 as 30(b)(6) witnesses)

3. Dep 2 MLA attorneys only, purposed fact As should it will not call any other MLA witnesses — its choice by counsel even.

4. MLA depositions to occur on or before 4/12 and 4/17 or mutually agreeable date and P can supp its omnibus motion papers w/in 2 weeks of later dep.

SO ORDERED:
Hon. Andrew Jay Peck
United States Magistrate Judge

Copy by ECF, fld Court Judge Peck

# ECF TRANSCRIPTION SHEET



**ANDREW J. PECK**
**UNITED STATES MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1370
New York, N.Y. 10007-1312

Fax No.:         (212) 805-7933
Telephone No.:   (212) 805-0036

**Dated:** March 10, 2011                                **Total Number of Pages:** 5

## TRANSCRIPTION OF MEMO ENDORSED ORDER

1. If defendants pay 100% of the translation costs it can have copies, otherwise at 50% plaintiff need not provide copies to defendants.

2. Only the 2 LG witnesses, not another 30b6 witness (nor those 2 as 30b6 witnesses).

3. The 2 MLA attorneys only, provided that defendants stipulate it will not call any other MLA witness on the advice of counsel issue.

4. MLA depositions to occur on between 4/12 and 4/17 on mutually acceptable dates and plaintiff can supp its omnibus motion papers re those depos if necessary.

**Copies by ECF to:** All Counsel
                     Judge Lewis A. Kaplan