UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
**WI-LAN INC.**,

                Plaintiff,

v.                                               10 CV 432 (LAK) (AJP)

**LG ELECTRONICS, INC. and LG
ELECTRONICS U.S.A., INC.**,

                Defendants.
---------------------------------------------------------------- x

## DEFENDANTS' CONSOLIDATED MOTION FOR
## SUMMARY JUDGMENT AND JUDGMENT ON THE PLEADINGS

Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc. (collectively, "LG") respectively move this Court on several bases for either summary judgment under Fed. R. Civ. P. 56 (c) and/or judgment on the pleadings under Fed. R. Civ. P. 12(c).  In support of their consolidated motion, LG states as follows:

Wi-LAN's Second Amended Complaint asserts two claims: (1) fraudulent inducement in Count I and (2) patent infringement in Count II.  The fraudulent inducement claim accuses LG of misrepresenting its intent to use and pay royalties under the parties License Agreement.  The patent infringement claim accuses LG of infringing method claims 7-11 (the "Asserted Claims") of U.S. Patent No. 5,828,402 (the "'402 Patent").

LG also asserts several Counterclaims against Wi-LAN, including Counterclaims for a: (1) declaratory judgment of non-infringement; (2) declaratory judgment of invalidity; and (3) declaratory judgment of unenforceability.  As set forth below, and in the memoranda of law, statement of undisputed facts, and supporting exhibits filed contemporaneously herewith, LG is entitled to summary judgment on both Wi-LAN's claims and LG's Counterclaims because: (a)

Wi-LAN lacks standing to assert its patent infringement claim, (b) Wi-LAN failed to plead and cannot prove essential elements of its fraudulent inducement claim, (c) the '402 Patent is not infringed, (d) the '402 Patent is invalid, and (e) Wi-LAN's misconduct has rendered the '402 Patent unenforceable.  The specific grounds for LG's individual motions are set forth below.

As the Court is well aware, before it addresses any summary judgment motions on non-infringement, invalidity, and unenforceability, the Court must first construe the patent claims under *Markman v. Westview Instruments, Inc.*, 52 F3d 967, 976 (Fed. Cir. 1995) (*en banc*).  To that purpose, LG likewise attaches its *Opening Claim Construction Brief*.

## I. LG'S MOTION FOR JUDGMENT ON THE PLEADINGS AND FOR SUMMARY JUDGMENT ON THE ISSUES OF FRAUDULENT INDUCEMENT AND STANDING

As a threshold matter, Wi-LAN's patent infringement claim must be dismissed for lack of standing.  Here, Wi-LAN has, in effect, pled itself out of court by alleging facts that conclusively establish LG's affirmative defense of license.   Because LG was licensed under the '402 Patent at the time the lawsuit was filed and that license had not been terminated prior to filing of Wi-LAN's original Complaint, Wi-LAN lacked standing to assert a patent infringement claim, thereby depriving the Court of subject matter jurisdiction over Wi-LAN's patent infringement claim of Count II.[1]  Even assuming *arguendo* that Wi-LAN **could** establish its fraudulent inducement claim, under New York law, fraud in the inducement merely renders a contract voidable, not void.  Thus, while Wi-LAN could  have disaffirmed a voidable contract, the agreement remains binding until such an election is made.  Wi-LAN made no such election until

---

[1] Because LG has asserted declaratory judgment counterclaims for non-infringement, invalidity and unenforceability, those claims survive despite Wi-LAN's standing defect, defeating its infringement claim, and the Court retains jurisdiction to dispose of LG's counterclaims.  Specifically, under *Medimmune Inc. v. Genentech, Inc*., 127 S. Ct. 764 (2007), a patent licensee does not need to terminate or breach a license agreement in order to challenge the patent's non-infringement, validity, or enforceability.

2

it finally sent LG a notice of termination on April 7, 2010—long after it filed this lawsuit.[2]  The absence of standing is further evident by the inconsistency between the breach of contract claim and the patent infringement claim that Wi-LAN simultaneously asserted in its original complaint.

The Court should also enter summary judgment in favor of LG on Wi-LAN's fraudulent inducement claim, because no reasonable juror could conclude that Wi-LAN met its clear and convincing evidentiary burden necessary to prove fraudulent inducement.  Wi-LAN can offer no evidence at all even remotely supporting several key elements of its fraud claim, including an actionable misrepresentation and reasonable reliance and, therefore, cannot establish a material issue of fact.

## II.     LG'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT

After the Court has appropriately construed the claims at issue, as set forth in *LG's Opening Claim Construction Brief*, it should grant LG summary judgment on Count II of Wi-LAN's Second Amended Complaint and LG's Counterclaim for a declaratory judgment of non-infringement because none of LG's accused products meets all of the steps or limitations of the asserted method claims.

