UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

| | |
|---|---|
| **WI-LAN INC.**, | 10 CV 432 (LAK) (AJP) |
| Plaintiff, | |
| v. | **DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR MOTION TO PRECLUDE PLAINTIFF FROM PURSUING A CLAIM OF PATENT INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS** |
| **LG ELECTRONICS, INC. and LG ELECTRONICS U.S.A., INC.**, | |
| Defendants. | |

------------------------------------------------------------x

Defendants LG Electronics Inc. and LG Electronics U.S.A., Inc.(collectively, "Defendants" or "LG") respectfully submit this Notice of Supplemental Authority in support of their Motion to Preclude Plaintiff Wi-LAN, Inc. ("Plaintiff" or "Wi-LAN") from Pursuing a Claim of Patent Infringement Under the Doctrine of Equivalents at Summary Judgment and Trial (Dkts. 115, 117.) As discussed in Defendants' prior memoranda in support of their Motion to Preclude, Plaintiff never offered a Doctrine of Equivalents infringement claim or any supporting evidence during discovery, despite this Court's several express orders requiring Plaintiff to disclose **all** of its infringement contentions.

Because the briefing period is now closed on Defendants' Motion to Preclude, Defendants respectfully ask the Court to take Notice of Supplemental Authority described below, so that the Court may consider the recently issued opinion granting summary judgment of non-infringement under the Doctrine of Equivalents, in the context of a plaintiff's failure to disclose a claim under the Doctrine of Equivalents in its infringement contentions. Unlike Wi-LAN in the case at bar however, the plaintiff in the cited case was not issued express, repeated orders by the Court to disclose all of its infringement contentions. Further, unlike Wi-LAN here, the plaintiff

1

in the cited case did include, in catch-all fashion, a statement that plaintiff "asserts that the Accused Instrumentalities all function in the same or substantially manner and include the same or substantially similar components." *See Optimumpath, LLC v. Belkin Int'l., Inc.*, Case No. 09-1398 CW, slip. op. at 17-21 (N.D. Cal. Apr. 12, 2011) (**Ex. 1**).  The *Optimumpath* Court still held that such catch-all language was not enough to assert a claim for infringement under the Doctrine of Equivalents and summarily adjudicated that the accused devices did not infringe under the Doctrine of Equivalents.  Here, in spite of this Court's express orders, Wi-LAN's infringement contentions did not even include the conclusory "substantially similar. . ." language found inadequate in *Optimumpath*, let alone refer to the Doctrine of Equivalents or offer any specific support for applying the Doctrine of Equivalents.  For all of these reasons, Defendants support and reassert their motion to preclude plaintiff from pursuing any claim of patent infringement under the Doctrine of Equivalents.

Dated: April 15, 2011  Respectfully submitted,

**GREENBERG TRAURIG, LLP**

*/S/James J. Lukas, Jr.*
Richard A. Edlin (RE 1998)
Daniel I.A. Smulian (DS 4746)
200 Park Avenue
New  York, New York 10166
(212) 801-6528 (*telephone*)
(212) 801-5528 (*facsimile*)
edlinr@gtlaw.com
smuliand@gtlaw.com

Richard D. Harris (*pro hac vice*)
Jeffrey G. Mote (*pro hac vice*)
James J. Lukas, Jr. (*pro hac vice*)
Eric J. Maiers (*pro hac vice*)
Matthew J. Levinstein (*pro hac vice*)
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
(312) 456-8400 (*telephone*)

harrisr@gtlaw.com
motej@gtlaw.com
lukasj@gtlaw.com
maierse@gtlaw.com
levinsteinm@gtlaw.com

Attorneys for Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 15, 2011, the foregoing Notice **of Supplemental Authority in Support of their Motion to Preclude Plaintiff from Pursuing a Claim of Patent Infringement Under the Doctrine of Equivalents** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel that have appeared for any party in this matter.

*/s/James J. Lukas, Jr.*
James J. Lukas, Jr.