UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WI-LAN INC., <br><br> Plaintiff, <br><br> v. <br><br> LG ELECTRONICS, INC. and LG ELECTRONICS U.S.A., INC., <br><br> Defendants. | 10 Civ. 432 (LAK) (AJP) |

**PLAINTIFF WI-LAN INC.'S RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY TO PRECLUDE PLAINTIFF FROM PURSUING A CLAIM OF PATENT INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS**

Plaintiff Wi-LAN Inc. ( "Wi-LAN") respectfully submits this Response to LG Electronics Inc. and LG Electronics U.S.A., Inc.'s (collectively "LG") Notice of Supplemental Authority in Support of their Motion to Preclude Wi-LAN from Pursing a Claim of Patent Infringement Under the Doctrine of Equivalents ("Notice") (D.I. # 218). LG once again relies on wholly inapplicable standards by citing yet another District Court decision from the *Northern District of California* in an attempt to find support for its baseless motion. As explained in Wi-LAN's Opposition,[1] the Northern District of California has very specific local rules regarding disclosure requirements in patent infringement cases. *See* Wi-LAN's Opp. at 10-12. This local rule ("Patent Local Rule 3-1") is the only authority cited by the district court in *OptimumPath, LLC v. Belkin Int'l., Inc.*[2] regarding the adequacy of the infringement contentions asserted in that case under the Doctrine of Equivalents. Importantly, there is no reference in that decision to the

---

[1] Wi-LAN's Memorandum of Law in Opposition to Defendants' Motion to Preclude Plaintiff from Pursuing a Claim of Patent Infringement Under the Doctrine of Equivalents, D.I. # 126 (Wi-LAN's Opp.").
[2] Case No. 09-1398 CW, slip. op. at 17-21 (N.D. Cal. Apr. 12, 2011).

Federal Rules of Civil Procedure, or even to a specific court order.[3]  This Court does not have any corresponding local rule regarding infringement contentions.[4]  Therefore, for at least this reason, the *OptimumPath* case relied on by LG is completely inapposite to these proceedings.

Furthermore, as described in great detail in Wi-LAN's Opposition, Wi-LAN has fully complied with this Court's discovery orders, the local rules of this Court, and the Federal Rules of Civil Procedure throughout the entirety of this case.  Thus, even assuming *OptimumPath* was applicable, the facts are clearly distinguishable from the present case.  In *OptimumPath*, the patentee "did not expressly invoke the doctrine of equivalents, as required by Patent Local Rule 3-1," but merely asserted that the accused devices "function in the same or substantially similar manner and include the same or substantially similar components." *OptimumPath*, Slip Op. at 18.  However, contrary to LG's erroneous assertions, Wi-LAN has explicitly provided detailed allegations of infringement under the Doctrine of Equivalents, and did so in spite of LG's numerous attempts to conceal and/or tamper with key infringement evidence.  *See* Wi-LAN's Opp. at 1-7.  Thus, Wi-LAN has provided much more than mere "boilerplate" assertions.

Therefore, for at least the reasons stated above, LG's Notice and the supplemental authority cited therein should be disregarded.  Accordingly, for the reasons articulated in Wi-LAN's Opposition, Wi-LAN respectfully requests that the Court deny LG's Motion to Preclude Plaintiff from Pursuing a Claim of Patent Infringement Under the Doctrine of Equivalents.

---

[3] *See, e.g. OptimumPath*, slip. op at 17-18 ("**Patent Local Rule 3-1** requires a plaintiff to serve on all parties a 'Disclosure of Asserted Claims and Infringement Contentions.'  Separately for each opposing party, the disclosure must include, among other information, '[w]hether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the Accused Instrumentality.'") (quoting **Patent L.R. 3-1(e)**.) (emphasis added); *id*. at 18 ("Thus, OptimumPath did not expressly invoke the doctrine of equivalents, ***as required by Patent Local Rule 3-1*** . . . . ***Courts in this district***, however, have ***strictly applied Patent Local Rule 3-1(e)***.") (emphasis added); *id*. at 19 ("'***The patent local rules*** were adopted ***by this district*** in order to give infringement contentions and claim charts more 'bite.'"") (citations omitted) (emphasis added).

[4] Not surprisingly, LG omits any mention of this highly material consideration from its Notice.

Dated: May 20, 2011                           KILPATRICK TOWNSEND & STOCKTON LLP

                                                        /s/ Matthew C. Holohan
David E. Sipiora
Matthew C. Holohan (admitted *pro hac vice*)
1400 Wewatta Street, Suite 600
Denver, CO 80202
Telephone: (303) 571-4000
Facsimile: (303) 571-4321

David A. Koenigsberg
MENZ BONNER & KOMAR LLP
444 Madison Ave., 39th Floor
New York, New York 10022
(212) 223-2100

Attorneys for Plaintiff
Wi-LAN Inc.

## CERTIFICATE OF SERVICE

  I hereby certify that on this 20th day of May, 2011, a true and correct copy of the foregoing **PLAINTIFF WI-LAN INC.'S RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY TO PRECLUDE PLAINTIFF FROM PURSUING A CLAIM OF PATENT INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS** was served by electronic mail to the following:

  Richard D. Harris
  Jeffrey G. Mote
  Eric J. Maiers
  James Lukas, Jr.
  Matthew J. Levinstein
  Greenberg Traurig, LLP
  77 West Wacker Drive, Suite 3100
  Chicago, IL 60601
  harrisr@gtlaw.com
  motej@gtlaw.com
  maierse@gtlaw.com
  lukasj@gtlaw.com
  levinsteinm@gtlaw.com

  Attorneys for Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc.

             ___/s/ Matthew C. Holohan_____

63341809 v1