CONFIDENTIAL—ATTORNEYS' EYES ONLY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

**WI-LAN INC.**,

        Plaintiff,

v.                                              10 CV 432 (LAK) (AJP)

**LG ELECTRONICS, INC. and LG ELECTRONICS U.S.A., INC.**,

        Defendants.

---------------------------------------------------------------x

**DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON DEFENDANTS' CLAIMS OF INEQUITABLE CONDUCT AND PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF UNENFORCEABILITY BASED ON UNCLEAN HANDS, INEQUITABLE CONDUCT, PATENT MISUSE, AND EQUITABLE ESTOPPEL**

      LG Electronics Inc. and LG Electronics U.S.A., Inc. (collectively "LG") respectfully submit this Response to Plaintiff's Notice of Supplemental Authority in Support of its Motion for Summary Judgment on Defendants' Claims of Inequitable Conduct (D.I. # 159) and its Opposition to Defendants' Motion for Summary Judgment of Unenforceability Based on Unclean Hands, Inequitable Conduct, Patent Misuse, and Equitable Estoppel (D.I. # 231).

      As set forth in LG's Motion for Summary Judgment of Unenforceability Based on Unclean Hands, Inequitable Conduct, Patent Misuse and Equitable Estoppel, and as further discussed hereinbelow, not only does Wi-LAN's misconduct meet and exceed the standard for inequitable conduct, as articulated in the Federal Circuit's recent *en banc* decision in *Therasense, Inc. v. Becton, Dickinson & Co.*, App. No. 2008-1511 (May 25, 2011), but it also constitutes patent misuse, unclean hands, and equitable estoppel, each of which provides an independent basis upon which a finding of unenforceability is warranted.

CONFIDENTIAL—ATTORNEYS' EYES ONLY

### A. Wi-LAN's Misconduct Constitutes Inequitable Conduct Under The New *Therasense* Standard.

Contrary to Wi-LAN's assertion, LG has thoroughly demonstrated that the patentee's knowing failure to disclose *its own* prior art along with other egregious misconduct in the prosecution of the patent-in-suit constitutes inequitable conduct—even under the Federal Circuit's "but-for" standard articulated in its *Therasense* opinion. Moreover, as Wi-LAN acknowledges, the *Therasense* Court expressly noted an exception to the "but for" causation requirement in circumstances—where the "patentee has engaged in affirmative acts of egregious misconduct, such as the filing of an unmistakably false affidavit . . . ." *Id*. at 29. That is the exact event of egregious misconduct on which LG offered substantial evidence, in opposing Plaintiff's motion for summary judgment.

First, LG introduced undisputed evidence that the patentee knowingly failed to disclose *its own* highly material prior art, namely the Violence and Television Slides ("VTV") and evidence of public V-Chip use in Buffalo, NY, during the 1993-1996 timeframe. Both this prior art reference *and* its public V-Chip usage, *were created and conducted by the patentee itself*. The VTV slides disclose up to three informational schemes, three different categories, levels within those categories, and detailed labels for each level. As LG laid out in its summary judgment briefs, *no single piece of cited prior art better discloses these very features in such detail*. Materiality and satisfaction of the "but for" test are demonstrated by the fact that the PTO found a substantial new question of patentability based on VTV, in conjunction with two other prior art references. Likewise, Wi-LAN's own internal documents confirm public disclosures and uses of several different V-Chip rating systems by the patentee in Buffalo, NY, during the 1993-1996 time frame. Such disclosures and uses, which occurred more than one year prior to the filing of the '402 Patent application, operate as an absolute bar to patentability under 35

U.S.C. § 102(b). As such, Wi-LAN's failure to disclose VTV or any documentary evidence of its own public V-Chip usage in Buffalo, NY, during the 1993-1996 timeframe constitutes inequitable conduct under the *Therasense* standard.

Second, as noted above, Wi-LAN admits that *Therasense* provides an exception to the "but for" test—where the patentee has engaged in "affirmative acts of egregious misconduct." *Therasense* at 29. Aside from withholding the disclosure of VTV and evidence of V-Chip use in Buffalo, NY, during the 1993-1996 timeframe, LG offered additional evidence of Wi-LAN's egregious misconduct, again before the PTO, including:

- Deceiving the PTO by having Mr. Craig Tanner submit a declaration stating that the GI reference does not qualify as a printed publication based on his re-interpretation of the ATSC disclosure policy that unmistakably contradicts his own statements made several years prior, regarding the ***very same ATSC disclosure policy***; and

- Concealing the results of an investigation performed by its consultant, Dr. Paul Hearty, regarding the publication status of the GI reference from the PTO via a strict, far-reaching confidentiality clause that prevented Dr. Hearty from sharing the results of his investigation with any party, including the PTO, other than Wi-LAN.

