# GT GreenbergTraurig

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 6/17/11

Richard D. Harris
Tel 312.456.8610
Fax 312.456.8435
harrisr@gtlaw.com

RECEIVED
JUN 16 2011
CHAMBERS OF
ANDREW J. PECK

June 16, 2011

**VIA FACSIMILE**
Hon. Andrew J. Peck
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom: 20D
New York, NY 10007-1312
Fax: 212-805-7933

**MEMO ENDORSED** - p2

Re:   *Wi-LAN Inc. v. LG Electronics, Inc. and LG Electronics U.S.A., Inc.*
      Civil Action No. 10 Civ. 432 (LAK) (AJP)

Dear Magistrate Judge Peck:

Over the last six weeks, Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc. ("LG" or "Defendants") have watched with dismay as Wi-LAN and/or its counsel have become increasingly strident with their communications both with this Court as well as with the Northern District of California where Wi-LAN's counsel has twice been found in contempt and is in the process of being sanctioned for its refusal to comply with that court's orders. We have seen Wi-LAN blatantly mischaracterize LG's letters to this Court to get the last, often silly, word. We have also seen Wi-LAN reject LG's accounting for the sanctions request the Court directed LG to submit to Wi-LAN by refusing to pay even a dime for LG's six-figure exposure to fees and costs resulting from Wi-LAN's abuse of its privilege log. The Court will recall that this discovery abuse involved Wi-LAN being ordered to produce more than 130,000 pages of documents, over 90% of the documents contained in its privilege log, well after the original close of discovery. A motion to the Court will be addressing those sanctions shortly.

As alluded to in the parties' prior letters to the Court, we have also seen Wi-LAN's counsel cavalierly refuse to comply with order after order in the Northern District of California to produce communications between counsel and Wi-LAN relating to Wi-LAN's claims in this litigation in an attempt to draw that matter out as long as possible while Wi-LAN attempts to rush this Court into holding hearings on summary judgment motions, most of which do not appear to be justified.

Now, LG must regrettably notify the Court of an improper and misleading *ex parte* judicial communication on the part of Wi-LAN's counsel relating to the parties' respective letters on the issues of oral argument and the proceedings in

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BERLIN··
BOSTON
BRUSSELS··
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDAL
HOUSTON
LAS VEGAS
LONDON·
LOS ANGELES
MIAMI
MILAN··
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PALM BEACH COUNTY
PHILADELPHIA
PHOENIX
ROME··
SACRAMENTO
SAN FRANCISCO
SHANGHAI
SILICON VALLEY
TALLAHASSEE
TAMPA
TYSONS CORNEI
WASHINGTON, C
WHITE PLAINS
ZURICH··

··OPERATES AS GREENE
TRAURIG MAHER LLP
··STRATEGIC ALLIANC

GREENBERG TRAURIG, LLP ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM
77 West Wacker Drive, Suite 3100 ■ Chicago, Illinois ■ Tel 312.456.8400 ■ Fax 312.456.8435

Hon. Andrew J. Peck
June 16, 2011
Page 2

the Northern District of California. On May 24, 2011, Wi-LAN sent a letter to the Court requesting oral argument on the parties' summary judgment motions and updating the Court on the proceedings in the Northern District of California. LG had previously indicated to Wi-LAN that it would not join Wi-LAN's letter but requested an opportunity to respond to the Court. On May 31, 2011 LG submitted a response letter to the Court ***requesting a claim construction hearing***, but stating that with regard to the other dispositive and non-dispositive motions, a hearing was probably not necessary—unless the Court determines that it prefers to hear oral arguments on those motions. On June 7, 2011 Wi-LAN felt the need to burden the Court with yet an additional letter regarding the issues raised in the parties' letters. LG chose not to respond and the parties have not discussed the issues raised in their letters since.

Yesterday, LG learned that Wi-LAN's counsel "crossed the line" when it unilaterally contacted the Court without discussing its planned contact with LG's counsel beforehand, knowing full well that the parties did *not* share the same positions on the matters raised in their prior letters and, according to Wi-LAN's own counsel, intimating in its specific requests to the Court that they did. LG wishes to make quite clear to the Court that it was not aware of Wi-LAN's call until *after* it was made, and that it objects to and does not join in Wi-LAN's inappropriate contact with the Court. Nor does LG believe that Wi-LAN's *ex parte* demands should be countenanced by the Court. Indeed, it is LG's position that Wi-LAN should be admonished from such further unilateral *ex parte* judicial contact.

LG thanks the Court for its time and apologizes for having to bring its concerns over Wi-LAN's counsel's actions to the Court's attention again.

Respectfully submitted,

/s/ Richard D. Harris

Richard D. Harris

cc: Counsel of record (via e-mail)

**MEMO ENDORSED** 6/17/11

1. Both sides should "lighten up."
2. There was no contact with the Court, but only with my chambers.
3. To be clear: I have not orally agreed to anything requested by any party. I surely will not do so unless I have read the papers filed by the opposition. Since oral argument has not happened yet, I will await the parties' order to our modified briefing schedule without ruling on it!

SO ORDERED:

Hon. Andrew Jay Peck
United States Magistrate Judge

# ECF TRANSCRIPTION SHEET



**ANDREW J. PECK**
**UNITED STATES MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1370
New York, N.Y. 10007-1312

Fax No.:         (212) 805-7933
Telephone No.:   (212) 805-0036

Dated: **June 17, 2011**                                              Total Number of Pages: **3**

## TRANSCRIPTION OF MEMO ENDORSED ORDER

1. Both sides should "lighten up."

2. There was no contact with "the Court" but rather with my law clerk.

3. To be clear: I hold oral argument if requested by <u>any</u> party. I generally hold it only when I have made significant progress on the opinion, so argument can be most helpful to me. Since oral argument has been requested, I will contact the parties when I am ready for it – please all stop contacting me about it!

Copy to:   Judge Lewis A. Kaplan