UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
WI-LAN INC.,

                Plaintiff,

       -against-                                 10 Civ. 0432 (LAK)

LG ELECTRONICS, INC., et al.,

                Defendants.
------------------------------------------------x

**ORDER**

LEWIS A. KAPLAN, *District Judge*.

        Plaintiff moves pursuant to Fed. R. Civ. P. 72(a) to set aside Magistrate Judge Peck's ruling of January 24, 2011, which held that the opening expert reports of two of plaintiff's experts are not entitled to CONFIDENTIAL treatment under the protective order.

        Plaintiff seeks to couch the issue as one of law, claiming that Magistrate Judge Peck failed to apply the definition of CONFIDENTIAL contained in the stipulated protective order. But it is fundamentally mistaken.

        The protective order in this case, at least in general terms, is comparable to many others routinely entered in order to facilitate discovery. It was entered without any judicial consideration of whether there is good cause for affording confidential treatment to the information that eventually would be designated by the parties for such treatment. Rather, it permits either side to designate discovery material it contends is entitled to confidential treatment and the adversary to object to such designations. In the event of an objection, the burden then is on the party seeking confidential treatment to establish that " the Designated Material warrants protection pursuant to Rule 26(c) of the Federal Rules of Civil Procedure." DI 54, ¶ 10. That in turn requires a showing by the party seeking confidential treatment that there is "good cause" for affording it. Accordingly, in rejecting plaintiff's contention that the expert reports, the magistrate judge did no more than conclude that he was not persuaded that there was good cause for confidential treatment.

        The Court seeks no error of fact or law and no abuse of discretion in that ruling. The claim that plaintiff spent money in procuring the analyses contained in the expert reports simply is not the bases-clearing home run that it believes. While it is entitled to consideration, it is not alone dispositive.

2

The motion to set aside Judge Peck's ruling (DI 119) is denied.

SO ORDERED.

Dated: September 29, 2011

/s/ Lewis A. Kaplan
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)