For many years, Wi-LAN has wrongfully asserted that LG and others infringe the asserted method Claims 7-11 ("Asserted Claims"), simply by manufacturing a device that has the *capability* to perform a method – a method which *has never itself been performed* and *which cannot be performed* until, at the very least, new ratings systems are broadcast in the United States.  Consistent with Wi-LAN's objectively baseless infringement claims, Wi-LAN cannot show LG or any actual LG customer performing every step of the Asserted Claims with the Accused Products.  The Court should grant LG summary judgment of noninfringement of the

---

[2] Dismissal her should be with prejudice, because the Court previously informed plaintiff that it would have to elect the claims it wanted to pursue and that it would not be later allowed to later amend and resurrect claims that it elected not to assert.

Asserted Claims of the '402 Patent because LG's Accused Products fail to meet *numerous* limitations of the Asserted Claims, regardless of the construction applied by the Court. As overwhelmingly corroborated by Wi-LAN's own paid experts, Wi-LAN cannot provide any evidence of a direct infringer performing each and every step of the asserted method claims. Therefore, there is no genuine issue of material fact that all of the Accused Products do not perform at least the following limitations, each of which alone demonstrates that LG does not infringe the Asserted Claims:  **(1)** Store actual user program blocking preferences (step (e): "storing in said memory user preference information"); **(2)** Receive two different configuration informations on two different channels (Steps (a) and (c): "receiving first configuration information embedded in a first television channel" and "receiving second configuration information embedded in a second television channel"); **(3)** Receive and store two different configuration informations describing separate informational schemes of which the Accused Products do not have advance or prior knowledge (Steps (a) - (d)); **(4)** Receive program rating information embedded in and extracted from the video signal (Steps (f) and (g): "receiving a first video signal comprising embedded information" and "extracting said embedded information"); **(5)** Compare extracted program rating information or CAD to stored user preference information for a received and stored configuration information describing an informational scheme (Step (g):  "comparing said extracted information with said stored preference information for said specified informational scheme"); **(6)** Receive and store different configuration informations describing different informational schemes with multi-level categories of labels (Steps (a) - (d)); **(7)** Compare and selectively block a video signal (Preamble and Step (h): "A method for selectively blocking video signals" and "if the result of said

comparison indicates that said first video signal should not be displayed, blocking said first video signal from being displayed on a video display").

With respect to Wi-LAN's indirect infringement claims, the Court should also dismiss them with prejudice under Rule 12(c) because these claims are based on a single, conclusory statement that "LG has infringed and continues to infringe the Collings patent directly, contributory, and by active inducement." Alternatively, the Court should grant summary judgment on Wi-LAN's indirect infringement claims and LG's counterclaim for a declaratory judgment of non-infringement because Wi-LAN can offer no evidence of direct infringement by any party that has performed the asserted method claims of the '402 Patent.

## III. LG'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY

After the Court has appropriately construed the claims at issue, as set forth in *LG's Opening Claim Construction Brief*, it should grant LG summary judgment on Count II of Wi-LAN's Second Amended Complaint and LG's Counterclaim for a declaratory judgment of invalidity, for the additional reason that the Asserted Claims of the '402 Patent are invalid. For these reasons, as more fully set forth in the supporting memoranda of law filed contemporaneously herewith, LG is also entitled to summary judgment on Count II because the asserted claims of the '402 Patent are invalid as anticipated under 35 U.S.C. § 102(a) and (b) and are obvious under 35 U.S.C. § 103. Specifically, Wi-LAN's asserted claims are anticipated by A/56, GISID, DC2, and West – and rendered obvious in view of the combination of A/56, DC2 and GISID, either alone or in combination with West.

During discovery, LG identified numerous prior art references that anticipate or render obvious all of the Asserted Claims in view of Wi-LAN's overly broad reading of the patent claims. Many of these references were not considered by the Patent Office during its initial

examination of the application that issued as the '402 Patent. During its recent reexamination of the '402 Patent, the Patent Office rejected all the Asserted Claims as anticipated by General Instrument's "System Information Description, Rev. 1.3" ("GISID 1.3").  This motion demonstrates why the Asserted Claims are either anticipated or obvious in view of this reference alone – on which the Patent Office has relied to reject the Asserted Claims, as well as in view of two related references and a prior art patent.

### IV. LG'S MOTION FOR SUMMARY JUDGMENT OF UNENFORCEABILITY BASED ON UNCLEAN HANDS, INEQUITABLE CONDUCT, PATENT MISUSE, AND EQUITABLE ESTOPPEL

After the Court has appropriately construed the claims at issue, as set forth in *LG's Opening Claim Construction* Brief, it should grant LG summary judgment on Count II of Wi-LAN's Second Amended Complaint and LG's counterclaim for a declaratory judgment of unenforceability for the additional reason that Wi-LAN's misconduct in procuring, licensing and asserting the '402 Patent has rendered the '402 Patent unenforceable.  Accordingly, based on Wi-LAN's unclean hands, inequitable conduct, patent misuse, and equitable estoppel the '402 Patent should be found unenforceable.