In short, Wi-LAN submitted, via Mr. Tanner, an "unmistakably false affidavit"—***the precise example of egregious misconduct*** that the *Therasense* Court excepted from its general "but-for" test for inequitable conduct. (Of course, Wi-LAN's submission of Mr. Tanner's declaration also evidences a specific intent to deceive the PTO.) Thus, Wi-LAN's use of Mr. Tanner's declaration warrants granting summary judgment in LG's favor on its claim of inequitable conduct.

### B.   LG Bases Its Motion For Summary Judgment of Unenforceability On Misconduct That Extends Beyond Traditional Inequitable Conduct.

Plaintiff's reliance on *Therasense* in opposition to LG's motion for summary judgment of unenforceability is also misplaced in view of the additional conduct cited by LG in support of its motion for summary judgment of unenforceability. *Therasense* speaks only to the standard for

CONFIDENTIAL—ATTORNEYS' EYES ONLY

unenforceability as a result of inequitable conduct. Thus, to the extent that Wi-LAN intends to argue that *Therasense* speaks to Wi-LAN's other misconduct, Wi-LAN is wrong. Wi-LAN's additional misconduct includes:

- Hiding its financial interests in the '402 Patent and FCC regulations from the Federal government;

- Touting the purported mandatory nature of the '402 Patent to potential licensees ***the day after*** the FCC enacted its V-Chip mandate with full knowledge that its infringement claims were objectively baseless;

- Failing to disclose its ownership of the '402 Patent while it participated in the A/65 standard setting process;

- Disclosing the existence of the '402 Patent to the ATSC only ***after*** the CEA exposed Wi-LAN's dishonest withholding of information from the FCC;

- Hiring Dominic Perri and his Coalition for Independent Rating Services to act as Wi-LAN's secret lobbyist to obtain favorable CEA standards language, push its agenda on the FCC, and exact revenge on LG for not paying '402 Patent royalties; and

- Attempting (unsuccessfully) to withhold more than 125,000 pages of relevant, revealing documents from production under faulty claims of privilege in ***this*** litigation.

As noted above, LG's motion for summary judgment of unenforceability is predicated on misconduct that is far broader than that which was addressed by the *Therasense* Court. Thus, Wi-LAN may not rely on *Therasense* in support of its opposition to LG's motion for summary judgment of unenforceability based on unclean hands, patent misuse and/or equitable estoppel.

### C. Summary

For the reasons set forth above, in addition to those already set forth in LG's Motion for Summary Judgment of Unenforceability based on Unclean Hands, Inequitable Conduct, Patent Misuse and Equitable Estoppel and its response to Wi-LAN's Motion for Summary Judgment on LG's claims of Inequitable Conduct, the Court should grant LG's Motion for Summary Judgment of Unenforceability based on Unclean Hands, Inequitable Conduct, Patent Misuse and

CONFIDENTIAL—ATTORNEYS' EYES ONLY

Equitable Estoppel and deny Wi-LAN's Motion for Summary Judgment on LG's claims of Inequitable Conduct.

Dated: June 9, 2011　　　　　　　　　　　　Respectfully submitted,

**GREENBERG TRAURIG, LLP**

/s/ Richard D. Harris
Richard A. Edlin (RE 1998)
Daniel I.A. Smulian (DS 4746)
200 Park Avenue
New York, New York 10166
(212) 801-6528 (*telephone*)
(212) 801-5528 (*facsimile*)
edlinr@gtlaw.com
smuliand@gtlaw.com

Richard D. Harris (*pro hac vice*)
Jeffrey G. Mote (*pro hac vice*)
James J. Lukas, Jr. (*pro hac vice*)
Eric J. Maiers (*pro hac vice*)
Matthew J. Levinstein (*pro hac vice*)
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
(312) 456-8400 (*telephone*)
harrisr@gtlaw.com
motej@gtlaw.com
lukasj@gtlaw.com
maierse@gtlaw.com
levinsteinm@gtlaw.com

Attorneys for Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc.

CONFIDENTIAL—ATTORNEYS' EYES ONLY

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on June 9, 2011.

/s/ Richard D. Harris