The patentee procured the '402 Patent by intentionally withholding the inventor's own indisputably relevant prior art from the U.S. Patent and Trademark Office.  Then, after inequitably procuring the '402 Patent, Wi-LAN initiated a broad, far-ranging conspiracy to manipulate the FCC into amending its parental control regulations in a manner that would allow Wi-LAN to claim (yet inaccurately) that a license was required to comply with the FCC's new rules.  Wi-LAN's conspiracy included: paying secret lobbyists--camouflaged as public interest organizations--to promote the adoption of parental control regulations and enforcement activity that favored Wi-LAN, inducing a member of Congress to pressure the FCC for rule changes on

Wi-LAN's behalf without disclosing to that Congressman Wi-LAN's patent or affiliation with Tim Collings.  Based on the FCC's rule changes and enforcement activities, prodded on by Wi-LAN directly and indirectly through its undisclosed lobbyist, Wi-LAN was  able to extract unjustified license royalties from the consumer electronics industry.  Wi-LAN's conspiracy, spans nearly a decade of misconduct and continues to this day.  Wi-LAN's scheme defrauded the United States Patent and Trademark Office, the Federal Communications Commission, and two well-respected standards setting organizations.  As a result of its scheme, Wi-LAN (with the assistance of inside and outside counsel, and secret lobbyists) has generated tens of millions of dollars in undeserved royalties.

Even during the pendency of this lawsuit, Wi-LAN unlawfully attempted to shield information outlining its scheme from LG,  withholding from production hundreds of thousands of documents until well after the close of fact discovery based on improper assertions of privilege.  It was only after LG's exhaustive and expensive analysis of Wi-LAN's belatedly produced privilege log, that LG confirmed that Wi-LAN had attempted to improperly shield more than 26,000 documents from production, through improper privilege designations.  Only after the Court ordered Wi-LAN to produce these more than 125,000 pages of  improperly withheld documents did the full extent of Wi-LAN's fraudulent activities become fully evident.  Finally, Wi-LAN paid to silence an individual who had material information related to invalidating prior art which is before the PTO in the reexamination and this Court as part of LG's motion for summary judgment of invalidity.  Wi-LAN then intentionally withheld the results of his work and knowledge from another consultant who submitted a declaration to the PTO directly contradicting information Wi-LAN had discovered from the consultant it paid to silence.

## V.   CONCLUSION

For these reasons, as more fully set forth in the accompanying memoranda of law filed contemporaneously herewith, namely: *Defendants' Opening Claim Construction Brief; Defendants' Memorandum in Support of Their Motion for Judgment on the Pleadings and for Summary Judgment on the Issues of Fraudulent Inducement and Standing; Defendants' Memorandum in Support of Their Motion for Summary Judgment of Non-infringement; Defendants' Memorandum in Support of Their Motion for Summary Judgment of Invalidity; and Defendants' Memorandum in Support of Their Motion for Summary Judgment of Unenforceability Based Upon Unclean Hands, Inequitable Conduct, Patent Misuse, and Equitable Estoppel,* Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc. respectfully asks the Court to grant summary judgment in their favor on Counts I and II of Wi-LAN's Second Amended Complaint and Defendants' Counterclaims for a declaratory judgment of non-infringement, invalidity, and unenforceability.

Dated: April 1, 2011

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

*/s/ Richard D. Harris*
Richard A. Edlin (RE 1998)
Daniel I.A. Smulian (DS 4746)
200 Park Avenue
New York, New York 10166
(212) 801-6528 (*telephone*)
(212) 801-5528 (*facsimile*)
edlinr@gtlaw.com
smuliand@gtlaw.com

Richard D. Harris (*pro hac vice*)
Jeffrey G. Mote (*pro hac vice*)
James J. Lukas, Jr. (*pro hac vice*)
Eric J. Maiers (*pro hac vice*)
Matthew J. Levinstein (*pro hac vice*)
Greenberg Traurig, LLP

8

>77 West Wacker Drive, Suite 3100
>Chicago, Illinois 60601
>(312) 456-8400 (*telephone*)
>harrisr@gtlaw.com
>motej@gtlaw.com
>lukasj@gtlaw.com
>maierse@gtlaw.com
>levinsteinm@gtlaw.com
>
>Attorneys for Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 1, 2011, the foregoing Defendants' Consolidated Motion was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel that have appeared for any party in this matter.

*/s/ Richard D. Harris*
Richard D. Harris

10